# COVINGTON & BURLING

1201 PENNSYLVANIA AVENUE NW
WASHINGTON, DC 20004-2401
TEL 202.662.6000
FAX 202.662.6291
WWW.COV.COM

WASHINGTON
NEW YORK
SAN FRANCISCO
LONDON
BRUSSELS

O. THOMAS JOHNSON, JR.
TEL 202.662.5170
FAX 202.778.5170
TJOHNSON@COV.COM

November 16, 2005



**BY HAND DELIVERY**

Nancy Mayer-Whittington
Clerk of Court
United States District Court
  for the District of Columbia
United States Courthouse
333 Constitution Avenue, NW
Washington, D.C. 20001

Re:   **Request for Service of Process in *Allen et al. v. Russian Federation et al.*, Civil Action No. 1:05-02077 (CKK)**

Dear Ms. Mayer-Whittington:

In connection with the above-captioned case, and because service cannot be made in this matter under 28 U.S.C. §§ 1608(a)(1), 1608(a)(2), 1608(b)(1), or 1608(b)(2), I am writing to request that all necessary steps be taken to effect service in this matter: (i) on Defendant Russian Federation pursuant to 28 U.S.C. § 1608(a)(3), and (ii) on Defendants OAO Gazprom, OAO Rosneft Oil Company, and OAO Rosneftegaz pursuant to 28 U.S.C. § 1608(b)(3).

This is an action brought by holders of Yukos American Depositary Receipts ("ADRs") arising from the effective re-nationalization of Yukos Oil Company, without compensation to the company's owners, by the Russian Federation, certain commercial enterprises controlled by the Russian Federation, and related individuals. The action also arises from misrepresentations made by one or more of the Defendants, falsely assuring the investing public that Yukos would not be confiscated by the Russian state.

Under 28 U.S.C. §§ 1608(a)(1) and (b)(1), no special arrangement for service exists between the Plaintiffs and Defendants Russian Federation, OAO Gazprom, OAO Rosneft Oil Company, and OAO Rosneftegaz.

Under 28 U.S.C. §§ 1608(a)(2) and (b)(2), service cannot be made pursuant to the applicable international convention on service of judicial documents, the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, because the Russian Federation currently is not applying the Convention in relation to the United States. Also under 28 U.S.C.

**COVINGTON & BURLING**

Ms. Mayer-Whittington
November 16, 2005
Page 2

§ 1608(b)(2), Defendants OAO Gazprom, OAO Rosneft Oil Company, and OAO Rosneftegaz have not authorized an agent to receive service of process in the United States.

Because service cannot be made under 28 U.S.C. §§ 1608(a)(1) and 1608(a)(2), Congress has authorized, pursuant to 28 U.S.C. § 1608(a)(3), that the Clerk of Court send to the foreign state (in this case the Russian Federation), a copy of the summons and complaint and a notice of suit, together with a translation of each (in this case a translation into Russian), "by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned[.]"

Because service cannot be made under 28 U.S.C. §§ 1608(b)(1) and 1608(b)(2), Congress has authorized, pursuant to 28 U.S.C. § 1608(b)(3)(B), that the Clerk of Court send to instrumentalities of a foreign state, "by any form of mail requiring a signed receipt," a copy of the summons and complaint addressed "to the agency or instrumentality to be served."

Pursuant to 28 U.S.C. § 1608(a)(3), I have enclosed for service on Defendant Russian Federation: (1) one copy of the Complaint; (2) a summons; (3) one copy of the Notice of Suit (attached to which is a copy of the Foreign Sovereign Immunities Act); and (4) one copy of each document translated into Russian, the official language of the Russian Federation.

Under 28 U.S.C. § 1608(a)(3), service should be attempted by "any form of mail requiring a signed receipt" addressed to:

> Foreign Minister Sergey Lavrov
> Russian Ministry of Foreign Affairs
> pr. Mira 49A
> Moscow 120110
> Russian Federation

Pursuant to 28 U.S.C. § 1608(b)(3)(B), I have enclosed for service on Defendants OAO Gazprom, OAO Rosneft Oil Company, and OAO Rosneftegaz: (1) one copy of the Complaint for each Defendant; (2) one summons for each Defendant; and (3) one copy of each document translated into Russian, the official language of the Russian Federation.

Under 28 U.S.C. § 1608(b)(3)(B), service should be attempted by "any form of mail requiring a signed receipt" addressed to:

> OAO Gazprom
> 16 Nametkina Street
> GSP-7 117997
> Moscow
> Russian Federation

COVINGTON & BURLING

Ms. Mayer-Whittington
November 16, 2005
Page 3

> OAO Rosneft Oil Company
> 26/1, Sofiyskaya Embankment, 1
> GSP-8 115998
> Moscow
> Russian Federation
>
> OAO Rosneftegaz
> c/o OAO Rosneft Oil Company
> 26/1, Sofiyskaya Embankment, 1
> GSP-8 115998
> Moscow
> Russian Federation

    Please take the necessary steps to effect service in this matter. If you would prefer to prepare the appropriate materials and return them to us to handle the actual mailing and payment of certified mailing expenses, please contact me at (202) 662-5170 when the materials are ready and I will arrange to have them picked up.

    Thank you for your assistance in this matter.

Sincerely,

O. Thomas Johnson, Jr.

Enclosures