UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD ALLEN, *et al.* )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>RUSSIAN FEDERATION, *et al.* )<br>)<br>Defendants. )<br>_____) | Civil Action No.: 05-cv-02077 (CKK) |

**Plaintiffs' Memorandum in Opposition to Motion of Defendants OAO Rosneftegaz,
OAO Rosneft Oil Company, and Sergey Bogdanchikov to Exceed Page Limitation**

By and through their counsel, Covington & Burling, plaintiffs respectfully oppose the motion of defendants OAO Rosneftegaz ("Rosneftegaz"), OAO Rosneft Oil Company ("Rosneft"), and Rosneft President Sergey Bogdanchikov (together, the "Rosneft Defendants") for permission to file an 80-page joint motion to dismiss. This litigation will require coordination among the parties, and among all of the defendants, if it is to proceed efficiently. Coordination among the defendants should not be difficult. Those defendants who must file a response to the Complaint on or before May 15 include: one foreign state, the Russian Federation; three commercial agencies or instrumentalities controlled by the Russian Federation (Rosneft, Rosneftegaz, OAO Gazprom ("Gazprom")); and three individual defendants (Alexei Kudrin, Viktor Khristenko, and Sergey Bogdanchikov), all of whom are employed by the Russian Federation and/or Rosneft, Rosneftegaz, or Gazprom.

Recognizing the need for coordination in the filing of motions to dismiss, plaintiffs and defendants Rosneft, Rosneftegaz, Gazprom, Khristenko, and Kudrin, by and

through their counsel (including present counsel for Rosneft and Rosneftegaz) submitted to the Court on February 1 a consent motion providing that all of these defendants would respond to plaintiffs' Complaint 60 days after service was effected on the Russian Federation.  The Court granted this motion on February 8.  The Russian Federation was served pursuant to 28 U.S.C. § 1608(a)(4) on March 14 of this year, thus making May 15 the agreed filing date for the Russian Federation's response to the Complaint.  Defendant Sergey Bogdanchikov was served on February 14.  Plaintiffs and defendant Bogdanchikov, by and through their counsel, submitted to the Court on March 6 a consent motion that would have defendant Bogdanchikov file his response to the Complaint on the same date as the other defendants that had thus far been served (*i.e.,* May 15).  The Court has yet to rule on this motion.

The Rosneft Defendants now seek permission to file an 80-page motion to dismiss with accompanying authorities without seeking to coordinate their motion with other motions that presumably will be filed on the same day by Gazprom, the Russian Federation, and the other individual defendants.  One need only read the present motion of the Rosneft Defendants to appreciate that their motion to dismiss will raise many issues that are common to all defendants.  Counsel for plaintiffs have advised counsel for the Rosneft Defendants that plaintiffs are prepared to agree to reasonable expanded page limits if plaintiffs are presented with a coordinated proposal on behalf of all defendants that will be filing motions to dismiss on or before May 15.

Neither plaintiffs nor the Court should be burdened with lengthy, duplicative briefing that can easily be avoided with a little effort on the part of defendants' counsel, nor should plaintiffs or the Court be expected to permit one group of defendants to file an 80-page brief without first knowing the plans of the other defendants.  Particularly where all defendants

are either entities under common control or individuals employed by one of those entities, coordinating the briefing of common issues is readily feasible and furthers the efficient management of this litigation.  The Rosneft Defendants, however, have advised plaintiffs that they are unwilling to coordinate briefing with Gazprom, with the Russian Federation, or with the other individual defendants.

Plaintiffs respectfully request that the present motion be denied and the Rosneft Defendants be directed to consult with their co-defendants to develop a joint proposal for briefing on motions to dismiss, with coordinated and consolidated briefing of common issues.  Plaintiffs would agree to a reasonable expansion of page limits for this briefing, and supplemental page limits for briefing on any issues specific to individual defendants.

Alternatively, plaintiffs respectfully propose that the Court consider holding a status conference to address procedures for efficient management of this litigation in accordance with the Manual for Complex Litigation.  As the Manual recognizes, where complex litigation "involves numerous parties with common or similar interests but separate counsel," and "each attorney files motions [and] presents arguments" the result can be a "waste of time and money, in confusion and indirection, and in unnecessary burden on the court."  Moore's Federal Practice, Manual for Complex Litigation, § 20.22 (Matthew Bender 3d ed. 2000).  Designation of liaison counsel charged with "assisting in the coordination of activities and positions" is of course one of the primary organizational and management techniques to avoid piecemeal motion practice and duplicative or excessive briefing.  See id. at § 20.211.

By one means or another, the defendants should be required to coordinate the briefing of their motions to dismiss, to reduce the burden on the Court, to reduce the burden on plaintiffs, and generally to promote the efficient litigation of this case.

Dated: May 2, 2006

Respectfully submitted,

\s\ Marney L. Cheek
O. Thomas Johnson, Jr.
James A. Goold
Marney L. Cheek
Covington & Burling
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

*Counsel to Plaintiffs Richard Allen, et al.*