IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------------- x
                                                                 )
RICHARD ALLEN, *et al.*,                                         )
                                                                 )
                                                                 )
                                    Plaintiffs,                  )
                                                                 )
       v.                                                        )   Case No: 1:05-cv-02077-CKK
                                                                 )   Hon. Colleen Kollar-Kotelly
RUSSIAN FEDERATION, *et al.*                                     )
                                                                 )
                                    Defendants                   )
                                                                 )
                                                                 )
---------------------------------------------------------------- x


**REPLY TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION TO
EXCEED PAGE LIMITATION FOR JOINT MOTION TO DISMISS
BY DEFENDANTS OAO ROSNEFTEGAZ,
OAO ROSNEFT OIL COMPANY, AND SERGEY BOGDANCHIKOV**

Plaintiffs seek to turn a simple request by Defendants OAO Rosneftegaz, OAO Rosneft Oil Company, and Sergey Bogdanchikov to exceed the page limits for their joint motion to dismiss into an opportunity to attempt to force all 20 defendants in this case (many of whom apparently have not even been served) to file a single consolidated brief. Pls.' Opp. at 3. Plaintiffs' ploy should be rejected not only because it is unworkable, but because it is contrary to the fundamental principle that separately sued entities and individuals are entitled to retain their own attorneys and file their own motions and briefing. *Cf. Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 438 (1985) (assuming the existence of a "right to representation by counsel of one's choice" in civil cases); *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989) (recognizing that, while not an absolute right, litigants in civil cases "must be afforded a fair opportunity to secure counsel of their choice"). Plaintiffs subjected themselves to the possibility of responding to

1

multiple motions to dismiss when they chose to sue 20 separate entities and individuals. The motion of Defendants Rosneftegaz, Rosneft, and Bogdanchikov seeks to reduce plaintiffs' burden by consolidating three briefs totaling as many as 135 pages into one 80-page brief.

Undersigned counsel has no authority to accede to plaintiffs' demands that other defendants—who are separate legal entities and individuals that undersigned counsel does not represent—file a consolidated brief. The allegations in this case are different with respect to each defendant (or many of them), and some of those defendants may wish to assert certain defenses while others may not. Some of the defendants plainly qualify for sovereign immunity while others may raise other dispositive defenses. Even if certain defendants are related entities and wish to voluntarily coordinate their arguments, such as the defendants represented by Weil, Gotshal, it would be entirely inappropriate for plaintiffs or the Court to *force* separately represented parties that are distinct legal entities, responding to different allegations, to coordinate their arguments in the manner suggested by plaintiffs.[1]

Plaintiffs' suggestion that "liaison counsel" should be appointed is entirely inappropriate in a case in which only one law firm represents plaintiffs and only three firms represent the defendants who have been served. *See* Pls.' Opp. at 3. Liaison counsel are typically appointed in cases involving thousands of plaintiffs or defendants—a far cry from the 20 defendants sued in this case. *See* Michael R. Hugo & Stanley D. Helinski, 1 ATLA's

---

[1] Federal Rule of Civil Procedure 16 governs pretrial scheduling and case management and allows courts to take steps to simplify the issues, eliminate frivolous claims, and adopt special procedures to manage complex actions and multiple parties. But nothing in that rule authorizes courts to require separate defendants to submit consolidated briefing. *See* FED. R. CIV. P. 16(c)(1), (12). Nor is plaintiffs' proposal among the accepted practices of courts using their inherent power to manage cases under Rule 16. *See* 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE CIV.2D §1525 (2005); Charles R. Richey, *Rule 16 Revisited: Reflections for the Benefit of Bench and Bar*, 139 F.R.D. 525 (1992).

LITIGATING TORT CASES §8:27 (2005). Moreover, courts recognize that liaison counsel in complex, multiparty cases principally perform administrative and communicative services—liaison counsel does not displace an individual party's attorney-client relationship with counsel of its choice. *See N.J. Dep't of Envtl. Prot. v. Gloucester*, 138 F.R.D. 421, 430 n.13 (D. N.J. 1991). Each defendant has the right to retain counsel of its own choosing and to assert arguments in the fashion most suitable to that defendant. *See* Michael R. Hugo & Stanley D. Helinski, *supra*, §8:27. Some defendants and their counsel may wish to emphasize certain arguments or couch their arguments in a different manner than counsel for other defendants, and plaintiffs' demand that all 20 defendants resolve any and all differences in order to shoehorn their arguments into a single consolidated brief is inherently unreasonable.

Accordingly, the above defendants respectfully request that the Court grant their motion to exceed the page limits and allow them to file a single joint motion to dismiss of 80 pages or less, plus approximately fifteen additional pages for attached exhibits.[2] Doing so will further the efficient management and resolution of this case and will minimize, rather than increase, the briefing that the Court could otherwise expect to receive in this case. We do not believe a status conference is necessary for the issue presented by the pending motion, but we are available for a conference if the Court would find it useful. To ensure compliance with D.C. LOCAL CIV. R. 7(e)'s requirement that parties obtain prior approval before exceeding the normal page

---

[2] The Court's staff requested clarification regarding whether the 80 pages requested include attachments. The only attachments defendants anticipate including in their motion are (1) the complete remarks of Russian Federation President Vladimir Putin (as opposed to the excerpts cited by plaintiffs) from a speech given by him on October 27, 2003, on which plaintiffs contend they relied; and (2) excerpts of Yukos's 2000, 2001, and 2002 consolidated financial statements and Yukos's 2002 annual report, to show what information was publicly available to plaintiffs.

limitations, we do request that the Court rule on our pending motion to exceed the page limits in advance of May 15, 2006.

Dated:   May 5, 2006                                   Respectfully submitted,


                                                       /s/ Adam. P. Strochak
                                                       Richard W. Slack
                                                       (*pro hac vice*)
                                                       Gregory S. Coleman
                                                       (*pro hac vice*)
                                                       Meredith B. Parenti
                                                       Deborah A. Maher
                                                       WEIL, GOTSHAL & MANGES LLP
                                                       767 Fifth Avenue
                                                       New York, NY 10153
                                                       Telephone: (212) 310-8000
                                                       Facsimile: (212) 310-8004

                                                       Adam P. Strochak, Esq.
                                                       D.C. Bar No. 439308
                                                       WEIL, GOTSHAL & MANGES LLP
                                                       1300 Eye Street, N.W., Suite 900
                                                       Washington, D.C. 20005
                                                       Telephone: (202) 682-7000
                                                       Facsimile: (202) 857-0940

                                                       **ATTORNEYS FOR OAO ROSNEFTEGAZ,
                                                       OAO ROSNEFT, AND BOGDANCHIKOV**

## CERTIFICATE OF SERVICE

I certify that on May 5, 2006, this reply was filed electronically with the clerk of the court, and that, in the same manner, an electronic copy was served on all counsel of record.

/s/_____
Adam P. Strochak