# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD ALLEN, *et al.*          ) | |
|          ) | |
| Plaintiffs,       ) | |
|        ) | Civil Action No.: 05-cv-02077 (CKK) |
| v.       ) | |
|       ) | |
| RUSSIAN FEDERATION, *et al.*   ) | |
|       ) | |
| Defendants.   ) | |
| _____) | |

## Status Report
## in Response to the Court's Order of May 12, 2006

By and through their counsel, Covington & Burling, plaintiffs respectfully submit the following Status Report in response to the Court's Order of May 12, 2006, regarding service of process on defendants Dmitry A. Medvedev, Alexei B. Miller, Farit R. Gazizullin, Igor K. Yusufov, Igor Sechin, Nikolai Borisenko, BaikalFinansGroup, and OOO Gazpromneft.

Plaintiffs have undertaken extensive efforts to serve all of the defendants in this case. Efforts to serve the individual defendants, including by sending process servers to the Russian Federation to attempt delivery on the individual defendants personally, are detailed in declarations attached hereto by international litigation support manager and process server Cara LaForge and process server George Richter. *See* Declaration of Cara LaForge (hereinafter "LaForge Declaration"), attached as Ex. A (detailing efforts to serve individual defendants in various foreign countries); Declaration

of George Richter (hereinafter "Richter Declaration"), attached as Ex. B (detailing efforts to serve individual defendants in the Russian Federation).

With respect to BaikalFinansGroup ("BFG") and OOO Gazpromneft ("Gazpromneft"), plaintiffs have done extensive research on the current status and whereabouts of these enterprises.

As of June 8, 2006, and as detailed below, plaintiffs have served defendants Medvedev, Miller, Gazizullin, Yusufov, Sechin, Borisenko, and BFG. Plaintiffs have been unable to locate defendant Gazpromneft and, therefore, respectfully request the Court to direct service on that defendant.

**Individual Defendants Medvedev, Miller, Gazizullin, Yusufov, Sechin and Borisenko**

1.   In January 2006, plaintiffs hired Cara LaForge of Legal Language Services, an international litigation support firm that specializes in service of process abroad, to assist with service of process on individual defendants Medvedev, Miller, Gazizullin, Yusufov, Sechin, and Borisenko, among others.

2.   Plaintiffs have been working with LaForge to serve these individual defendants in a foreign country pursuant to Federal Rule of Civil Procedure 4(f). Plaintiffs have explored many opportunities for service of process on the individual defendants, both in and outside of the Russian Federation.

3.   Service pursuant to FRCP 4(f)(1) was not available for service on the individual defendants in the Russian Federation because there is no internationally agreed means reasonably calculated to give notice.  Service may not be effected by means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, because the Russian Federation currently does not apply the Convention to

service of documents from the United States.  *See* LaForge Decl., Ex. A, paras. 5–6; *see also* Convention on the Service Abroad of Judicial and Extrajudicial Documents, Nov. 15, 1965, 658 U.N.T.S. 163, Russian Federation Reservation VIII (asserting that Russia will not apply the Convention to states that assess fees for service of process).[1] Therefore, plaintiffs pursued service under FRCP 4(f)(2).

      4.   Plaintiffs explored the possibility of effecting service pursuant to FRCP 4(f)(2)(A) and (B).  Russian authorities informed LaForge that they would not accept any letters rogatory from the United States.  At the same time, Russian authorities informed LaForge that a Russian judge would instruct a Russian bailiff to effect service in the manner prescribed by the law of the Russian Federation for service in an action in any of its courts of general jurisdiction only if a letter rogatory was received.  This information had the effect of precluding service under FRCP 4(f)(2)(A) and (B).  *See* LaForge Decl., Ex. A, paras. 7–8.

