IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

RICHARD ALLEN, *et al.*,

        Plaintiffs,

v.

RUSSIAN FEDERATION, *et al.*

        Defendants

---

Case No: 1:05-cv-02077-CKK
Hon. Colleen Kollar-Kotelly

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS BY NIKOLAI BORISENKO**

Richard W. Slack (*pro hac vice*)
Gregory S. Coleman (*pro hac vice*)
Meredith B. Parenti
Deborah A. Maher
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Adam P. Strochak
D.C. Bar No. 439308
Weil, Gotshal & Manges LLP
1300 Eye Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

Defendant Nikolai Borisenko respectfully moves to dismiss the complaint filed by certain holders of American Depository Receipts ("ADRs") of Yukos Oil Company pursuant to the Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(5), 12(b)(6), 9(b), the Private Securities Litigation Reform Act ("PSLRA"), the Racketeering Influenced and Corrupt Organization Act ("RICO"), and the doctrine of *forum non conveniens*.

In making this motion, Borisenko does not seek to repeat for the Court the points and authorities supporting the other motions to dismiss filed in this action and, therefore incorporates by reference the statement of facts and the following arguments made in the Memorandum of Points and Authorities in Support of the Joint Motion to Dismiss (the "Motion to Dismiss") by OAO Rosneftegaz, OAO Rosneft and Sergey Bogdanchikov: (a) Section II – the Court does not have personal jurisdiction over the defendants; (b) Section III – the act-of-state doctrine requires dismissal of this case; (c) Section IV – plaintiffs lack standing to pursue their conversion, *prima facie* tort, and RICO claims; (d) Section V – the case should be dismissed on the grounds of *forum non conveniens*; (e) Section VI – the Court lacks subject matter jurisdiction over the securities and RICO claims because those laws were not intended to be applied extraterritorially; (f) Section VII – defendants did not commit securities fraud; (g) Section VIII – the RICO claims are defective; and (h) Section IX – the common law claims should be dismissed.

Set forth below is a short discussion of: (1) the facts set forth in the complaint relating specifically to Borisenko; (2) how these facts do not support personal jurisdiction over Borisenko; and (3) the recent Supreme Court decision in Anza v. Ideal Steel Supply Corp., 126 S. Ct. 1991 (2006), which confirms that when the alleged harm from a RICO

claim is indirect, as is true in this case, the claim fails as to the fundamental element of proximate causation.

## STATEMENT OF FACTS RELATING TO BORISENKO

Only three paragraphs of the complaint allege any facts specifically concerning Borisenko. Paragraph 44 of the complaint alleges that Borisenko is a Vice President of Rosneft and, while in that position, represented Gazpromneft at the auction in Russia of Yuganskneftegaz ("YNG"). Compl. ¶ 44. Paragraph 160 repeats that Borisenko attended the auction of YNG on behalf of Gazpromneft and further states that "Borisenko asked the auctioneer for permission to leave the auction room and make a telephone call to unidentified third parties" and that "following the telephone call, Borisenko did not place any bid on behalf of Gazpromneft." Compl. ¶ 160. Paragraph 161 states that Borisenko received an award under presidential decree for service to Russia. Compl. ¶ 161.

There are no allegations in the complaint that Borisenko did anything else. Specifically, there are no allegations in the complaint that Borisenko performed any act in the United States. The auction in which Borisenko is alleged to have participated was conducted in Russia and concerned a Russian company, YNG. Borisenko is not alleged to have any offices, employees, property, bank accounts, or other business activities within the United States. There are no allegations that Borisenko made any statements or representations whatsoever—and no allegations that any plaintiff relied on (or even saw) any statement or representation made by Borisenko.

### THE COURT DOES NOT HAVE PERSONAL JURISDICTION OVER BORISENKO

For the same reasons that the Court does not have personal jurisdiction over Bogdanchikov (see Motion to Dismiss at 19-25), the Court also does not have personal jurisdiction over Borisenko. Plaintiffs have failed to allege a prima facie case of general jurisdiction or specific jurisdiction. As set forth above, the complaint does not allege that Borisenko has performed any act in the United States, nor does it allege that Borisenko conducts any business in or has any contacts whatsoever with the United States. Moreover, Borisenko is not alleged to have made any statements or representations of any kind—and certainly none that are false and misleading. Borisenko is not alleged to have any relationship of any kind with the ADR holders of Yukos and is not alleged to have directed any conduct toward the United States.

