UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD ALLEN, *et al.* )<br>)<br>            Plaintiffs,       )<br>)<br>v.                                      )<br>)<br>RUSSIAN FEDERATION, *et al.* )<br>)<br>            Defendants.    ) | Civil Action No.: 05-cv-02077 (CKK) |

**MOTION BY DEFENDANTS GAZIZULLIN, MEDVEDEV, SECHIN AND YUSUFOV
TO DISMISS PLAINTIFFS' COMPLAINT AND
<u>STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT THEREOF</u>**

Pursuant to Federal Rules of Civil Procedure 9(b), 12(b) and the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 *et seq.*, Defendants Farit Gazizullin, Dmitry Medvedev, Igor Sechin, and Igor Yusofov, all high-ranking government officials (collectively, the "Government Officials"), respectfully move for dismissal of all claims alleged against them in the complaint dated October 24, 2005.[1] In support of this relief, and to avoid duplication, the Government Officials adopt, in full, the Statement of Points and Authorities in Support of the Russian Federation's Motion to Dismiss Plaintiffs' Complaint (the "Russian Federation's Motion") and the Statement of Points and Authorities in Support of the Motion to Dismiss

---

[1]    Defendant Dmitry Medvedev is the First Deputy Prime Minister of the Russian Federation, and, prior to obtaining his current position, had served as the Head of the Presidential Administration of the Russian Federation since October 2003.  *See* Compl., ¶ 36.  Defendant Igor Sechin has been the Deputy Head of the Presidential Administration of the Russian Federation since 2000.  *See id.*, ¶ 43.  Defendant Igor Yusufov is the Special Presidential Envoy for International Energy Cooperation, and prior to that served as the Minister of Industry and Energy of the Russian Federation.  *See id.*, ¶¶ 40, 70.  Defendant Farit Gazizullin served as the State Property Minister of the Russian Federation until March 2004.  *See id.*, ¶ 39.

1

Plaintiffs' Complaint by Ministers Viktor Khristenko and Alexei Kudrin (the "Ministers' Motion").[2]

Notwithstanding the fact that none of the Government Officials has been properly served with the summons and complaint in this case, *see* Fed. R. Civ. P. 4(f), each has become aware of this case through the plaintiffs' consistent efforts to publicize their false allegations and otherwise harass Russian Federation officials, Russian corporations, and Russian businessmen. The Government Officials have chosen to come forward now, before service has been completed on them properly, to bring an end to plaintiffs' lawsuit as quickly as possible.

Like Ministers Khristenko and Kudrin, the Government Officials are immune from plaintiffs' allegations pursuant to the FSIA. The complaint acknowledges that the Government Officials held senior positions within the government of the Russian Federation. Although the complaint purports to name each of the Government Officials as a defendant in his "individual capacity," it alleges no personal misconduct by any of the Government Officials.[3] Rather, the complaint revolves around the alleged "de facto re-nationalization" of Yukos' assets by the *Russian Federation*. Compl., ¶ 1; *see also id.* at ¶¶ 106, 107, 128, 129, 136, 140, 144, 145, 152, 157, 171, 179 (alleging de facto re-nationalization of Yukos' assets). Accordingly, this Court must treat the Government Officials as instrumentalities of the Russian Federation entitled to the FSIA's presumption of immunity. *See* Ministers' Motion at 6-7. For all the reasons stated

---

[2] Solely for the purposes of their motion, the Government Officials do not dispute the false factual allegations of the complaint. *See Phoenix Consulting, Inc. v. Republic of Angola*, 216 F.3d 36, 40 (D.C. Cir. 2000). Accordingly, this motion is based on the allegations of the complaint, documents incorporated by reference therein, and matters subject to judicial notice. *World Wide Minerals v. Republic of Kazakhstan*, 296 F.3d 1154, 1157 n.2 (D.C. Cir. 2002).

[3] Defendant Sechin is mentioned once in the entire complaint, Compl., ¶ 43. Defendants Medvedev and Gazizullin are mentioned twice. *See id.* at ¶¶ 36, 39, 74. Defendant Yusufov is mentioned only three times. *See id.* at ¶¶ 40, 71, 74. None of the references to any of the Government Officials accuse them of engaging in misconduct of any kind.

in the Russian Federation's Motion, the FSIA's presumption of immunity cannot be overcome in this case because the exceptions to immunity cannot possibly apply. Since the Court must dismiss the claims against the Government Officials for lack of subject-matter jurisdiction, it need not reach the remaining insurmountable legal deficiencies.

Not only are the Government Officials entitled to sovereign immunity, but the complaint fails to allege *any* basis upon which this Court could exercise personal jurisdiction over the Government Officials in either their official or personal capacities. The complaint does not allege that the Government Officials took any action within the District of Columbia (or the United States), or directed any action toward the District of Columbia (or the United States) that would empower this Court to exercise jurisdiction over them. For all of the reasons stated in Section II of the Ministers' Motion, plaintiffs' conclusory demand that this Court exercise personal jurisdiction over the Government Officials simply cannot be squared with basic notions of due process or the laws of the District of Columbia.

Even if the Court were to decide that the Government Officials are not entitled to immunity under the FSIA and are subject to the jurisdiction of this Court, plaintiffs' claims must nonetheless be dismissed for all of the additional reasons stated in the Ministers' Motion. For all the reasons stated in Section III of the Ministers' Motion, plaintiffs' claims must be dismissed pursuant to the act of state doctrine. For all of the reasons stated in Section IV of the Ministers' Motion, plaintiffs' claims must be dismissed pursuant to the political question doctrine. For all the reasons stated in Section V of the Ministers' Motion, the doctrine of international comity also requires dismissal of plaintiffs' claims. For all of the reasons stated in Section VI of the Ministers' Motion, the claims made against the Government Officials must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Finally, even if plaintiffs had stated cognizable claims over which this Court could exercise jurisdiction with respect to any of the Government Officials, the *forum non conveniens* doctrine requires dismissal for all of the reasons stated in Section VII of the Ministers' Motion.

In sum, the Complaint fails to identify a single act, much less a single wrongful act, by any of the Government Officials. The Government Officials are named in this lawsuit precisely because of their conduct as government officials of the Russian Federation, and they are therefore entitled to sovereign immunity. At any rate, the complaint fails to allege even a *prima facie* basis for this Court to exercise personal jurisdiction over the Government Officials. Finally, dismissal is equally justified on any of the other additional grounds detailed in the Ministers' Motion and the Russian Federation's Motion.

June 20, 2006                                                    Respectfully submitted,

/s/ Jay L. Alexander
Jay L. Alexander (DC Bar No. 412905)
Ryan E. Bull (DC Bar No. 481473)
Baker Botts L.L.P.
1299 Pennsylvania Avenue, N.W.
Washington D.C.  20004
Telephone: (202) 639-7700
Facsimile:  (202) 585-4064

Michael S. Goldberg
Baker Botts L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas  77002
Telephone: (713) 229-1234
Facsimile: (713) 229-1522

*Counsel to Defendants Farit Gazizullin, Dmitry Medvedev, Igor Sechin and Igor Yusufov*

4