UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD ALLEN, *et al.*,<br><br>                    Plaintiffs,<br><br>         v.<br><br>RUSSIAN FEDERATION, *et al.*,<br><br>                    Defendants. | 1:05-cv-02077-CKK<br><br>Hon. Colleen Kollar-Kotelly |

**JOINT MOTION TO DISMISS THE AMENDED COMPLAINT
BY OAO GAZPROM AND ALEXEI B. MILLER**

Defendant OAO Gazprom ("Gazprom") and defendant Alexei B. Miller ("Miller"), by their counsel, hereby respectfully move this Court, pursuant to Federal Rule of Civil Procedure 12, to dismiss plaintiffs' Amended Complaint in its entirety, with prejudice. As detailed in the accompanying Statement of Points and Authorities, this Joint Motion to Dismiss the Amended Complaint should be granted because:

1. The Court does not have personal jurisdiction over Gazprom, a Russian corporation that develops and refines oil and gas products in the Russian Federation, or Miller, a Russian citizen.

2. Plaintiffs' Amended Complaint directly implicates U.S. foreign relations and asks this Court to examine the legality of acts of the Russian Federation; however, the act of state doctrine, the political question doctrine, and international comity prevent this Court from resolving the issues raised in plaintiffs' Amended Complaint and from judging the acts of a foreign government.

3. Plaintiffs' Counts I, II, III, IV, V, VI and XIII fail because, as alleged ADR holders in a foreign corporation, plaintiffs lack standing to sue for alleged injuries to the corporation.

4. The doctrine of *forum non conveniens* mandates dismissal of the Amended Complaint because both public and private interest factors demonstrate that plaintiffs' claims should be litigated (if at all) in the Russian Federation.

5. Plaintiffs' Counts IV, V, VI, XI and XII fail because these counts attempt to apply U.S. RICO legislation and U.S. securities laws extraterritorially; however, the Amended Complaint fails to allege any connection between Gazprom or Miller and plaintiffs' purchase or sale of securities and fails to allege any specific conduct by Gazprom or Miller that could be reached or regulated by these U.S. statutes.

6. Plaintiffs' Count XI attempts to hold Gazprom and Miller liable for securities fraud, but fails to state the essential elements of the claim, including any actionable statement or omission, a duty or special relationship with plaintiffs, scienter, causation or reasonable reliance.

7. Count XII of the Amended Complaint – alleging "insider trading" under section 20A(a) of the 1934 Securities Exchange Act (15 U.S.C. § 78t-1(a)) against Gazprom – must be dismissed because the plaintiff pursuing this cause of action has not pled a viable theory of insider trading or any other securities law violation, lacks standing to pursue it because he did not engage in any contemporaneous trades, and did not trade in securities of "the same class."

8. Plaintiffs' RICO Counts (Counts IV-VI) must be dismissed because the plaintiffs who pursue these claims lack RICO standing, have failed properly to allege any predicate acts by Gazprom or Miller, have failed to allege a RICO pattern or any facts showing these defendants' specific participation in any such pattern, have failed to allege that Gazprom or Miller acquired

an interest in or control over Yukos, have not sufficiently pled an association-in-fact enterprise and have not alleged any participation by Gazprom or Miller in the management or control of any such enterprise, have failed to assert a viable RICO conspiracy claim against Gazprom or Miller, have failed to plead causation or damages, and because their RICO claims are barred under the Private Securities Litigation Reform Act.

9. Plaintiffs' Counts I and III must be dismissed because plaintiffs fail to allege the essential elements of common law conversion or conspiracy to commit conversion by Gazprom or Miller.

10. Plaintiffs' fraud claims and claims for conspiracy to commit and aiding and abetting fraud (Counts VII, IX and X) must be dismissed because plaintiffs have failed to allege the elements of any of these theories (including aiding and abetting, to the extent it is recognized in the District of Columbia) against Gazprom or Miller.

11. Plaintiffs' claim against Gazprom and Miller for "expropriation in violation of international law" (Count XIII) must be dismissed because, even if plaintiffs had standing to pursue this claim, plaintiffs fail to allege that their property has been taken or that Gazprom or Miller expropriated any property, because plaintiffs cannot seek to hold Gazprom or Miller liable for expropriation, and because plaintiffs have failed to adequately plead such a cause of action.

WHEREFORE, for these and such other reasons as may appear just to the Court, defendants Gazprom and Miller respectfully request that their Joint Motion to Dismiss the Amended Complaint be granted.

Dated: September 8, 2006

Respectfully submitted,

/s/ Jane E. Chang *for*
William M. Sullivan, Jr. (DC Bar No. 467269)
Jane E. Chang (DC Bar No. 476545)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

W. Gordon Dobie (*pro hac vice*)
Greg Vamos (*pro hac vice*)
Brooke B. Ward
Jennifer M. Erickson
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

*Attorneys for OAO Gazprom and Alexei B. Miller*

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 8, 2006, this motion was electronically filed with the Clerk of the Court and that, in the same manner, an electronic copy was served on all counsel of record.

                                        /s/ Jane E. Chang