      5.   Plaintiffs therefore proceeded to serve defendants under FRCP 4(f)(2)(C).  Plaintiffs attempted service on defendants Medvedev and Bogdanchikov in

---

[1] The reservation reads: "The Russian Federation assumes that in accordance with Article 12 of the Convention the service of judicial documents coming from a Contracting State shall not give rise to any payment or reimbursement of taxes or costs for the services rendered by the State addressed. Collection of such costs (with the exception of those provided for by subparagraphs a) and b) of the second paragraph of Article 12) by any Contracting State shall be viewed by the Russian Federation as refusal to uphold the Convention in relation to the Russian Federation, and, consequently, the Russian Federation shall not apply the Convention in relation to this Contracting State." Convention on the Service Abroad of Judicial and Extrajudicial Documents, Nov. 15, 1965, 658 U.N.T.S. 163, Russian Federation Reservation VIII.  Because the United States collects costs for services rendered, the Russian Federation currently does not apply the Convention in relation to the United States.

Switzerland and defendants Miller and Medvedev in Germany. None of these service attempts was successful. *See* LaForge Decl., Ex. A, paras. 14–22.

      6.  Plaintiffs then effected service on defendants Miller, Sechin, Medvedev, Yusufov, Borisenko, and Gazizullin in the Russian Federation.

      a)      On April 28, 2006, plaintiffs effected service on each of defendants Miller, Medvedev, Yusufov, and Gazizullin by delivery of a copy of the summons and complaint addressed to each defendant at his place of business, namely Gazprom headquarters at 16 Nametkina Street, Moscow. *See* Richter Decl., Ex. B, paras. 36–51; *see* Docket No. 37 (Return of Service/Aff. of Summons and Compl. Executed), paras. 3–11.

      b)      On various dates between May 22 and May 24, 2006, plaintiffs effected service on each of defendants Medvedev, Miller, Gazizullin, Yusufov, Sechin, and Borisenko by U.S. Global Express Mail requiring a signed receipt, addressed and dispatched by the Clerk of the Court to each of the defendants. *See* Laforge Decl., Ex. A, paras. 42–46; *see* Docket No. 38 (Return of Service/Aff. of Summons and Compl. Executed), paras. 5–23.

**BaikalFinansGroup**

      7.  When plaintiffs filed their Complaint on October 24, 2005, the registered corporate address for defendant BFG was reported to be outside Moscow, in the city of Tver. This location housed a bar, mobile phone shop, tour operator agency, and several small companies, but no actual BFG office. *See* Compl. para. 33.

      8.  In January 2006, plaintiffs learned through press reports that BFG, along with other Rosneft-owned companies, has a place of business at Bld. 1, Bolotnaya

St., Moscow.  *See Rosneft napryamuyu vladeyet 99.9% kapitala Baikalfinansgroup*

[*Rosneft Directly Owns 99.9% of the Capital of BaikalFinansGroup*], Interfax

Information Services, Jan. 27, 2006.   Plaintiffs attempted service on BFG at that address

pursuant to 28 U.S.C. § 1608(3)(B), but the summons and complaint were returned to

sender as undeliverable.  *See* Docket No. 13 (Request for Service on BFG) and Docket

No. 22 (Return of Service Unexecuted for BFG).

       9.   BFG was acquired by defendant Rosneft Oil Company in 2004.  *See*

Compl., para. 162.  Based upon plaintiffs' service attempts and their research on BFG,

plaintiffs have reached the conclusion that BFG has no known address other than the

address of its parent company, Rosneft Oil Company.  Therefore, on February 9, 2006,

Plaintiffs requested service pursuant to 28 U.S.C. § 1608(b)(3)(B) on BFG c/o Rosneft

Oil Company, at Sofiyskaya Naberezhnaya 26/1, Moscow.  *See* Docket No. 13 (Request

for Service on BFG).

       10. Plaintiffs are awaiting delivery confirmation and will file that

documentation with the Court once it is received.  Plaintiffs therefore respectfully request

additional time for service of BFG, until July 1, 2006.  By July 1, plaintiffs expect to

receive delivery confirmation and to be able to file proof of service with the Court.