Consequently, asserting personal jurisdiction over Boriskeno would violate due process.[1]

### THE SUPREME COURT'S DECISION IN ANZA CONFIRMS THAT THE RICO CLAIMS SHOULD BE DISMISSED

As set forth by Bogdanchikov in the Motion to Dismiss, the RICO claims (Counts II-IV of the complaint) should be dismissed because (i) the PSLRA bars these claims, (ii) no pattern of racketeering activity is alleged, (iii) defendants are not alleged to have

---

[1] Moreover, the complaint should also be dismissed because service upon Borisenko was ineffective. Even if plaintiffs were allowed to bypass the Hague Convention, service under FED. R. CIV. P. 4(f)(2)(C)(ii) was not valid because such service requires a returned receipt by the party to be served – not some other third party. There is no evidence Borisenko received actual notice because plaintiffs mailed the service to Rosneft's office, not Borisenko individually, and the receipt was signed by someone other than Borisenko. See OS Recovery, Inc. v. One Groupe Int'l, Inc., 2005 WL 1744986, at *1 (S.D.N.Y. July 26, 2005) (holding service was ineffective where the names signed to the return receipts did not correspond to the names of the addressees); see also Macri v. Yamauchi, 2002 WL 390223, at *3 (N.D. Ill. Mar. 11, 2002) (holding service was not valid under FED. R. CIV. P. 4(f)(2)(C)(ii) where "the return receipt filed by Plaintiff d[id] not appear to have been signed by [the] Defendant").

any interest or control over Yukos, and (iv) defendants are not alleged to have participated in the conduct of the enterprise.

The Supreme Court recently confirmed in Anza v. Ideal Steel Supply Corp., 126 S. Ct. 1991 (2006), that to sustain a RICO claim, plaintiffs cannot rely on an indirect injury. In Anza, Ideal Steel Supply Corporation ("Ideal") sued the owners of National Steel Supply, Inc. ("National") alleging that National adopted a practice of failing to collect sales tax from cash-paying customers allowing National to lower its prices without affecting its profit margin. See id. at 1994. Ideal claimed National filed false tax returns which constituted mail and wire fraud—predicate acts under RICO. Id. at 1995. Ideal alleged it was injured by this scheme because National wrongfully diverted customers from shopping at Ideal. Id. at 1996-97. The Supreme Court rejected this indirect injury as sufficient to establish proximate causation. The Court recognized that "[t]he direct victim of this conduct was the State of New York, not Ideal. It was the State that was being defrauded and the State that lost tax revenue." Id. at 1997. The Court did not doubt that plaintiff was injured indirectly, but held that: "[w]hen a court evaluates a RICO claim for proximate causation, the central question it must ask is whether the alleged violation led directly to the plaintiff's injuries." Id. at 1998.

As in Anza, the alleged injury to plaintiffs—ADR holders of Yukos—is indirect at best. The RICO claims are based on the theory that the Russian Federation improperly expropriated the assets of Yukos. The Yukos ADR holders were allegedly hurt because the value of their Yukos ADRs decreased. This is classic indirect harm. See Gaff v. FDIC, 814 F.2d 311, 315 (6th Cir. 1987) ("a diminution in the value of corporate stock resulting from some depletion of or injury to corporate assets is a direct

injury only to the corporation; it is merely an indirect or incidental injury to an individual shareholder"); Debussy LLC v. Deutsche Bank AG, 2006 WL 800956, at *3 (S.D.N.Y. March 29, 2006) ("A claim for diminution of the value of shares is an indirect harm"). Plaintiffs have failed to allege a direct injury which is required to maintain a RICO claim. Accordingly, the plaintiffs' RICO claims must be dismissed. See Anza, 126 S. Ct. at 1998 ("There is no need to broaden the universe of actionable harms to permit RICO suits by parties who have been injured only indirectly").

## CONCLUSION

For the foregoing reasons and the reasons set forth in the Motion to Dismiss, Borisenko respectfully requests that the Court dismiss the complaint with prejudice.

Dated:   June 20, 2006                     Respectfully submitted,


/s/ Adam. P. Strochak
Adam P. Strochak (Bar No. 439308)
Weil, Gotshal & Manges LLP
1300 Eye Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: (202) 682-7000
Facsimile: (202) 857-0940


Richard W. Slack (*pro hac vice*)
Gregory S. Coleman (*pro hac vice*)
Meredith B. Parenti
Deborah A. Maher
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007


*Attorneys for Nikolai Borisenko*