**OOO Gazpromneft**

       11. Gazpromneft used to be a wholly-owned subsidiary of defendant

Gazprom.  Gazprom reportedly sold Gazpromneft in December 2004 to a company

unaffiliated with Gazprom.  *See* Compl., para. 32.  However, plaintiffs have been unable

to locate defendant Gazpromneft.  Plaintiffs have conducted news searches and corporate

directory searches and have been unable to find any reports of Gazpromneft or any

address for Gazpromneft or any successor company.

12. Exhibit A to Gazprom's Motion to Dismiss shows that, as recently as March 2005, Gazpromneft was represented by Baker Botts and Winston & Strawn in proceedings in the Bankruptcy Court for the Southern District of Texas. OAO Gazprom's Mot. to Dismiss, Ex. A, at 5–18. Baker Botts and Winston & Strawn, Gazpromneft's counsel in the bankruptcy proceeding, also represent parties in this matter. Baker Botts represents defendants Russian Federation, Kudrin, and Khristenko; Winston & Strawn represents Gazprom.

13. Plaintiffs therefore respectfully request the Court, pursuant to FRCP 4(h)(2) and (f)(3), to direct service on defendant Gazpromneft through service on Gazpromneft's U.S. counsel, Baker Botts and Winston & Strawn. *See, e.g., BP Products North America, Inc. v. Dagra*, 232 F.R.D. 263, 265 (E.D. Va. 2005) (court-directed service on defendant's attorney); *FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 536 (E.D. Va. 2005) (same); *Forum Fin. Group LLC v. President & Fellows of Harvard College*, 199 F.R.D. 22, 23–24 (D.Me. 2001) (same). Service through Gazpromneft's counsel is not prohibited by any international agreement.

14. In the alternative, plaintiffs respectfully request the Court, pursuant to FRCP 4(h)(2) and (f)(3), to direct service on defendant Gazpromneft by publication in the *Financial Times* and *Vedomosti* (Russia's leading Russian-language business daily).

15. Service by publication in the *Financial Times* and *Vedomosti* is not prohibited by any international agreement. Furthermore, both the *Financial Times* and *Vedomosti* are widely read by business leaders and decisionmakers in Russia. Both newspapers routinely report on the Russian Federation and matters related to the Russian oil and gas sector. For example, a LexisNexus search of the *Financial Times* from

January 1, 2006 to June 1, 2006 revealed 282 stories mentioning Gazprom and 53 stories mentioning Rosneft. A similar search on the *Vedomosti* web site yielded 678 stories mentioning Gazprom and 248 mentioning Rosneft. In addition, service by publication is appropriate when the defendant's whereabouts abroad are unknown. *See, e.g., Mwani v. Bin Ladin*, 99-0125 (CKK) (D.D.C. Aug. 2, 1999) (approving service on defendant of unknown whereabouts abroad by publication in the *International Herald Tribune*, *Daily Washington Law Reporter*, and *Al-Quds Al-Arabi*), *aff'd in relevant part*, 417 F.3d 1, 8, 11 (D.C. Cir. 2005); *see also S.E.C. v. Tome,* 833 F.2d 1086, 1093 (2d Cir. 1987) (upholding service on defendants located abroad by publication of a notice in the *International Herald Tribune*).

16. Having shown good cause that plaintiffs have tried to effect service on Gazpromneft and that plaintiffs' only recourse is to now request the court to direct service, the plaintiffs respectfully request additional time to effect service on defendant Gazpromneft. Plaintiffs request an enlargement of time of two days to effect service through Gazpromneft's counsel, or, alternatively, an appropriate enlargement of time to effect service by publication.

Dated: June 8, 2006          Respectfully submitted,

\s\ Marney L. Cheek
O. Thomas Johnson, Jr.
James A. Goold
Marney L. Cheek
Covington & Burling
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:  (202) 662-6000
Facsimile:  (202) 662-6291

*Counsel to Plaintiffs Richard Allen, et al.*