LEXSEE GARANT 3992666

ECONOMIC LAW OF RUSSIA
Copyright 2005 Garant–Service

*GARANT 3992666*

NAME: Federal Law No. 208–FZ of December 26, 1995 on Joint–Stock Companies (with the Additions and Amendments of June 13, 1996, May 24, 1999, August 7, 2001, March 21, October 31, 2002, February 27, 2003)

EDEEFEEGEEOEEPEESE–14032004 FEDERAL LAW NO. 208–FZ OF DECEMBER 26, 1995 ON JOINT–STOCK COMPANIES (with the Additions and Amendments of June 13, 1996, May 24, 1999, August 7, 2001, March 21, October 31, 2002, February 27, 2003)

Adopted by the State Duma on November 24, 1995

BEGIN COMMENTARY:

On Some Issues Concerning Application of the Federal Law on Joint–Stock Companies, see Decision the Russian Federation No. 19 of November 18, 2003

END COMMENTARY

BEGIN COMMENTARY:

See Federal Law Specifics of the Legal Position of the Workers' Joint–Stock Companies (the People's Enterprises)

END COMMENTARY

BEGIN COMMENTARY:

See " Overview Conclusion by Commercial Companies of Large Transactions and Transactions In Whose Conclusion There is an Interest", given by Information  Letter the Presidium of the Higher Arbitration Court of the Russian Federation No. 62 of March 13, 2001

END COMMENTARY

Chapter I. General Provisions (Articles 1 – 7)

Chapter II. Formation and Liquidation of Company (Articles 8 – 24)

Chapter III.  Charter Capital of a Company.  Stocks, (Articles 25 – 35)

 Bonds, and Other Securities of a Com–
 pany. Net Assets of a Company

Chapter IV. Issuance by a Company of Stock and Other (Articles 36 – 41)

 Securities

Chapter V. Dividends of a Company (Articles 42 – 43)

Chapter VI. Shareholders Register of a Company (Articles 44 – 46)

GARANT 3992666, *

Chapter VII.  General Meeting of Shareholders (Articles 47 – 63)

Chapter VIII. Board of Directors (or Supervisory Bo-(Articles 64 – 71)

 ard) of a Company and Executive Body of
 a Company

Chapter IX. Acquisition and Purchase by a Company of (Articles 72 – 77)

 Issued Stock

Chapter X. Large–Scale Transactions (Articles 78 – 80)

Chapter XI. Interest in Conclusion of Transaction (Articles 81 – 84)

 by a Company

Chapter XII.  Control over Financial–Economic Acti-(Articles 85 – 87)

 vity of a Company

Chapter XIII. Records, Reports, and Documents of a (Articles 88 – 93)

 Company. Information Concerning the
 Company

Chapter XIV.  Concluding Provisions (Article 94)

 Chapter I. General Provisions


BEGIN COMMENTARY:

Federal Law Law. The amendments  shall come into force  See the text of the Article in the previous wording
END COMMENTARY

Article 1. Sphere of Application of this Federal Law

1. In accordance with the Civil Code Federal Law shall determine the procedure for the formation, re–organisation, liquidation and the legal status of joint–stock companies, the rights and duties of their shareholders, and also shall ensure the protection of the rights and interests of shareholders.

2. This Federal Law shall apply to all joint–stock companies formed or to be formed in the Russian Federation, unless otherwise provided for by this Federal Law or by other federal laws.

3. Federal laws shall define the particular aspects of the formation, re–organisation, liquidation, and the legal status of joint–stock companies in the spheres of banking, investment, and insurance activities.

GARANT 3992666, *

BEGIN COMMENTARY:

Concerning particular aspects of formation of credit organizations see Law

END COMMENTARY

BEGIN COMMENTARY:

See also Federal Law FundsTrusts

END COMMENTARY

BEGIN COMMENTARY:

According to Decree February 23, 1998 the investment funds shall conduct their activity in the form of an open joint-stock company in accordance with this Federal Law and the decrees of the President of the Russian Federation

END COMMENTARY

4. Federal laws shall define the particular aspects of the formation, re-organisation, liquidation, and the legal status of joint-stock companies established based on collective and state farms, and also other agricultural enterprises reorganized in accordance with Decree of the President of the Russian Federation No. 323 of December 27, 1991 on Urgent Measures to Carry out the Land Reform in the RSFSR, and also the peasant (or private) farms, servicing and service enterprises for agricultural producers, namely, enterprises of material and technical supply, repair and technical enterprises, enterprises for agricultural chemistry, tree farms, inter-farm construction organizations, rural electric power enterprises, seed-growing stations, flax plants, and enterprises for the processing of vegetables.

5. The peculiarities of the formation of joint-stock companies event of privatisation of state and municipal enterprises shall be determined by federal law and other legal acts of the Russian Federation on privatisation of state and municipal enterprises. The peculiarities of the legal status of the joint-stock companies formed in the event of privatisation of state and municipal enterprises having 25 per cent of their shares in state ownership or municipal ownership or in respect of which the special participation right of the Russian Federation, Russian regions or municipal entities to take part in the management thereof is exercised ("golden share"), shall be determined by a federal law on the privatisation of state and municipal enterprises.

BEGIN COMMENTARY:

Decree 1996 established that for the purpose of implementing the provisions set forth under Item 5, Article 1 of this Federal Law the privatization completion date, as determined by the privatization plan of an enterprise, shall be deemed the last of the closing dates either for shares selling or shares officially recognized as being in state property

END COMMENTARY

BEGIN COMMENTARY:

On the Transformation of State-owned and Municipal Enterprises into Joint-Stock Companies see the Basic Provisions Privatization of State-owned and Municipal Enterprises in the Russian Federation after July 1, 1994 approved by the Decree the Russian Federation No. 1535 of July 22, 1994, Provisional Guidelines for Reorganization of State and Municipal Enterprises into open Joint-Stock Companies approved by the Decree Russian Federation No. 66 of January 29, 1992

END COMMENTARY

The particular aspects of the legal status of joint-stock companies established by privatizing state and municipally-owned enterprises shall be effective upon adoption of the decision concerning privatization until the time of sale by the State or by a municipal formation of 75 per cent of shares owned by them in such a joint-stock companies, but not later than the end of the period for privatization determined by the privatization plan of such an enterprise.

BEGIN COMMENTARY:

See the Regulations Joint-Stock Companies Which Are in Federal Ownership and for Exercising the Special Right of

GARANT 3992666, *

the Russian Federation to Participate in Managing Open Joint–Stock Companies ("Golden Share") endorsed by Decision Government of the Russian Federation No. 44 of January 23, 2003

END COMMENTARY

BEGIN COMMENTARY:

Federal Law Law. The amendments  shall come into force  See the text of the Article in the previous wording

END COMMENTARY

Article 2. The Basic Provisions Concerning Joint–Stock Companies

1. A joint–stock company (hereinafter referred to as a company) is a commercial organization whose charter capital is divided into a definite number of shares of stock certifying the rights and obligations of the participants in the company (shareholders) to the company.

Shareholders shall not be liable for obligations of the company and shall bear the risk of losses associated with its activity only to the extent of the value of shares of stock owned by them.

Shareholders who have not paid for stock in full shall be jointly and severally liable for the obligations of the company to the extent of the unpaid portion of the value of shares of stock owned by them.

The shareholders shall be entitled to alienate the shares they own, without the consent of the other shareholders and the company.

2. The provisions of the present Federal Law shall extend to companies having one shareholder in as much as is not provided otherwise in the present Federal Law and does not conflict with the essence of relevant relationships.

3. A company is a legal entity; it has separate assets in its ownership which are reported in a separate balance sheet and may in its own name acquire and exercise property and personal non–property rights, incur obligations, and be plaintiff or defendant in court.

The company shall not be entitled to make deals not relating to the founding of the company until the time when payment is made for 50 per cent of the company's shares distributed among its founders.

4. A company shall have civil rights and bear obligations required to pursue any types of activities not prohibited by federal laws.

A company may engage in certain types of activities, the list of which is determined by federal laws, only on the basis of a special authorization (or license). If granting of a special authorization (or license) to engage in a certain type of activity is conditioned on the engaging in such activity exclusively, during the period of operation of the special authorization (or license) the company may not engage in other types of activities throughout the period of operation of the special authorization (or license), except for the types of activities provided for by the special authorization (or license) or concomitant thereto.

5. A company shall be considered to be created as a legal entity upon its state registration according to the procedure established by federal laws. A company shall be created without time limitation unless otherwise provided for by its charter.

6. A company shall have the right to open bank accounts in the Russian Federation and outside its boundaries according to the established procedure.

7. A company must have a circular seal containing its full company name in Russian and a reference to its location. The seal also may indicate the company name in any foreign language or in any language of peoples of the Russian Federation.

A company may have stamps and letterheads with its name, emblem, and trademark and other means of visual identification registered according to the established procedure.

Article 3. Liability of a Company

1. A company shall be liable to the extent of its assets.

GARANT 3992666, *

2. A company shall not be liable for the obligations of its shareholders.

3. If the insolvency (or bankruptcy) of a company is caused by the actions (or failure to act) of its shareholders or other persons vested with the right to issue instructions binding upon the company or otherwise having the power to determine its actions, then such shareholders or other persons may, if the company lacks sufficient assets, be held vicariously liable for its obligations.

The insolvency (or bankruptcy) of a company is considered to be caused by the actions (or failure to act) of its shareholders or other persons vested with the right to issue instructions binding upon the company or otherwise having the power to determine its actions, only where they have exercised such right andor power in the furtherance of the company's carrying out of actions, knowing in advance that the consequence of carrying out said action would the insolvency (or bankruptcy) of the company.

4. The State or its bodies shall not be liable for the obligations of the company and the company shall not be liable for the obligations of the State or its bodies.

BEGIN COMMENTARY:

Federal Law of this Law. The amendments shall come into force as of July 1, 2002

END COMMENTARY

BEGIN COMMENTARY:

Federal Law Law. The amendments  shall come into force  See the text of the Article in the previous wording

END COMMENTARY

Article 4. Company Name and Location of a Company

1. The company shall have a full company name and it has the right to have a brief company name in the Russian language. The company is also entitled to have a full andor brief company name in the languages of the peoples of the Russian Federation andor in foreign languages.

The full company name of the company in Russian shall comprise its full name and an indication of the type thereof (closed or open). The brief company name of the company in Russian shall comprise its full or brief name and the words "closed joint–stock company" or "open joint–stock company" or the abbreviation "ZAO" or "OAO".

The company name of the company in Russian shall not contain other terms and abbreviations reflecting its organisational legal form, in particular, those borrowed from foreign languages, except as otherwise provided in federal laws and other regulatory legal acts of the Russian Federation.

2. The location of the company shall be determined by the place of its state registration. The company's constituent documents may establish that the company's location is the place where its managerial bodies are located or its main place of business.

3. The company shall have a postal address for contacts with the company and it shall notify the bod-ies responsible for the state registration of legal entities of changes in its postal address. !CLASS CIVIL LEGISLATION, PRIVATIZATIONJURIDICAL PERSONS, INDIVIDUAL ENTREPRENEURSREPRESENTATIONS AND BRANCHES

Article 5. Branches and Representative Offices of a Company

1. A company may create branches and open representative offices on the territory of the Russian Federation in compliance with the requirements of this Federal Law and other federal laws.

A company shall create branches and opening representative offices outside of the boundaries the territory of the Russian Federation also in compliance with the legislation of the foreign state where the branch or representative office is located, unless otherwise provided for by an international treaty of the Russian Federation.

2. A branch of a company is a self–contained division thereof located other than at the location of the company, which performs all or some of its functions, including the functions of a representative office.

GARANT 3992666, *

3. A representation of a company is a self–contained division thereof located owher than at the location of the company, which represents and protects the interests of the company.

4. Branches and representative offices shall not be legal entities and shall operate on the basis of a statute approved by the company. A branch or a representative office shall be provided with assets by the company which created it, which assets are reported both in their separate balance sheets and in the balance sheet of the company.

[*5042]

The head of a branch and the head of a representative office shall be appointed by the company and shall act on the basis of a power of attorney issued thereby.

5. A branch or representative office shall operate in the name of the company which created it. The company which created the branch or representative office shall be liable for its activities.

BEGIN COMMENTARY:

Federal Law of this Federal Law. The amendments  shall come into force 1, 2002  See the text of the Item in the previous wording

END COMMENTARY

6. The charter of a company must include information regarding its branches and representative offices. Notices regarding amendments to the charter of a company in connection with the change of information regarding its branches and representative offices shall be given to the state registration of legal entities body for informational purposes. Such amendments to the charter of the company shall take effect for third persons upon the delivery of the notice of such changes of the body responsible for the state registration of legal entities

Article 6. Subsidiaries and Dependents

1. A company may have subsidiaries and dependents which enjoy the rights of a legal entity on the territory of the Russian Federation and which are formed in accordance with this Federal Law and other federal laws, and may also have those outside the Russian Federation which are formed in accordance with the legislation of the foreign state where the subsidiary or dependent is located, unless otherwise provided for by an international treaty of the Russian Federation.

2. A company shall be deemed a subsidiary if another (principal) business company (or partnership), by virtue of predominant participation in its charter capital or in accordance with a contract concluded between them, or otherwise, has the power to determine decisions adopted by such company.

[*6032]

3. A subsidiary shall not be liable for the debts of the principal company (or partnership).

A principal company (or partnership) which has the right to issue binding instructions to the subsidiary shall be jointly and severally liable with such subsidiary for transactions concluded by the latter in the fulfillment of such instructions. The principal company (or partnership) shall be considered to have the right to issue binding instructions to the subsidiary only when such right is provided for in a contract with such subsidiary or by the charter of such subsidiary.

[*6033]

In the event of the insolvency (or bankruptcy) of the subsidiary through the fault of the principal company (or partnership), the latter shall be vicariously liable for debts of the former. The insolvency (or bankruptcy) of the subsidiary shall be considered to have occurred through the fault of the principal company (or partnership) only when the principal company (or partnership) has used the above right andor power in furtherance of the subsidiary's carrying out of actions, knowing in advance that the consequence of carrying out the said action would be the insolvency (or bankruptcy) of the subsidiary.

The shareholders of a subsidiary shall have the right to demand that the principal company (or partnership) compensate losses caused through its fault to the subsidiary. The losses shall be considered to be caused through the fault of the principal company (or partnership) only when the principal company (or partnership) has used its right andor power in furtherance of the subsidiary's carrying out of actions, knowing in advance that the subsidiary would incur losses as a consequence of carrying out such actions.

4. A company shall be deemed a dependent if another (prevailing) company holds more than 20 percent of the voting stock in the former company.

[*6042]

BEGIN COMMENTARY:

Federal Law Item 4 of Article 6 of this Federal Law. The amendments shall come into force as of January 1, 2002 See the text of the paragraph in the previous wording

END COMMENTARY

A company which has acquired more than 20 per cent of the voting stock in a company shall be obliged to publish information thereon immediately according to the procedure established by the the federal executive body responsible for the securities market

BEGIN COMMENTARY:

See Procedure Acquiring Over 20 Per Cent of Voting Shares of Another Joint–stock Company approved by Decision of the Federal Commission for Securities and Stock Market No. 10 of May 14, 1996

END COMMENTARY

BEGIN COMMENTARY:

Federal Law  No. 120–FZ of August 7, 2001 amended Article 7 of this Federal Law. The amendments shall come into force as of January 1, 2002  See the text of the Article in the previous wording

END COMMENTARY

Article 7. Open and Closed Companies

1. A company may be open or closed, which shall be reflected in its charter and company name.

2. The open company shall have the right to hold open subscriptions to the stock it is issuing and to sell such stock without limitations, subject to the requirements of this Federal Law and other statutory acts of the Russian Federation. An open company shall have the right to hold closed subscriptions to the stock it is issuing, except in instances when the possibility of holding closed subscriptions is limited by the charter of the company or requirements of statutory acts of the Russian Federation.

The number of shareholders of an open company shall not be limited.

In an open company it is prohibited to establish the company's or its shareholders' priority right to acquire shares alienated by shareholders of the company.

3. A company whose stock is only distributed among its founders or another previously determined range of persons is deemed a closed company. Such company may not hold open subscriptions to the stock it is issuing or otherwise offer the same for acquisition to an unlimited number of persons.

BEGIN COMMENTARY:

According to Federal Law the Limited Liability Companies, the provisions of the second and third paragraphs of Item 3 of Article 7 of this Federal Law shall not be applied to the close joint–stock companies transformed from the limited liability companies or the limited liability partnerships, the number of whose partners exceeded 50 as on March 1, 1998

END COMMENTARY

[*7032]

The number of shareholders of a closed company shall not exceed fifty.

[*7033]

If the number of shareholders of a closed company exceeds the number established by this Clause, then such company within one year shall be transformed into an open company. If the number of its shareholders is not reduced to the number

stipulated in this Clause, then the company shall be subject to liquidation on the basis of a court ruling.

[*7034]

The shareholders of the closed company shall enjoy a right of priority to acquire shares sold by the other shareholders of the company at a price offered to a third person pro rata to the quantity of the shares owned by each of them, unless another procedure is provided in the company's charter for exercising this right. The charter of a closed company may envisage the company's priority right to acquire shares sold by its shareholders if shareholders did not use their priority right to acquire the shares.

[*7035]

A shareholder of the company who intends to sell his shares to a third person shall notify accordingly the rest of the company's shareholders and the company proper including indication of the price and other terms for the sale of the shares. The company's shareholders shall be notified through the company. Except as otherwise provided in the company's charter the company's shareholders shall be notified at the expense of the shareholder who intends to sell his shares.

If the shareholders of the company andor the company do not use their priority right to acquire all the shares offered for sale within two months of such a notice, unless a shorter term is stipulated by the company's charter, the shares may be sold to a third person at the price and on the terms of which the company and the shareholders have been informed. The term for exercising the priority right envisaged by the charter of the company shall be at least equal to ten days after the date of the notice sent, by the shareholder who intends to sell their shares to a third person, to the rest of the company's shareholders and to the company proper. The term for exercising the priority right shall be terminated if before its expiration written applications are received from all the shareholders of the company as to their desire to exercise or refusal to exercise the priority right.

When shares are sold in breach of the priority right of acquisition any shareholder of the company andor the company proper, if the charter of the company envisages the company's priority right to acquire shares, shall be entitled to apply to the court claiming the transfer of buyer's rights and duties thereto, within three months after the time when the shareholder or the company learned or should have learnt about such a breach.

4. Companies whose founders are, in the instances stipulated by federal laws, the Russian Federation, a member of the Russian Federation, or a municipal formation (except for companies formed in the process of privatization of state and municipally–owned enterprises) may only be open companies. !CLASS GENERAL POINTS OF ECONOMIC AND ENTREPRENEURIAL ACTIVITYESTABLISHMENT, LIQUIDATION AND TRANS OF ORGANIZATION AND ENTREPRENEURSGENERAL QUESTIONS !CLASS CIVIL LEGISLATION, PRIVATIZATIONJURIDICAL PERSONS, INDIVIDUAL ENTREPRENEURSESTABLISHMENT, LIQUIDATION AND TRANS OF ORGANIZATION AND ENTREPRENEURSGENERAL QUESTIONS

BEGIN COMMENTARY:

Federal Law of Chapter II of this Federal Law. The amendments  shall come into force as of January 1, 2002  See the text of the title in the previous wording

END COMMENTARY
Chapter II. The Formation, Re–Organisation and Liquidation of a Company.

BEGIN COMMENTARY:

On the procedure for creating Workers' Joint–Stock Companies (the People's Enterprises) see Federal Law 115–FZ of July 19, 1998

END COMMENTARY

BEGIN COMMENTARY:

Federal Law this Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Article in the previous wording

END COMMENTARY

GARANT 3992666, *7035

Article 8. Formation of a Company

A company may be formed by being founded as a new company or by means of the reorganization of an existing legal entity (accession, division, separation, or transformation).

A company shall be considered formed upon its state registration.

BEGIN COMMENTARY:

Federal Law this Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Article in the previous wording

END COMMENTARY

Article 9. Founding of a Company

1. A company shall be formed by founding by decision of the founders (or founder). The decision on the founding of a company shall be adopted at the organizational meeting. In the event a company is founded by a sole individual, such individual alone adopts the decision on the founding of a company.

2. The decision on the founding of a company must stipulate the results of the voting of the founders and the decisions adopted by them regarding matters of the founding of the company, approval of the charter of the company, and election of the company's governing bodies.

3. The founders shall unanimously adopt decisions on the founding of a company, approval of its charter, and approval of the monetary valuation of securities, other items or property rights, or other rights having monetary valuation contributed by the founders to pay for the company stock.

4. The founders shall elect the company's governing bodies by a three–quarters vote.

5. The founders of the company shall enter into a contract in writing regarding the formation of the company, which determines the procedure for their engaging into the joint activity of the founding of the company, the amount of the charter capital of the company, the categories and types of stock subject to placement among the founders, and amount and procedure for the paying therefor, and the rights and duties of the founders in connection with the formation of the company. A contract regarding the formation of a company shall not be the foundation document of the company.

In the event of a company's having been founded by one person the decision whereby it is founded shall set out the amount of its authorised capital, the categories (types) of shares and the rate and procedure for the payment of shares.

6. The peculiarities of founding companies with a foreign investors' interest may be set out by federal laws.

Article 10. Founders of a Company

1. The founders of a company shall be citizens andor legal entities who have adopted a decision on the founding thereof.

The state bodies and bodies of local self–government may not act as the founders of a company, unless otherwise provided for by federal laws.

BEGIN COMMENTARY:

About the participation of the State Property Management Committees of the Subjects of the Russian Federation in setting up economic entities see Letter Federation No. AP–1974 of January 9, 1997

END COMMENTARY

2. The number of founders of an open company shall not be limited. The number of founders of a closed company may not exceed fifty.

A company may not have as a sole founder (or shareholder) another business company consisting of one person.

3. The founders of a company shall be jointly and severally liable for the obligations associated with the formation of the company and arising prior to the state registration of such company.

A company shall not be liable for the obligations of the founders associated with the formation of the company, unless

their actions have been subsequently approved by the general meeting of shareholders.

Article 11. Charter of a Company

1. The charter of a company shall be the foundation document of the company.

2. All company bodies and company shareholders shall comply with the requirements of the company charter.

BEGIN COMMENTARY:

Federal Law Article 11 of this Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Item in the previous wording

END COMMENTARY

3. The company charter must contain the following information:

the full and abbreviated names of the company;

the location of the company;

the type of company (open or closed);

the number, par value, and categories (common, preferred) of stocks, and

types of preferred stock to be placed by the company;

BEGIN COMMENTARY:

 According to Federal Law Market the issue of shares to bearer is permitted in a definite ratio to the amount of the paid–up authorized capital of the issuer

END COMMENTARY

the rights of the holders of stock of each category (or type);

the amount of the charter capital of the company;

the composition and authority of the governing bodies of the company

and the procedure for the adoption of resolutions by them;

the procedure for the preparation and conducting of the general meeting of shareholders, including decisions on matters to be resolved by a qualified majority or unanimous vote of the governing bodies of the company;

information concerning branches and representative offices of the company;

other provisions provided for by this Federal Law and other federal laws.

The company's charter may impose limits on the quantity and total par value of stock held or the maximum number of votes cast by any one shareholder.

The company's charter may contain other provisions which are not contrary to this Federal Law and other federal laws.

The charter of the company shall contain information on the exercise of the special right of the Russian Federation, a Russian region or a municipal entity of taking part in managing the company ("golden share").

BEGIN COMMENTARY:

On the additional requirements to the Statute of an investment fund conducting their activity in the form of an open joint–stock company see Decree 23, 1998

END COMMENTARY

4. If so required by a shareholder, auditor, or any interested person, a company shall be obliged within reasonable a period to provide them with the possibility to familiarize themselves with the company's charter, including amendments and addenda thereto. If so required by a shareholder, the company shall be obliged to provide such stockholder with a copy of then effective company's charter. Payment recovered by the company for a copy may not exceed the expenses for

GARANT 3992666, *7035

the manufacture thereof.

BEGIN COMMENTARY:

Federal Law of this Federal Law. The amendments shall come into force January 1, 2002  See the text of the Article in the previous wording

END COMMENTARY

Article 12. Amending the charter of a company and approving a new version of the charter of a company

1. The charter of a company shall be amended or a new version of the charter of a company shall be approved by the decision of a general meeting of shareholders, except for the cases stipulated in Items 2–5 of the present article.

2. The introduction of amendments to the charter of a company according to the results of floatation of its shares, in particular, amendments relating to an increase in the company's authorised capital shall be effected by the decision of a general meeting of shareholders on increasing the authorised capital of the company or the decision of the company's board of directors (supervisory board), if under the company's charter the latter has the right to take such decisions, another decision being the basis for floating shares and issuing securities convertible into shares and a registered report on the results of a shares issue. When the authorised capital of a company is increased by means of floating additional shares the authorised capital is increased by the face value sum of the additional shares so floated and the quantity of announced shares by the number of the additional shares of these categories and types floated.

3. The introduction of amendments to the charter of a company in connection with a reduction in the company's authorised capital by means of acquisition of the company's shares for the purpose of redeeming them shall be effected by the decision of a general meeting of shareholders on such a reduction and a report on the results of shares acquisition endorsed by the board of directors (supervisory board) of the company. In such a case the authorised capital of the company is reduced by the face value sum of the shares so redeemed.

4. The insertion of provisions in the charter of a company concerning the exercise of the special right of the Russian Federation, a Russian region or a municipal entity to participate in the management of said company ("golden share") shall be effected by a decision of the Government of the Russian Federation, a governmental body of a Russian region or a local government body on the exercise of the special right and the deletion of such provisions shall be effected by the decision of these bodies on the termination of such a special right.

5. The introduction of amendments to the charter of a company in connection with the formation of branches, opening of the company's representative offices or the liquidation thereof shall be effected by decision of the board of directors (supervisory board) of the company.

Article 13. State Registration of a Company

A company shall be subject to state registration with the body exercising the state registration of legal entities under such procedure as may be determined by federal law entities.

BEGIN COMMENTARY:

On the Procedure for the Bank of Russia to Take the Decision on State Registration of a Credit Organisation and on the Issuance of a Licence to Accomplish Banking Transactions, see Instructions Russian Federation No. 109–I of January 14, 2004

END COMMENTARY

[*1302]

BEGIN COMMENTARY:

According to Federal Law Article 13 shall be excluded from this Federal Law as of July 1, 2002

END COMMENTARY

In the event of the state registration of a company with the participation of the state or of municipal formations, documents confirming the right of ownership of the founders to the assets contributed to pay for the stock acquired by them must be submitted.

GARANT 3992666, *1302

Article 14. State Registration of Amendments and Addenda to a Company's Charter or Restated Version of a Company's Charter

1. Amendments and addenda to the company's charter or the restated version of the company's charter shall be subject to state registration according to the procedure determined by Article 13 hereof with respect to the company's registration.

2. Amendments and addenda to the company's charter or the restated version of the company's charter shall become effective with respect to third persons upon their state registration, or where stipulated hereby, upon notification of the body exercising state registration.

BEGIN COMMENTARY:

Federal Law of this Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Article in the previous wording

END COMMENTARY

Article 15. Reorganization of a Company

BEGIN COMMENTARY:

Federal Law this Federal Law  See the previous text of the Item

END COMMENTARY

1. A company may be voluntarily reorganized according to the procedure provided for by this Federal Law. The peculiarities of the reorganization of a company being a natural monopoly entity over 25 per cent of the shares of which is placed in federal ownership shall be provided by a federal law establishing grounds and procedure for the reorganization of such a company.

The Civil Code shall provide for other grounds and procedures of reorganization of a company.

2. The reorganization of a company may be carried out in the form of merger, accession, division, separation, or transformation.

3. The assets of companies formed as the result of a re-organisation shall be generated only from the assets of the companies being re-organised.

4. A company shall be deemed reorganized upon state registration of the resultant legal entities, except when reorganized by accession.

[*15032]

In the event of re-organisation of a company in the form of another company being affiliated thereto, the former shall be deemed reorganised as of the time when an entry on the termination of the affiliated company's activities is made in the combined state register of legal entities.

5. Federal laws shall determine the procedure for the state registration of companies resulting from reorganization and for posting an entry on the termination of activities of the reorganized companies.

6. Within 30 days of the date of the decision whereby a company is re-organised or where a company is re-organised in the form of a merger or affiliation, after the date of the decision to this effect made by the last of the companies involved in the merger or affiliation, the company shall notify in writing its creditors and publish an announcement about the decision so made in a printed publication intended for the making public of information on the state registration of legal entities. In this case the creditors of the company shall within 30 days of the date when the notices were forwarded to them or within 30 days after the date when the announcement of the decision was published, be entitled to demand in writing a termination or discharge of relevant obligations of the company before the due date and reimbursement of losses.

The state registration of companies formed as the result of a re-organisation and the making of entries on the termination of the activities of re-organised companies shall be effected if there is proof that the creditors have been notified in compliance with the procedure established in this item.

If the partition balance sheet or the transfer certificate does not allow the successor of the company that has been re-organised to be discerned, the legal entities formed as the result of the re-organisation shall be jointly liable for the

liabilities of the company re–organised before the creditors of such a company.

[*15054]

If the statement of divisionseparation provides no possibility for determining the successor of the reorganized company, then the new established legal entities shall be jointly and severally liable for the obligations of the reorganized company with respect to its creditors.

BEGIN COMMENTARY:

On the Reorganization of Credit Institutions in the Form of Merger and of Affiliation, see Regulations June 4, 2003

END COMMENTARY

BEGIN COMMENTARY:

Federal Law of this Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Article in the previous wording

END COMMENTARY

Article 16. Merger of Companies

1. The merger of companies shall be deemed to be the arising of a new company by transferring to it of all the rights and obligations of two or several companies with the termination of the latter companies.

2. The companies participating in a merger shall enter into a merger contract which stipulates the procedure and terms and conditions of the merger, and also the procedure for converting the stock of each company into the stock of the new company. The boards of directors (or supervisory boards) of the companies shall submit the issue concerning the reorganization in the form of merger, approval of the merger contract, the charter of the company formed as the result of the merger, and approval of a deed of transfer for the agenda of the general meetings of shareholders of each company participating in the merger.

3. The formation of the bodies of the newly–established company shall be conducted at a joint general meeting of the shareholders of the companies participating in the merger. The companies' merger contract may stipulate the voting procedure at the joint general meeting of shareholders.

4. In the event of a merger of companies the shares of a company that were owned by another company taking part in the merger and also its own shares owned by the company taking part in the merger shall be redeemed.

5. If companies are merged, then all the rights and duties of each shall be transferred to the new company, pursuant to a deed of transfer.

BEGIN COMMENTARY:

Federal Law of this Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Article in the previous wording

END COMMENTARY

Article 17. Accession of a Company

1. The accession of a company shall be deemed to be the termination of one or several companies with the transfer of all their rights and obligations to the other company.

2. The acceding company and the company to which the accession is being carried out shall enter into the accession contract which stipulates the procedure and terms and conditions of the accession, and also the procedure for converting the stock of the acceding company to the stock of the company to which the accession is being carried out. The board of directors (or supervisory board) of each company shall submit for decision of the general meeting of shareholders participating in the accession the issue concerning reorganization in the form of accession and concerning approval of the accession contract. The board of directors (or supervisory board) of the acceding company shall additionally submit for decision of the general meeting of shareholders the issue on approval of the deed of transfer.

3. A joint general meeting of shareholders of such companies shall adopt a resolution concerning the introduction

of amendments and addenda to the charter and, if necessary, concerning other matters. The accession contract shall determine the voting procedure at the joint general meeting of shareholders.

4. In the event of the affiliation of a company the shares of the company being affiliated, which are owned by the company to which it is being affiliated, and also its own shares owned by the company being affiliated, shall be redeemed.

5. If a company is accessed to another company, then the rights and obligations of the acceding company shall be transferred to such other company, pursuant to a deed of transfer.

BEGIN COMMENTARY:

Federal Law of this Federal Law. The amendments shall come into force January 1, 2002  See the text of the Article in the previous wording

END COMMENTARY

Article 18. Division of a Company

1. The division of a company shall be deemed to be the termination of a company by the transfer of all of its rights and obligations to the newly-established companies.

2. The board of directors (or supervisory board) of the company being reorganized in the form of division shall submit for the agenda of the general meeting of shareholders the issue concerning the reorganization of the company in the form of division, the procedure and terms and conditions of division, the formation of new companies, and the procedure for converting the stock of the company being reorganized into the stock andor other securities of the companies being created, on the endorsement of the partition balance sheet.

3. A general meeting of a company being re-organised in the form of partition of the company shall make a decision to re-organise the company in the form of a partition, on partition procedure and terms, the formation of new companies, the procedure for converting the shares of the company being re-organised into shares of the newly created companies, the endorsement of the partition balance sheet. A general meeting of each of the newly formed companies shall adopt a decision to endorse its charter and set up its bodies.

Each shareholder of a company being re-organised ho voted against or who did not take part in voting on the issue of re-organisation of the company shall receive shares of each of the companies formed as the result of the partition as conferring the same rights as the shares he owns in the company undergoing re-organisation, in proportion to the number of shares of the company owned by him.

4. If a company is split up, all of its rights and obligations shall be transferred to the two or several newly-established companies, pursuant to a statement of division.

Article 19. Separation of a Company

1. The separation of a company shall be deemed to be the formation of one or several companies with the transfer to them of part of the rights and duties of the reorganized company without the termination of the latter.

BEGIN COMMENTARY:

Federal Law of Article 19 of this Federal Law. The amendments shall come into force January 1, 2002  See the text of Items in the previous wording

END COMMENTARY

2. The board of directors (supervisory board) of a company being re-organised in the form of devolution shall put the following issues on the agenda of a general meeting of its shareholders: the re-organisation of the company in the form of devolution, devolution procedure and terms, the formation of a new company (companies), the conversion of the shares of the company undergoing re-organisation into shares of the newly formed company (distribution of the shares of the newly formed company among the shareholders of the company undergoing re-organisation, the acquisition of the shares of the newly formed company by the company undergoing re-organisation) and the procedure for such a conversion (distribution, acquisition), the endorsement of the partition balance sheet.

3. A general meeting of the shareholders of a company being reorganised in the form of devolution shall adopt a decision to reorganise the company in the form of devolution, on devolution procedure and terms, the formation of a

new company (companies), the conversion of the shares of the company undergoing re-organisation into the shares of the newly formed company (the distribution of the shares of the newly formed company among the shareholders of the company undergoing re-organisation, the acquisition of the shares of the newly formed company by the company undergoing re-organisation) and the procedure for such a conversion (distribution, acquisition), the endorsement of the partition balance sheet.

A general meeting of the shareholders of each of the newly formed companies shall adopt a decision to endorse its charter and form its bodies. If, under the decision on re-organisation in the form of devolution, the company undergoing re-organisation is going to be the only shareholder of the newly formed company a general meeting of the shareholders of the company undergoing re-organisation shall endorse the charter of the newly formed company and form its bodies.

If the decision whereby a company is re-organised in the form of devolution envisages a conversion of the shares of the company undergoing re-organisation into the shares of a newly formed company or a distribution of the shares of the newly formed company among the shareholders of the company undergoing re-organisation each of the shareholders of the company undergoing re-organisation who voted against, or did not take part in voting on the issue of, the re-organisation of the company shall receive shares of each of the companies formed as the result of the devolution conferring the same rights as the shares he owned in the company undergoing re-organisation in proportion to the number of shares of this company he owns.

4. If one or more companies are separated from a company, then the rights and obligations of the reorganized company shall be transferred to each newly-established company pursuant to a statement of separation.

Article 20. Transformation of a Company

BEGIN COMMENTARY:

Federal Law of Article 20 of this Federal Law. The amendments shall come into force January 1, 2002 See the text of the Item in the previous wording

END COMMENTARY

1. A company may be transformed into a limited liability company or into a production cooperative federal laws.

By a unanimous decision of all the shareholders the company shall be entitled to transform itself into a non-commercial partnership.

BEGIN COMMENTARY:

Federal Law  No. 138-FZ of July 8, 1999 amended the Civil Code Russian Federation. According to these amendments a company may be transformed into a limited liability company or into a organization

END COMMENTARY

2. The board of directors (or supervisory board) of the company subject to transformation shall submit for decision of the general meeting of shareholders the question concerning transformation of the company, the procedure and terms and conditions of carrying out the transformation, the procedure for exchange of the stock of the company for the contributions of the participants of the limited liability company or shares of the members of the production cooperative.

3. The general meeting of shareholders of the company subject to transformation shall adopt the resolution concerning transformation of the company, the procedure and terms and conditions of carrying out the transformation, and the procedure for exchange of the stock of the company for the contributions of the participants of the limited liability company or shares of the members of the production cooperative. The participants in the new legal entity being created during the transformation shall adopt at their joint meeting a decision concerning the approval of its formation documents and the election (or appointment) of the governing bodies, subject to the requirements of federal laws on such organizations.

4. If a company is transformed, then all the rights and duties of the reorganized company shall be transferred to such newly-established legal entity, pursuant to a deed of transfer.

Article 21. Liquidation of a Company

1. A company may be liquidated voluntarily according the procedure established by the Civil Code of the Russian Federation, subject to the requirements of this Federal Law and the charter of the company. The company may be

GARANT 3992666, *15054

liquidated by decision of a court on the grounds provided for by the Civil Code of the Russian Federation.

The liquidation of a company shall result in its termination, with no transfer of rights and obligations by succession to other persons.

2. If the company is liquidated voluntarily, then the board of directors (or supervisory board) of the company subject to liquidation shall submit for decision at the general meeting of shareholders the issue concerning the liquidation of the company and the appointment of the liquidation commission.

The general meeting of shareholders of a company subject to liquidation shall voluntarily adopt a resolution concerning liquidation of the company and the appointment of the liquidation commission.

3. As of the appointment of the liquidation commission, the latter shall acquire all the powers relating to the management of the affairs of the company. The liquidation commission shall act in court in the name of the company subject to liquidation.

BEGIN COMMENTARY:

Federal Law Article 21 of this Law. The amendments shall come into force as of July 1, 2002

END COMMENTARY

4. When a shareholder of a company subject to liquidation is a state or a municipal formation, a representative of the respective Committee for the Management of Property or Property Fund or of the respective body of local self–government shall be included on the board of the liquidation commission. Failure to fulfil the above requirement may result in the withholding, by the body exercising state registration, of its consent to the appointment of the liquidation commission.

BEGIN COMMENTARY:

Federal Law of this Law. The amendments shall come into force as of July 1, 2002

END COMMENTARY

Article 22. Procedure for Liquidating a Company

1. The liquidation commission shall publish in the press a notice on liquidation of the company and the procedure and deadline for creditor claims. The duration of such a deadline for creditor claims may not be less than two months from the publication of the notice on liquidation of the company.

2. If as of the adoption of the decision on liquidation, the company has no obligations to creditors, then its assets shall be distributed among the shareholders in accordance with Article 23

3. The liquidation commission shall take measures to inform creditors and pay off the company's debts, and also inform the creditors about the liquidation of the company in writing.

4. Upon expiry of the deadline for creditor claims, the liquidation commission shall draw up the interim liquidation balance sheet, which shall contain information concerning the composition of the property of the company subject to liquidation, the demands presented by creditors, and also the results of their consideration. The interim liquidation balance sheet shall be approved by the general meeting of shareholders by agreement with the body exercising the state registration of the company subject to liquidation.

5. Should the monetary funds existing in the company under liquidation prove insufficient to meet the creditor claims, the liquidation commission shall sell other company property by public sale according to the procedure established for the execution of judicial decisions.

6. Monetary funds due to the creditors of a company under liquidation shall be paid thereto by the liquidation commission in the order of priority established by the Civil Code pursuant to the interim liquidation balance sheet and commencing from the date of approval thereof, with the exception of fifth priority creditors, which shall be repaid one month after the approval of the interim liquidation balance sheet.

7. After completion of settlements with creditors, the liquidation commission shall draw up the liquidation balance sheet, which shall be approved by the general meeting of shareholders by agreement with the body exercising the state

registration of the company subject to liquidation.

Article 23. Distribution of Property of a Company under Liquidation among Shareholders

1. The property of the company subject to liquidation remaining after the completion of the settlement of accounts with creditors shall be distributed by the liquidation commission among the shareholders in the following priorities:

first priority shall be accorded to payments relating to stock which must be re-purchased in accordance with Article 75 Federal Law;

second priority shall be accorded to payments for dividends credited but not paid with regard to preferred stock and to the liquidation value of preferred stock determined by the charter of the company;

third priority shall be accorded to the distribution of assets of the company under liquidation among the holders of common stock and all types of preferred stock.

2. The distribution of property of each priority shall be effectuated after the full distribution of property of the preceding priority. The payment by the company of the liquidation value of preferred stock determined by the charter of the company shall be effectuated after the payment in full of the liquidation value of the preferred stock of the previous priority determined by the charter of the company.

If the value of property existing in the company is insufficient for the payment of dividends credited but not paid, and also the liquidation value determined by the charter of the company for all holders of preferred stock of one type, then the property shall be distributed among the holders of such type of preferred stock in proportion to the quantity of stock owned by them.

Article 24. Completion of Liquidation of a Company

The liquidation of a company shall be considered to be completed, and the company to have terminated its existence, as of the date of the respective entry by the body of state registration in the Uniform State Register of Legal Entities.
!CLASS SECURITIES, SECURITY MARKETISSUED SECURITIES (STOCKS, BONDS, ETC)STOCKS

BEGIN COMMENTARY:

Federal Law of Chapter III of this Federal Law. The amendments shall come into force January 1, 2002  See the text of the title in the previous wording

END COMMENTARY

Chapter III. Charter Capital of a Company.  Stocks, Bonds, and Other Issues Securities of a Company.  Net Assets of a Company

BEGIN COMMENTARY:

On the authorized capital and stocks of workers' joint-stock companies (the people's enterprises) see Federal Law Federation No. 115-FZ of July 19, 1998

END COMMENTARY

BEGIN COMMENTARY:

See Review in the State Registration of the Issue of Shares and in Recognizing the Issue of Shares as Invalid given by Informational Letter Arbitration Court of the Russian Federation No. 63 of April 23, 2001

END COMMENTARY

BEGIN COMMENTARY:

Federal Law of this Federal Law. The amendments shall come into force January 1, 2002  See the text of the Article in the previous wording

END COMMENTARY

Article 25. Charter Capital and Stock of a Company

GARANT 3992666, *15054

The company shall float ordinary shares and be entitled to float one or several types of preferred shares.

The par value of all common stock of the company must be equal.

The charter capital of a company shall determine the minimum amount of the property of a company securing the interests of its creditors.

2. A company shall have the right to issue common stock, and also one or several types of preferred stock. The par value of the preferred stock issued must not exceed 25 per cent of the charter capital of the company.

When founding a company, all of its stock must be distributed among the founders.

All stock certificates of a company shall be inscribed.

3. If, in the course of exercising a priority right to acquire shares sold by a shareholder of a closed company, a priority right to acquire additional shares and also in share consolidation, the shareholder cannot acquire an integral number of shares, fractions of shares shall be created (hereinafter referred to as "fractional shares").

The fractional share confers on its owner the rights provided by a share of a relevant category (type) within the scope corresponding to the part of a full share it represents.

For the purposes of recording the total number of floated shares in the charter of a company all floated fractional shares shall be added up. If a fractional number is obtained as the result thereof the number of the shares floated shall be shown as a fractional number in the charter of the company.

Fractional shares shall be traded on an equal basis with full shares. If a person acquires two or more fractional shares of a certain category (type) these shares shall make up one full andor a fractional share equal to the sum of these fractional shares.

BEGIN COMMENTARY:

According to Federal Law Market the issue of shares to bearer is permitted in a definite ratio to the amount of the paid–up authorized capital of the issuer

END COMMENTARY

Article 26. Minimum Charter Capital of a Company

The minimum charter capital of an open company shall be equal to not less than a thousand times the minimum amount for payment of labor established by a federal law on the date of registration of the company, and of a closed company, not less than one hundred times the amount of payment of labor established by a federal law on the date of state registration of the company.

BEGIN COMMENTARY:

About requirements to minimum charter capital of international companies see see Federal Law

END COMMENTARY

BEGIN COMMENTARY:

Federal Law of this Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Article in the previous wording

END COMMENTARY

Article 27. Issued and Declared Stock of a Company

1. The charter of a company shall determine the quantity and face value of the shares acquired by shareholders (floated shares) and the rights conferred by these shares. Shares acquired or bought back by the company and also shares of the company of which ownership has come to the company under Article 34 deemed floated until their redemption.

[*2792]

The charter of a company may determine the quantity, face value, categories (types) of the shares the company is

entitled to float in addition to the floated shares (announced shares) and the rights conferred by these shares. If the charter of a company lacks such provisions the company shall not be entitled to float additional shares.

The charter of a company may set out the procedure and terms for the company to float announced shares.

2. A decision concerning the introduction of amendments and addenda to the charter of a company with respect to the provisions provided for by the present Article concerning declared stock of a company except for changes relating to a decrease in their numbers according to the results of additional share floatation, shall be adopted at a general meeting of the shareholders.

If a company issues securities converted into stock of a specified category (or type), then the quantity of declared stock of such category (or type) may not be less than the quantity required for converting during the period of circulation of such securities.

A company shall have no right to adopt a decision concerning the change of rights granted by stock in which securities issued company have been converted.

BEGIN COMMENTARY:

Federal Law of this Federal Law. The amendments shall come into force January 1, 2002 See the text of the Article in the previous wording

END COMMENTARY

Article 28. Increasing the Authorised Capital of a Company

1. The authorised capital of a company may be increased by means of increasing the face value of shares or floating additional shares.

2. The decision to increase the authorised capital of a company by means of increasing the face value of shares shall be adopted by a general meeting of the shareholders.

The decision to increase the authorised capital of a company by means of floating additional shares shall be adopted by a general meeting of the shareholders or the board of directors (supervisory board) of the company if it has the right to make such a decision under the charter of the company.

The decision of the board of directors (supervisory board) of a company to increase the authorised capital of the company by means of floating additional shares shall be adopted by the board of directors (supervisory board) of the company unanimously by all the members of the board of directors (supervisory board) of the company, with the votes of former members of the board of directors (supervisory board) of the company not being counted.

3. Additional shares may be floated by the company only within the maximum limit of announced shares The decision to increase the authorised capital of a company by means of floating additional shares may be made by a general meeting of the shareholders simultaneously with the introduction of an addendum to the charter of the company in the form of an announced shares clause as required under the present Federal Law for the adoption of such a decision or in the form of an amendment to the announced shares clause.

4. The decision to increase the authorised capital of a company by means of floating additional shares shall determine the number of additionally floated ordinary shares and preferred shares of each type within the maximum limit on the number of announced shares of the category (type), the floatation method, the price of floatation of additional shares floated by means of subscription or the procedure for determining it, in particular, the price of floatation or the procedure for determining the price of floatation of additional shares to shareholders who have a priority right to acquire floated shares, the form of payment for the additional shares floated by subscription and also other floatation terms.

5. An increase in the authorised capital of a company by means of floating additional shares may be implemented at the expense of the assets of the company. An increase in the authorised capital of a company by means of increasing the face value of shares shall be implemented only at the expense of the assets of the company.

The amount whereby a company's authorised capital is being increased at the expense of the company's assets shall not exceed the difference between the company's net asset value and the sum of the authorised capital and the reserve fund of the company.

Where the authorised capital of a company is being increased at the expense of its assets by means of floating additional shares these shares shall be distributed among all shareholders. In so doing, each of the shareholders shall receive shares of the same category (type) as the shares heshe owns, in proportion to the number of the shares heshe owns. An increase in the authorised capital of a company at the expense of its assets by means of floating additional shares resulting in the formation of fractional shares is prohibited.

6. An increase in the authorised capital of a company by means of issuing additional shares, if there is a block of shares representing over 25 per cent of votes in the general meeting of shareholders which has been formed in keeping with the legal acts of the Russian Federation on privatisation of state or municipal property may be implemented during the time when it is such a property if the size of the state's or municipal entity's stake is retained in the event of such an increase.

BEGIN COMMENTARY:

Federal Law of this Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Article in the previous wording

END COMMENTARY

Article 29. Decrease of Charter Capital of a Company

1. The company has the right to reduce its authorised capital and in the cases stipulated in the present Federal Law it shall do so.

The authorised capital of a company may be reduced by means of cutting the face value of shares or the number of shares, in particular, by means of acquiring a portion of the shares in the events stipulated by the present Federal Law.

A reduction in the authorised capital of a company by means of acquisition and redemption of some of the shares is allowed if such an option is envisaged by the charter of the company.

The company shall not be entitled to reduce its authorised capital if this is going to result in an authorised capital amount the m inimum level set in keeping with the present Federal Law as of the date when documents are filed for the purposes of state registration of relevant amendments to the charter of the company and in events when under the present Federal Law the company must reduce its authorised capital, as of the date of the state registration of the company.

2. A decision to decrease the charter capital of a company by decreasing the par value of stock or by redeeming stock for the purpose of reducing its total quantity shall be adopted by the general meeting of shareholders.

BEGIN COMMENTARY:

Federal Law of this Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Article in the previous wording

END COMMENTARY

Article 30. Notifying Creditors of a Cut in the Authorised Capital of a Company

1. Within 30 days after the date of a decision whereby the company's authorised capital is reduced the company shall notify its creditors about the authorised capital cut and new authorised capital size in writing and also publish an announcement about the decision so made in a printed journal intended for the publication of information on the state registration of legal entities. In such a case the creditors of the company shall be entitled to demand in writing the termination or discharge of relevant obligations of the company before due and reimbursement of losses, within 30 days after the date when the notice was forwarded to them or within 30 days after the date of publication of the announcement of the decision.

2. The state registration of amendments to the charter of a company relating to a cut in its authorised capital shall be effected if there is a proof of the creditors having been notified in compliance with the procedure established by the present article.

BEGIN COMMENTARY:

Federal Law of this Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Article in the previous wording

GARANT 3992666, *2792

END COMMENTARY

Article 31. Rights of Holders of Common Stock of a Company

1. Each share of common stock shall grant equal rights to its holder.

2. Holders of common stock of a company may in accordance with this Federal Law and the charter of the company participate in general meetings of shareholders with the right to vote on all matters within its authority. They also have the right to receive dividends, and in instances of the liquidation of the company, the right to receive some of its assets.

3. The conversion of ordinary shares into preferred shares, bonds and other securities is prohibited.

BEGIN COMMENTARY:

Federal Law of this Federal Law. The amendments shall come into force January 1, 2002 See the text of the Article in the previous wording

END COMMENTARY

Article 32. Rights of Holders of Preferred Stock of a Company

1. Holders of preferred stock of a company shall have no right to vote at a general meeting of shareholders, unless otherwise provided for by this Federal Law.

Preferred stock of the company of one type shall grant equal rights to its holders and shall have equal par values.

2. The amount of dividend andor value to be paid for preferred stock of each type in the event of the liquidation of a company (liquidation value) must be set out in the charter. The amount of dividends and the liquidation value shall be set at a fixed monetary amount or as a percentage of the par value of the preferred stock. The amount of the dividend and the liquidation value for preferred stock shall be considered to be determined also if the procedure for determining them has been established by the charter of the company. The holders of preferred stock for which the dividend amount has not been determined shall have the right to receive dividends equal to the holders of common stock.

[*32022]

If the charter of the company has a provision for preferred shares of two or more types, with a dividend rate being set for each of them, the company's charter shall also establish a dividend disbursement priority rating for each of them, and if the charter of the company has a provision for preferred shares of two and more types in respect of which a liquidation value is set, it shall establish a liquidation value disbursement priority ranking for each of them.

[*32023]

The charter of a company may establish that a dividend which has been disbursed or has been partially disbursed on preferred shares of a specific type, with the rate thereof being set by the charter, shall be accumulated and disbursed within a term determined by the charter (cumulative preferred shares). If no such term is set by the charter of the company preferred shares shall not be deemed cumulative.

3. The charter of a company may have a provision for the conversion of preferred shares of a specific type into ordinary shares or into preferred shares of other types at the request of the shareholders who own them or conversion of all shares of the type within a term set by the charter of the company. In such a case the charter of the company as of the time when the decision is made, which is the grounds for floating the converted preferred shares, shall set out a procedure for their conversion, in particular, the quantity, category (type) of the shares into which they are converted and other conversion terms. It is prohibited to amend the said provisions of the charter of the company after the decision is made to float converted preferred shares.

The conversion of preferred shares into bonds and other securities, except for shares, is prohibited. The conversion of preferred shares into ordinary shares and into preferred shares of other types is allowed only if it is envisaged by the charter of the company or in the event of a re–organisation of the company under the present Federal Law.

4. Shareholders owning preferred shares shall attend the general meeting of shareholders with a right to vote when the issues of company re–organisation and liquidation are decided.

Shareholders owning preferred shares of a specific type shall acquire voting rights when the general meeting of

shareholders decides issue of amending the charter of the company in a way that imposes a limit on the rights of the shareholders owning preferred shares of this type including cases when a dividend rate is set or increased andor a liquidation value is set or increased, such a dividend or value being disbursable on the preferred shares of preceding priority ranking and also the provision of shareholders owning preferred shares of another type with an advantage in terms of dividend andor share liquidation value disbursement priority ranking. The decision whereby such amendments are introduced shall be deemed adopted if supported by at least three quarters of the votes of the shareholders owning voting shares who attend the general meeting of shareholders, except for the votes of shareholders owning preferred shares with limited rights, and three quarters of the votes of all shareholders owning preferred shares of each type with limited rights, unless a larger number of shareholder votes is established by the charter of the company for the adoption of such a decision.

5. Holders of preferred stock of a specified type, the amount of dividend for which has been determined in the charter of the company, (but not holders of cumulative preferred stock), shall have the right to participate in a general meeting of shareholders with the right to vote in regard to all matters within its authority, beginning with the meeting following the annual general meeting of shareholders at which a meeting of shareholders at which decision was not adopted concerning the payment of dividends for preferred stock of such type. The right of holders of preferred stock of such a type to participate in the general meeting of shareholders shall terminate as of the first payment in full of dividends for such stock.

[*32422]

Holders of cumulative preferred stock of a specified type shall have the right to participate in a general meeting of shareholders with the right to vote on all matters of its authority, beginning with the meeting following the annual general meeting of shareholders at which a decision should have been adopted concerning the payment of accumulated dividends in full for such stock, if such decision was not adopted, or a decision was adopted concerning the payment of dividends, but not in full. The right of holders of cumulative preferred stock of a specified type to participate in the general meeting of shareholders shall terminate upon the payment of all dividends accumulated, in full, with regard to such stock. !CLASS SECURITIES, SECURITY MARKETISSUED SECURITIES (STOCKS, BONDS, ETC)BONDS

BEGIN COMMENTARY:

Federal Law of this Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Article in the previous wording

END COMMENTARY

Article 33. Bonds and Other Issue Securities of a Company

BEGIN COMMENTARY:

 Concerning issue of securities and their placement see:  the Civil Code  Federal Law  Decision 18, 2003  Decision 30, 2002  Decision 19, 2001,  Decision November 11, 1998,  Regulations March 25, 2003

END COMMENTARY

1. A company shall have the right to issue bonds and other issue securities provided for by the laws of the Russian Federation on securities.

2. The issuance by a company of bonds and other issue securities shall be carried out by decision of the board of directors (or supervisory board) of the company, unless otherwise provided for by the charter of the company.

The floatation of bonds convertible into shares and other securities convertible into shares by a company shall be effected by the decision of a general meeting of shareholders or by the decision of the board of directors (supervisory board) of the company if under the charter of the company it has the right to make a decision concerning floatation of bonds convertible into shares and other issued securities convertible into shares.

3. A bond shall certify the right of its holder to demand the cancellation of the bond (or payment of par value or par value and interest) within the established periods.

The form, periods, and other conditions for cancellation of the bonds must be determined in the decision on the issuance of the bonds.

[*3333]

GARANT 3992666, *3333

A bond must have a par value. The total par value of all bonds issued by a company must not exceed the amount of charter capital of the company or the amount of security granted to the company by third persons for the purpose of the issuance of the bonds. The floatation of bonds by the company shall be permitted full payment of the charter capital of the company.

[*3334]

A company may float bonds with a single period for repayment or bonds with a repayment period by series, within specified periods.

[*3335]

The repayment of bonds may be carried out in cash or with other property, in accordance with the decision concerning their issuance.

[*3336]

A company shall have the right to float bonds secured by the pledge of specified property of the company or bonds under security granted to the company for the purpose of issuing of the bonds by third persons, and bonds without security.

[*3337]

The floatation of bonds without security shall not be permitted before than the third year of existence of the company, and on the condition of the proper approval at such time of two annual balance sheets of the company.

[*3338]

Bonds may be inscribed or bearer. In the event of the issuance of inscribed bonds, a company shall be obliged to keep a register of their holders. Lost inscribed bonds shall be reinstated by the company for a reasonable payment. The rights of a holder of a lost bearer bond shall be reinstated by a court ruling, according to the procedure established by the procedural code

[*3339]

A company shall have the right to envisage the possibility of cancelling bonds at an earlier date, at the wish of the holders thereof. In such a case, the value of the cancellation and the earliest date they may be cancelled must be specified in the decision concerning the issuance of the bonds.

4. A company shall have no right to issue bonds and other issue securities convertible into stock of the company, if the number of declared stock the company of specified categories and types is less than the number of stock of such categories and types, the right to acquire which such securities grant.

BEGIN COMMENTARY:

Federal Law of this Federal Law. The amendments shall come into force January 1, 2002 See the text of the Article in the previous wording

END COMMENTARY

Article 34. Payment for the Shares and Other Issue Securities of a Company at the Floatation Thereof

1. The shares of a company floated at the formation of the company shall be paid for in full within one year after the time of the state registration of the company, unless a shorter term is stipulated by the memorandum of association of the company.

At least 50 per cent of the company's shares distributed at the formation thereof shall be paid up within three months after the state registration of the company.

[*3403]

A share owned by a founder of the company shall not confer voting rights unless and until it is paid up in full, except as otherwise laid down in the charter of the company.

If shares are not paid up in full within the term specified by Paragraph 1 of the present item the right of ownership of the shares with floatation price corresponding to the outstanding amount (the value of assets not transferred in payment

for shares) shall be transferred to the company. The memorandum of association may envisage the collection of forfeit money (fine, penalty) for a default on the obligation to pay for the shares.

The shares of which the right of ownership has been transferred to the company shall not confer voting rights, shall not be counted during voting and shall not bear dividends. Such shares shall be sold by the company at the price of their face value and above within one year after they were acquired by the company, otherwise the company shall adopt a decision to reduce its authorised capital. If the company within a reasonable term fails to adopt a decision to reduce its authorised capital the body responsible for the state registration of legal entities or other governmental bodies or local government bodies entitled to present such a demand under a federal law shall have the right to file a petition with a court claiming the liquidation of the company.

A company's additional shares and other issue securities supposed to be floated by subscription shall be floated if they have been paid up in full.

2. Payment for the shares distributed among the founders of the company at the formation thereof, additional shares floated by subscription may be effected in money, securities, other assets or property rights or other rights that can be appraised in terms of money. The form of payment for shares of a company at the formation thereof shall be set out in the memorandum of association and that for additional shares by the decision under which they are floated. Payment for other issue securities may be effected only in money.

The charter of a company may contain restrictions on the types of assets in which payment can be made for the company's shares.

3. The monetary valuation of assets contributed in payment for shares at the formation of a company shall be completed by agreement of the founders.

When payment for additional shares is effected in non-monetary form the monetary valuation of the assets contributed in payment for the shares shall be done by the board of directors (supervisory board) of the company under Article 77

[*3433] Article 34, Item 3, Paragraph 3

BEGIN COMMENTARY:

Federal Law of Article 34 of this Federal Law  See the previous text of the paragraph

END COMMENTARY

When payment for shares is effected in non-monetary form an independent appraiser shall be invited to assess the market value of such assets, if not otherwise established by federal laws. The valuation of assets in terms of money produced by the founders of the company and the board of directors of the company shall not exceed the valuation produced by an independent appraiser.

BEGIN COMMENTARY:

Federal Law of this Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Article in the previous wording

END COMMENTARY

Article 35. Funds and Net Assets of a Company

1. A reserve fund in the amount provided for by the charter of the company, but not less than 5 per cent of its charter capital, shall be created in the company.

The company reserve fund shall be formed by means of obligatory annual deductions until the attainment of the amount established by the charter of the company. The amount of annual deductions shall be provided for by the charter of the company, but may not be less than 5 per cent of net profit until the attainment of the amount established by the charter of the company.

[*3512]

The company reserve fund shall be earmarked for the covering of its losses, and also for the cancellation of bonds of the company and the purchase of stock of the company in the event of the absence of other means.

GARANT 3992666, *3513

[*3513]

The reserve fund may not be used for other purposes.

2. The company charter may provide for the formation from net profit of a special fund for the workers of the company. The assets thereof shall be spent exclusively for the acquisition of company stock sold by its shareholders, for subsequent issuing to its workers.

When shares acquired on the account of a company's workers' share distribution fund are provided to employees of the company for a consideration the proceeds shall be allocated towards the maintenance of said fund.

3. The company's net assets shall be valued according to the bookkeeping records, according to the procedure established by the Ministry of Finance and the federal executive body in charge of the securities market.

BEGIN COMMENTARY:

See the procedure companies approved by Order Federation and the Federal Securities Market Commission Nos. 10n, 03-6pz of January 29, 2003

END COMMENTARY

BEGIN COMMENTARY:

See the Procedure Agencies, Created in the Form of Joint-Stock Companies approved by Order of the Ministry of Finance of the Russian Federation and of the Federal Commission for Security Market Nos. 83n and 03-158pz of September 12, 2003

END COMMENTARY

4. If, at the end of such evaluation, and each subsequent financial year in accordance with the annual bookkeeping balance sheet proposed for approval to the shareholders of the company or the results of an auditor, verification, the value of net assets of the company proves to be less than its charter capital, then the company shall decrease its charter capital to an amount not exceeding the value of its net assets.

5. If, at the end of the second and each subsequent financial year, in accordance with the annual bookkeeping balance sheet proposed for approval to the shareholders of the company or the results of an auditor's verification, the value of net assets of the company proves to be less than the amount of the minimum charter capital specified in Article this Federal Law, then the company shall be obliged to adopt a decision concerning its liquidation.

6. If, in the cases stipulated by Items 4 and 5 of the present article, the company within a reasonable term fails to make a decision to reduce its authorised capital or to liquidate the creditors shall be entitled to claim the termination or discharge before due time of the company's obligations and the reimbursement of losses. In these cases the body responsible for the state registration of legal entities or other governmental bodies or local government bodies which have a right to present such a claim under a federal law shall be entitled to file a petition with court claiming the liquidation of the company.

BEGIN COMMENTARY:

Federal Law Chapter IV of this Federal Law. The amendments shall come into force January 1, 2002 See the text of the title in the previous wording

END COMMENTARY

Chapter IV. Issuance by a Company of Stock and Other Issue Securities

BEGIN COMMENTARY:

See Review Transactions Connected with the Placing and Circulation of Stocks (supplement to Information Letter of the Presidium of the Higher Arbitration Court of the Russian Federation No. 33 of April 21, 1998 )

END COMMENTARY

BEGIN COMMENTARY:

Federal Law this Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Article in the previous wording

END COMMENTARY

Article 36. The Floatation Price of a Company's Shares

1. Payment for the shares of a company at the formation thereof shall be effected by the founders of the company at a price not below the face value of the shares.

Payment for the additional shares of a company floated by subscription shall be effected at a price set by the board of directors (supervisory board) of the company under Article 77 Federal Law but not below their face value.

2. The floatation price of additional shares for shareholders of the company as they exercise their priority right to acquire shares may be below the floatation price for other persons but by up to 10 per cent only.

The fee of a broker taking part in the floatation of additional shares of a company by subscription shall not exceed 10 per cent of the floatation price of the shares.

BEGIN COMMENTARY:

Federal Law this Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Article in the previous wording

END COMMENTARY

Article 37. Procedure for Converting Company's Issue Securities into Shares

1. The procedure for converting a company's issue securities into shares shall be established:

by the charter of the company:  in respect of preferred share conversion;

by a decision on issuance:  in respect of conversion of bonds and other issue securities, except for shares.

The floatation of shares of a company within the maximum limit on the number of announced shares required for conversion of the convertible shares floated by the company and other issue securities of the company shall be effected only by means of such a conversion.

2. The terms of and procedure for the conversion of shares and other issue securities of a company at the re–organisation thereof shall be established by relevant decisions and agreements in keeping with the present Federal Law.

BEGIN COMMENTARY:

Federal Law this Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Article in the previous wording

END COMMENTARY

Article 38. The Floatation Price of Issue Securities

1. Payment for a company's issue securities floated by subscription shall be effected at a price set by the board of directors (supervisory board) of the company under Article 77 such a case payment for issue securities converted into shares floated by subscription shall be effected at a price at least equal to the face value of the shares into which these securities are converted.

2. The floatation price of securities converted into shares for shareholders of the company as they exercise their priority right to acquire such securities may be below the floatation price for other persons only but by up to 10 per cent.

The fee of a broker taking part in the floatation of issue securities by subscription shall not exceed 10 per cent of the floatation price of these securities.

BEGIN COMMENTARY:

Federal Law this Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Article in the previous wording

END COMMENTARY

Article 39. The Methods Whereby a Company Floats Its Shares and Other Issue Securities

1. The company is entitled to float additional shares and other issue securities by subscription and by conversion. If the authorised capital of a company is increased at the expense of its assets the company shall float additional shares by means of distributing them among its shareholders.

2. An open company is entitled to float its shares and issue securities convertible into shares by means of either open or closed subscription. The charter of the company and legal acts of the Russian Federation may restrict closed subscription opportunities for open companies.

A closed company is not entitled to float its shares and issue securities convertible into shares by public subscription or otherwise offer them for acquisition to an unlimited circle of people.

3. The floatation of shares (a company's issue securities convertible into shares) by closed subscription shall be effected only by the decision of a general meeting of shareholders whereby the authorised capital of the company is increased by means of floating additional shares (whereby the company's issue securities convertible into shares are floated), such a decision having been adopted by the majority of three quarters of votes of the shareholders owning voting shares and attending the general meeting of shareholders, unless a larger number of votes is required for such a decision by the charter of the company.

4. The floatation by public subscription of ordinary shares making up over 25 per cent of the ordinary shares floated earlier shall be effected only by the decision of a general meeting of shareholders adopted by a majority of three quarters of the votes of shareholders owning voting shares and attending the general meeting of shareholders, unless a larger number of votes is required to adopt such a decision by the charter of the company.

The floatation by public subscription of issue securities convertible into ordinary shares making up 25 per cent of the ordinary shares floated earlier where such issue securities are being converted into ordinary shares shall be effected only by the decision of a general meeting of shareholders adopted by a majority of three quarters of the votes of shareholders owning voting shares and attending the general meeting of shareholders, unless a larger number of votes is required to adopt such a decision by the charter of the company.

5. The floatation of a company's shares and other issue securities shall be effected by the company in compliance with the legal acts of the Russian Federation

BEGIN COMMENTARY:

Federal Law this Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Article in the previous wording

END COMMENTARY

Article 40. Safeguarding Shareholders' Rights in the Event of Floatation of Company's Shares and Issue Securities Convertible into Shares

1. The shareholders of a company shall have a priority right to acquire additional shares and issue securities convertible into shares, floated by public subscription, in proportion to the number of the shares of this category (type) they own.

A company's shareholders who voted against, or who did not take part in voting on the issue of, closed–subscription floating of shares and issue securities convertible into shares shall have a priority right to acquire additional shares and issue securities convertible into shares floated by closed subscription, in proportion to the number of the shares of this category (type) they own. This right shall not extend to the floatation of shares and other issue securities convertible into shares effected by closed subscription only among the shareholders if in this case the shareholders have an opportunity to acquire an integral number of floated shares and other issue securities convertible into shares, in proportion to the number of the shares of relevant category (type) they own.

2. A list of persons enjoying a priority right to acquire additional shares and issue securities convertible into shares shall be compiled on the basis of information in the register of shareholders as of the date when the decision is made whereby the additional shares and issue securities convertible into shares are to be floated. For the purpose of compilation of the list of persons enjoying a priority right to acquire additional shares and issue securities convertible into shares the

nominal holder of the shares shall present information on the person in whose interests the holder holds the shares.

BEGIN COMMENTARY:

Federal Law this Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Article in the previous wording

END COMMENTARY

Article 41. Procedure for Exercising a Priority Right to Acquire Shares and Issue Securities Convertible into Shares

1. The persons included in the list of persons enjoying a priority right to acquire a company's additional shares and issue securities convertible into shares shall be notified of the possibility of their exercising the right specified in Article 40 in compliance with the procedure stipulated by the present Federal Law concerning the announcement concerning the holding of a general meeting of shareholders.

The notice shall comprise information on the quantity of the shares and securities convertible into shares which are being floated, the floatation price thereof or the procedure for calculating such a price (in particular, their floatation price or the procedure for the calculation thereof in the event they exercise their priority right of acquisition), the procedure for determining the quantity of securities each shareholder is entitled to acquire and the effective term of the priority right, which cannot be less than 45 days after the time when the notice is forwarded (delivered) or published. Until the expiration of said term the company shall not be entitled to float additional shares and issue securities convertible into shares to persons who are not included in the list of persons enjoying a priority right to acquire additional shares and issue securities convertible into shares.

2. A person having a priority right to acquire additional shares and issue securities convertible into shares shall be entitled to exercise this right fully or partially by means of filing a written application for purchase of shares and issue securities convertible into shares and a document confirming that payment has been made for the shares and issue securities convertible into shares so purchased. The application shall comprise the shareholder's name, residential address (location) and the number of the securities purchased.

If the decision serving as grounds for floatation of additional shares and issue securities convertible into shares stipulates that payment for them is to be made in a non–monetary form persons exercising their priority right of acquisition shall be entitled to make the payment in money if they so wish. Chapter V. Dividends

BEGIN COMMENTARY:

Federal Law Federal Law  See the text of the Article in the previous wording

END COMMENTARY

Article 42. Dividend Disbursement Procedure for a Company

1. A company may, by the result of the first quarter, half–year, nine months of the financial year andor by the results of the financial year, take decisions on (announce) the payment of dividends on the placed shares, unless otherwise established by this Federal Law. The decision on the payment (announcement) of dividends by the result of the first quarter, halfyear and nine months of the financial year may be taken within three months after the termination of the relevant period.";

2. Dividends shall be payable out of the company's net profit. Dividends on preferred shares of certain types may be disbursed at the expense of company funds specifically intended for such a purpose.

3. The decisions on the payment (announcement) of dividends including the decisions on the rate of the dividend and the form of its payment on the shares of each category (type) shall be taken by a general meeting of shareholders. The rate of dividends may not exceed the one recommended by the board of directors (the supervisory board) of the company.

4. The time and procedure for the payment of dividends shall be determined by the charter of a company or by a decision of the general meeting of shareholders on the payment of dividends. If the charter of a company does not determine the time for the payment of dividends, then the time for their payment must not exceed 60 days from the day of the adoption of the decision on the payment of dividends.

GARANT 3992666, *3513

The list of persons having the rights to receive dividends shall be drawn up as on the date of the drawing up of the list of persons having the right to participate in the general meeting of shareholders at which the decision is taken on the payment of the relevant dividends. For drawing up the list of persons having the right to receive dividends, the nominal shareholder shall submit the date on the persons in whose interests he owns the shares.

BEGIN COMMENTARY:

Federal Law this Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Article in the previous wording

END COMMENTARY

Article 43. Limitations on Payment of Dividends

1. The company shall not be entitled to adopt a decision (to announce) on disbursement of dividends on shares:

until the entire charter capital of the company is paid up in full;

until the purchase of all stock which must be purchased in accordance with Article 76

 [*43014]

if, as of the date of such a decision, the company meets the criteria of insolvency (bankruptcy) under the legislation of the Russian Federation on insolvency (bankruptcy) or if such is going to occur as a result of the company's disbursing dividends;

 [*43015]

if as of the date of such a decision the value of the net assets of the company is less than its charter capital, plus the reserve fund, plus the excess over par value of the liquidation value determined by the charter of the issued preferred stock, or if it becomes less than the amount thereof as a result of the adoption of such a decision;

in the other cases specified in federal law.

BEGIN COMMENTARY:

Federal Law Article 42 of this Federal Law  See the text of the Item in the previous wording

END COMMENTARY

2. A company may not take a decision on (announce) the payment of dividends (including dividends by the results of the first quarter, half-year, or nine months of the financial year) on ordinary shares and preference shares whose rate of dividends has not been determined, if a decision has not been taken on the payment of dividends in full (including the accumulated dividends on the cumulative preference shares) on all types of the preference shares whose rate of dividends (including the dividends by the results of the first quarter, half-year, or nine months of the financial year) is determined by the charter of the company.

3. The company shall not be entitled to adopt a decision (to announce) as to the disbursement of dividends on preferred shares of a specific type in respect of which a dividend rate was determined by the charter of the company, unless a decision has been made to disburse dividends in full (in particular, to disburse in full all accumulated dividends on cumulative preferred shares) on all types of preferred shares which confer an advantage in terms of priority ranking in receiving dividends over the preferred shares of this type.

4. The company shall not be entitled to disburse announced dividends on shares:

if the company shows signs of insolvency (bankruptcy) as of the date of disbursement under the legislation of the Russian Federation on insolvency (bankruptcy) or if such are going to appear as result of the dividend disbursement;

if the company's net asset value as of the date of disbursement is less than the sum of its authorised capital, reserve fund and the surplus of the liquidation value of floated preferred shares over their face value set in the charter of the company or it is going to be less than said sum as the result of the dividend disbursement;

in the other cases stipulated by federal law.

In the event of termination of the circumstances described in this point the company shall disburse announced

dividends for the benefit of shareholders. Chapter VI. Shareholders Register

BEGIN COMMENTARY:

Federal Law this Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Article in the previous Article

END COMMENTARY

Article 44. Register of the Shareholders of a Company

1. A register of the shareholders of a company shall comprise information on each person registered, the quantity and categories (types) of shares recorded in the name of each registered person, other information as might be required under legal acts of the Russian Federation.

2. The company shall ensure the keeping and storing of the register of shareholders in compliance with the legal acts of the Russian Federation from the time of the company's state registration.

3. Either the company or a professional participant in the securities market pursuing the activity of keeping registers of the owners of registered securities (hereinafter referred to as a " registrar shall hold the register of the shareholders of a company.

[*44032]

The register of shareholders of a company having more than 50 shareholders shall be held by a registrar.

4. A company that has entrusted the keeping and storing of its register of shareholders to a registrar shall not be relieved from responsibility for the keeping and storing thereof.

5. A person registered in the register of shareholders of a company shall promptly notify the holder of the register of shareholders of the company on changes occurring in his details. If he fails to present information on such changes the company and the registrar shall not be responsible for the losses inflicted in connection therewith.

Article 45. Making Entries in the Shareholders Register

BEGIN COMMENTARY:

Federal Law Article 45 of this Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Item in the previous wording

END COMMENTARY

1. The making of an entry in the shareholders register shall be carried out at the demand of the shareholder or nominee holder of stock not later than three days after the submission of the documents provided for by statutory acts of the Russian Federation. A shorter term for making an entry in the register of shareholders of a company may be established by legal acts of the Russian Federation.

2. A refusal to make an entry in the shareholders register of a company shall not be permitted, except for in instances provided for by the laws of the Russian Federation. In the event of a refusal to make an entry in the shareholders register of the company, the holder of such register shall not later than five days from the presentation of the demand to make an entry in the shareholders register of the company send to the person demanding the making of the entry a reasoned explanation concerning the refusal to make the entry.

The refusal to make an entry in the shareholders register of a company may be appealed in court. By decision of the court the holder of the shareholders register of a company shall be obliged to make the respective entry in the said register.

Article 46. Extract from the Register of Shareholders

The holder of the shareholders register of a company shall at the demand of a shareholder or proxy holder of stock be obliged to confirm his rights to stock by means of the issuance of an extract from the shareholders register. Chapter VII. General Meeting of Shareholders

GARANT 3992666, *44032

BEGIN COMMENTARY:

On measures for protection of shareholders' rights and ensuring the interests of the State as an owner and a shareholder see Decree President of the Russian Federation No. 1210 of August 18, 1996

END COMMENTARY

BEGIN COMMENTARY:

Federal Law Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Article in the previous wording

END COMMENTARY

Article 47. The General Meeting of Shareholders

1. The general meeting of shareholders shall be the paramount managerial body of the company.

The company shall hold an annual general meeting of shareholders every year.

The annual general meeting of shareholders shall be convened on the dates stipulated by the charter of the company but at least two months after and within six months after the end of the financial year. The annual general meeting of shareholders shall decide the issues of election of the board of directors (supervisory board) of the company, the company's audit commission, the endorsement of the company's auditor, the issues specified in Subitem 11 Item 1 Article 48 of the present Federal Law and also other issues within the scope of responsibility of the general meeting of shareholders. General meetings of shareholders held apart from the annual general meeting shall be deemed extraordinary.

2. The federal executive body in charge of the securities market may establish other standards governing the procedure for preparing, convening and holding a general meeting of shareholders in addition to those set out in the present Federal Law.

BEGIN COMMENTARY:

See the Regulations Preparation, Convocation and Holding of a General Meeting of Shareholders approved by Decision 17ps of May 31, 2002

END COMMENTARY

3. In a company where all voting shares are owned by one shareholder decisions on issues relating to the scope of responsibility of the general meeting of shareholders shall be made solely by this shareholder in writing. In this case the provisions of the present chapter governing the procedure and term for preparing, convening and holding a general meeting of shareholders shall not apply, except for the provisions concerning the date of the annual general meeting of shareholders.

BEGIN COMMENTARY:

Federal Law Federal Law. The amendments  shall come into force of the official publication of the mentioned Federal Law  See the previous text of the Article

END COMMENTARY

Article 48. Authority of the General Meeting of Shareholders

1. The following shall be deemed to be within the scope of scope of responsibility of the general meeting of shareholders:

 [*481]

1) amending the constitution of the company or endorsing a new version of the constitution of the company;

 [*482]

2) re–organising the company;

 [*483]

GARANT 3992666, *483

3) liquidating the company, appointing a liquidation commission and endorsing an interim and the final liquidation balance sheets;

[*484]

4) determining the quantitative composition of the board of directors (supervisory board) of the company, electing its members and terminating their powers before due date;

[*485]

5) determining the quantity, face value, category (type) of announced shares and the rights conferred by such shares;

[*486]

6) increasing the authorised capital of the company by means of increasing the face value of shares or floating additional shares, unless the increase of the company's authorised capital by additional share floatation is referred to the scope of responsibility of the board of directors (supervisory board) of the company by the constitution of the company or the present Federal Law;

[*487]

7) decreasing the authorised capital of the company by means of cutting the face value of shares, acquiring (by the company) a part of shares for the purpose of cutting their total numbers and also redeeming the shares acquired or bought out by the company;

[*488]

8) forming the company's executive body, terminating its powers before due time, unless the resolution of these matters is put within the scope of responsibility of the company's board of directors (supervisory board) by the constitution of the company;

[*489]

9) electing the members of the audit commission (the auditor) of the company and terminating their (his) powers before due time;

[*4810]

10) endorsing an auditor for the company;

[*48101]

BEGIN COMMENTARY:

Federal Law Item 1 of Article 48 of this Federal Law with subitem 10.1:

END COMMENTARY

10.1) payment (announcement) of dividends by the results of the first quarter, half–year, or nine months of the financial year;

[*4811]

BEGIN COMMENTARY:

Federal Law Article 48 of this Federal Law  See the text of the Article in the previous wording

END COMMENTARY

11) approval of the annual reports and of the annual accounting reporting, including the reports on the profits and losses (accounts of profits and losses) of the company, and also the distribution of the profit (including the payment (announcement) of dividends, except the profit distributed as dividends by the results of the first quarter, half–year, or nine months of the financial year) and of the losses of the company by the results of the financial year;

[*4812]

12) setting out a procedure for holding the general meeting of shareholders;

[*4813]

13) electing the members of counts commission and terminating their powers before due time;

[*4814]

14) fractionalising and consolidating shares;

[*4815]

15) making decision as to the approval of deals in the cases stipulated by Article 83 of the present Federal Law;

[*4816]

16) making decisions as to the approval of large–scale deals in the cases stipulated by Article 79 of the present Federal Law;

[*4817]

17) the company's acquisition of floated shares in the cases stipulated by the present Federal Law;

[*4818]

18) making decisions on having a stake in holding companies, financial–industrial groups, associations and other unions of commercial organisations;

[*4819]

19) endorsing the in–house documents governing the operation of the company's bodies;

[*4820]

20) resolving other issues under the present Federal Law.

2. The issues put within the scope of responsibility of the general meeting of shareholders shall not be referred to the executive body of the company to be resolved by it.

The issues put within the scope of responsibility of the general meeting of shareholders shall not be referred to the board of directors (supervisory board) of the company to be resolved by it, except for the issues specified in the present Federal Law.

BEGIN COMMENTARY:

According to Federal Law closed subscription of stocks and securities convertible into stocks may only be adopted at the general meeting of shareholders

END COMMENTARY

BEGIN COMMENTARY:

Apparently there is a misprint in the text of the present Federal Law. Matters on increasing the charter capital of the joint–stock company shall be regulated by Articles 12   and

END COMMENTARY

3. The general meeting of shareholders shall have no right to consider and adopt decisions with regard to matters not referred to its authority by this Federal Law.

BEGIN COMMENTARY:

Federal Law Federal Law. The amendments  shall come into force of the official publication of the mentioned Federal Law  See the previous text of the Article

END COMMENTARY

Article 49. Decision of General Meeting of Shareholders

1. With the exception of instances established by federal laws, the following persons shall have the right to vote at a

general meeting of shareholders with regard to matters put up for voting:

holders of common stock of the company;

holders of preferred stock of the company in the instances provided for by this Federal Law.

Voting stock of the company shall be common stock or preferred stock granting to the holder thereof the right to vote.

2. The decision of a general meeting of shareholders with regard to a matter put up for voting shall be adopted by a majority vote of the holders of voting stock of the company participating in the meeting, unless a larger number of votes is required by this Federal Law otherwise established.

The counting of votes at a general meeting of shareholders with regard to a matter put up for voting, and the right of vote when deciding who possesses it shall be carried out with regard to all voting stock jointly, unless otherwise provided for by this Federal Law.

3. A decision with regard to the matters specified in Subclauses 2,
6 , and through 19 of Clause 1 of Article 48 be adopted by a general meeting of shareholders only upon the proposal of the board of directors (or supervisory board), unless otherwise provided for by the charter of the company.

4. Decision on the issues specified in Subitems 1 – 3 , 5 and 17 of Item 1 Article 48 of the present Federal Law shall be adopted by a general meeting of shareholders by the majority of three quarters of the votes of shareholders owning voting shares and attending the general meeting of shareholders.

5. The procedure for the adoption by the general meeting of shareholders of a decision regarding the procedure for conducting the general meeting of shareholders shall be established by the charter of the company or by the internal documents of the company approved by resolution of the general meeting of shareholders.

6. The general meeting of shareholders shall have no right to adopt decisions with regard to matters not included on the agenda of the meeting, nor to change the agenda.

7. A shareholder shall have the right to appeal to a court a decision adopted by the general meeting of shareholders in violation of the requirements of this Federal Law, other laws of the Russian Federation, and the charter of the company, if he did not take part in the general meeting of shareholders or he voted against the adoption of such decision and his rights and legal interests were violated by the said decision. The court shall have the right, taking into account all the circumstances of the case, to leave the decision appealed in force, if the vote of such shareholder could not influence the results of the voting, the violation permitted was not material, and the decision did not injure the particular shareholder. Such an application may be filed with the court within six months after the date when the shareholder learned or was supposed to learn about the decision so made.

BEGIN COMMENTARY:

Federal Law Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Article in the previous wording

END COMMENTARY

Article 50. The General Meeting of Shareholders in the Form

of Postal Voting

1. A decision of the general meeting of shareholders may be adopted by postal voting without holding a meeting (joint attendance of shareholders for the purpose of discussing an agenda and adopting decisions on the matters put up for vote).

2. A general meeting of shareholders of which the agenda includes the issues of election of the board of directors (supervisory board) of the company, the audit commission of the company, endorsement of an auditor for the company and also the issues specified in Item 1 Article 48 voting.

BEGIN COMMENTARY:

Federal Law Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Article in the previous wording

END COMMENTARY

Article 51. Right to Participate in a General Meeting of Shareholders

1. The list of persons entitled to attend the general meeting of shareholders shall be drawn up on the basis of data of the shareholders register of the company. In the event the special right of participation of the Russian Federation, a Russian region or a municipal entity in the management of the company ("golden share") is being exercised the list shall also include representatives of the Russian Federation, the Russian region or the municipal entity.

[*5112]

The date of compilation of the list of persons entitled to attend the general meeting of shareholders shall not be set before the date of the decision to hold a general meeting of shareholders and more than 50 days, or in the case stipulated by Item 2 Article 53 Law, 65 days, prior to the date of a general meeting of shareholders.

If a general meeting of shareholders is conducted in which ballots received by the company in accordance with Clause 2 of Article 58 Federal Law participate in determining the quorum and the voting, then the date of drawing up the list of persons entitled to attend the general meeting of shareholders shall be established not less than 45 days before the date of holding the general meeting of shareholders.

2. The proxy holder of stock shall submit data concerning the persons in whose interests he possesses stock on the date of drawing up the list in order to draw up the list of persons entitled to attend the general meeting of shareholders.

3. The list of persons entitled to attend the general meeting of shareholders shall contain the name of each such person, its identification details, information on the quantity and category (type) of the shares whereby the person has voting rights, the postal address in the Russian Federation to which a notice of a forthcoming general meeting of shareholders, ballot papers if voting requires ballot paper mailing and a report on the results of voting are to be sent.

4. The list of persons entitled to attend the general meeting of shareholders shall be provided by the company at the request of the persons included in the list and having at least one per cent of votes. In this case the details of the documents and the postal addresses of the persons included in the list shall be provided only on the consent of such persons.

On the application of any person concerned the company shall within three days provide an abstract from the list of persons entitled to attend the general meeting of shareholders comprising information on this person or a statement to the effect that this person is not on the list of persons entitled to attend the general meeting of shareholders.

5. Changes in the list of persons entitled to attend the general meeting of shareholders may be made only in the event of the reinstatement of violated rights of persons not included in said list on the date of its drawing up or the correction of errors permitted when drawing it up.

BEGIN COMMENTARY:

Federal Law Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Article in the previous wording

END COMMENTARY

Article 52. Information on a Forthcoming General Meeting of Shareholders

1. An announcement of a forthcoming general meeting of shareholders shall be made at least 20 days prior to the meeting and an announcement of a forthcoming general meeting of shareholders having on its agenda the issue of re–organisation of the company, at least 30 days prior to the meeting.

In the event stipulated in Item 2 Article 53 Law an announcement of a forthcoming extraordinary general meeting of shareholders shall be made at least 50 days prior to the meeting.

Within said term the announcement of a forthcoming general meeting of shareholders shall be forwarded to each of the persons on the list of persons entitled to attend the general meeting of shareholders, by registered mail, unless another method is specified in the charter of the company for sending this message in writing, or delivered to each of the said persons against their signatures, or if there is a provision to this effect in the charter of the company, published in a printed publication specified by the charter of the company as available to all the shareholders of the company.

The company has the right to additionally notify shareholders of a forthcoming general meeting of shareholders via other mass media (television, radio).

GARANT 3992666, *5112

2. The following shall be indicated in an announcement of a forthcoming general meeting of shareholders:

the full name of the company and its location;

the form of the forthcoming general meeting of shareholders (meeting or postal voting);

the date, place and time of the forthcoming general meeting of shareholders and in the event completed ballot papers can be sent to the company under Item 3 Article 60 address to which they can be mailed, or in the event of the general meeting of shareholders being held in the form of voting, the deadline for receipt of ballot papers and the postal address to which completed ballot papers must be mailed;

the date of compilation of the list of persons entitled to attend the general meeting of shareholders;

the agenda of the general meeting of shareholders;

the procedure for getting familiarised with information (materials) offered in preparation for the general meeting of shareholders and the address (addresses) where one can familiarise oneself with them.

BEGIN COMMENTARY:

Decision 2002 established that in an announcement on a forthcoming general meeting there also shall be indicated the time of beginning registration of the attending persons

END COMMENTARY

3. The information (materials) that must be presented to persons entitled to attend the general meeting of shareholders in preparation for holding such a meeting shall be as follows: annual financial statements, in particular, an auditor's report, statement of the company's in-house audit commission on the results of verification of annual financial statements, information on nominees to the company's executive bodies, board of directors (supervisory board), in-house audit commission, vote counting commission, draft amendments to the charter of the company or a new version of the charter of the company, draft in-house documents of the company, draft decisions of the general meeting of shareholders and also the information (documents) stipulated by the charter of the company.

A list of additional information (materials) which must be offered to persons entitled to attend the general meeting of shareholders in preparation for a general meeting of shareholders may be established by the federal executive body in charge of the securities market.

BEGIN COMMENTARY:

See the Regulations Preparation, Convocation and Holding of a General Meeting of Shareholders approved by Decision 17ps of May 31, 2002

END COMMENTARY

BEGIN COMMENTARY:

On the Submission of Information About the Observance of the Code of Corporate Behaviour in Annual Reports by Joint-stock Companies, see
Methodological Recommendations approved by Decision Commission for the Securities Market No. 03-849r of April 30, 2003

END COMMENTARY

[*52033]

The information (materials) envisaged in the present article shall within 20 days, or in the event of a general meeting of shareholders having on its agenda the issue of re-organisation of the company, within 30 days prior to the date of the general meeting of shareholders be available for the persons entitled to attend the general meeting of shareholders so that they can familiarise themselves with them on the premises of the executive body of the company or in other places the addresses of which are indicated in the announcement on the forthcoming general meeting of shareholders. The information (materials) must be made available to the persons attending the general meeting of shareholders, during the meeting.

Where a person entitled to attend the general meeting of shareholders so requests the company shall provide copies of the aforesaid documents thereto. The payment charged by the company for these copies shall not exceed the cost thereof.

4. If a person registered in the register of shareholders of a company is the nominal holder of shares the announcement of a forthcoming general meeting of shareholders shall be forwarded to the address of the nominal holder of shares if no other postal address is indicated in the list of persons entitled to attend the general meeting of shareholders for mailing an announcement of a forthcoming general meeting of shareholders. If an announcement of a forthcoming general meeting of shareholders has been forwarded to the nominal holder of shares he shall bring it to the notice of his clients in compliance with the procedure and within a term established by legal acts of the Russian Federation or a contract with a client.

BEGIN COMMENTARY:

Federal Law Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Article in the previous wording

END COMMENTARY

Article 53. Proposals for the Agenda of a General Meeting of Shareholders

1. Shareholders (a shareholder) owning in their aggregate at least two per cent of the voting shares of a company shall be entitled to put issues on the agenda of an annual general meeting of the company and nominate candidates to the board of directors (supervisory board) of the company, collective executive body, in-house audit commission and the accounts commission of the company, the number of which cannot exceed the number of members of a relevant body and also a candidate to the position of sole executive body. Such proposals shall be passed to the company within 30 days after the end of the financial year, unless a later deadline is set by the charter of the company.

2. If an agenda proposed for an extraordinary general meeting of shareholders includes the issue of election of members of the board of directors (supervisory board) of the company who must be elected by cumulative vote shareholders (a shareholder) of the company who own in aggregate at least two per cent of the voting shares of the company shall be entitled to propose nominees for election to the board of directors (supervisory board) of the company in a number not exceeding the number of members of the board of directors (supervisory board) of the company. Such proposals shall be passed to the company at least 30 days prior to the date of the extraordinary general meeting of shareholders, unless a later deadline is set by the charter of the company.

3. A proposal for putting issues on the agenda of a general meeting of shareholders and a proposal concerning nominees shall be filed in writing including indication of the name of the shareholders (shareholder) who file them, the quantity and category (type) of shares they own and the signatures of the shareholders (shareholder).

4. A proposal for putting issues on the agenda of a general meeting of shareholders shall formulate each item being proposed and a proposal concerning nominees shall state the name of each nominee, the name of the body to which heshe is proposed for election and also other information on himher as stipulated by the charter or in-house documents of the company. A proposal for putting issues on the agenda of a general meeting of shareholders may include a proposed decision on each proposed issue.

5. The board of directors (supervisory board) of the company shall consider the proposals it receives and decide as to their inclusion in the agenda of the general meeting of shareholders or refusal to include them in such an agenda, within five days after the expiration of the terms specified in Items 1 and 2 of the present article. An issue proposed by shareholders (shareholder) shall be included in the agenda of the general meeting of shareholders and nominees shall be included in the list of nominees for voting in the elections to a relevant body of the company, except for cases when:

the shareholders (shareholder) have failed to observe the terms specified in Items 1   and 2

the shareholder (shareholders) do not own the quantity of the company's voting shares required under Items 1 and 2 of the present article;

the proposal does not comply with the provisions of Items 3   and 4 the present article;

the issue proposed for inclusion in the agenda of the general meeting of shareholders is beyond its scope of responsibility andor does not comply with the provisions of the present Federal Law and other legal acts of the Russian Federation.

6. A substantiated decision of the board of directors (supervisory board) of the company to refuse the inclusion of a proposed item in the agenda of a general meeting of shareholders or a nominee in the list of nominees for voting on the elections to a certain body of the company shall be forwarded to the shareholders (shareholder) who made the proposal or put forward the nominee, within three days after the date of the decision.

A decision of the board of directors (supervisory board) of the company to refuse the inclusion of an issue in the agenda of the general meeting of shareholders or a nominee in a list of nominees for voting in the election to a certain body of the company and also the evasion by the board of directors (supervisory board) of the company of decision-making shall be subject to court appeal.

7. The board of directors (supervisory board) of a company shall not be entitled to amend the wording of issues proposed for the agenda of a general meeting of shareholders and the wording of decisions on such issues.

Apart from issues proposed for inclusion in the agenda of a general meeting of shareholders by shareholders and also in the event of lack of such proposals, the lack or insufficient number of nominees proposed by shareholders in respect of a certain body the board of directors (supervisory board) of the company shall be entitled to put issues in the agenda of the general meeting of shareholders or nominees in a list of nominees at their own discretion.

BEGIN COMMENTARY:

Federal Law Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Article in the previous wording

END COMMENTARY

Article 54. Preparation for Holding a General Meeting of Shareholders

1. While preparing for a general meeting of shareholders the board of directors (supervisory board) of a company shall determine the following:

the form of the general meeting of shareholders (a meeting or postal voting);

the date, place, time of the forthcoming general meeting of shareholders and if completed ballot papers may be sent to the company under Item 3 Article 60 address to which completed ballot papers can be mailed, or in the case when the general meeting of shareholders is done by postal voting, the deadline for receipt of ballot papers and a postal address to which completed ballot papers must be sent;

the date when the list of persons entitled to attend the general meeting of shareholders is drawn up;

the agenda of the general meeting of shareholders;

the procedure for informing shareholders of the forthcoming general meeting of shareholders;

a list of information (materials) to be offered to shareholders in preparation for the forthcoming general meeting of shareholders and the procedure for the provision thereof;

the form and text of a ballot paper if voting is going to be done using ballot papers.

BEGIN COMMENTARY:

Decision 2002 established that in making preparations for holding general meeting shall be taken decisions on the determination of type (types) of preference shares the holders of which possess the right to vote on the issues of agenda of general meeting, and upon preparation for holding the general meeting, held in the form of a meeting, – and also on the time of the beginning of registration of the persons taking part in such general meeting

END COMMENTARY

2. The agenda of a general meeting of shareholders shall by all means include the issues of election of the board of directors (supervisory board) of the company, in-house audit commission of the company, endorsement of an auditor for the company and also the issues specified in Subitem 11 Item 1 Article 48 Law.

BEGIN COMMENTARY:

Federal Law Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Article in the

GARANT 3992666, *52033

previous wording

END COMMENTARY

Article 55. Extraordinary General Meetings of Shareholders

1. An extraordinary general meeting of shareholders shall be convened by the decision of the board of directors (supervisory board) of a company on its own initiative, at the request of the in–house audit commission, an auditor for the company or shareholders (shareholder) who own at least ten per cent of the voting shares of the company as of the date of the request.

The convocation of a general meeting of shareholders at the request of the in–house audit commission of the company, an auditor of the company or shareholders (shareholder) owning at least ten per cent of the voting shares of the company shall be effected by the board of directors (supervisory board) of the company.

2. An extraordinary general meeting of shareholders convened on the request of the in–house audit commission of the company, an auditor of the company or shareholders (shareholder) owning at least ten per cent of the voting shares of the company shall be held within 40 days after the filing of a request for convocation of an extraordinary general meeting of shareholders.

[*55022]

If the agenda proposed for the extraordinary general meeting of shareholders includes the issue of election of members of the board of directors (supervisory board) of the company who must be elected by cumulative vote such a general meeting of shareholders shall be convened within 70 days after the filing of the request for convocation of a general meeting of shareholders, unless a shorter term is required by the charter of the company.

3. In cases when under Articles 68 – 70 the board of directors (supervisory board) of a company must make a decision to convene an extraordinary general meeting of shareholders such a general meeting of shareholders shall be convened within 40 days after the date when the decision to convene it was adopted by the board of directors (supervisory board) of the company, unless a shorter term is envisaged by the charter of the company.

[*55032]

In cases when under the present Federal Law the board of directors (supervisory board) of a company must make a decision to convene an extraordinary general meeting of shareholders for the purpose of electing members of the board of directors (supervisory board) of the company who must be elected by cumulative voting such a general meeting of shareholders shall be convened within 70 days after the date when the decision to convene it was adopted by the board of directors (supervisory board) of the company, unless a shorter term is envisaged by the charter of the company.

4. The request for convocation of an extraordinary general meeting of shareholders shall include issues to be put on the agenda thereof. The request for convocation of an extraordinary general meeting of shareholders may include the wording of decisions on each of such issues and also a proposal for the form of the general meeting of shareholders. If the request for convocation of an extraordinary general meeting of shareholders contains a proposal concerning nominees such a proposal shall be subject to the relevant provisions of Article 53 Federal Law.

The board of directors (supervisory board) of a company is not entitled to amend the wording of agenda items or decisions on such items or to change the proposed form of holding the extraordinary general meeting of shareholders convened at the request of the in–house audit commission, an auditor of the company or shareholders (shareholder) owning at least ten per cent of the voting shares of the company.

5. If the request for convening an extraordinary general meeting of shareholders has been initiated by shareholders (shareholder) it shall contain the names of the shareholders (shareholder) which demand the convocation of such a general meeting of shareholders and an indication of the quantity, category (type) of the shares they own.

The request for convening an extraordinary general meeting of shareholders shall be signed by the persons (person) requesting the convocation of the extraordinary general meeting of shareholders.

6. Within five days after the date when a request for convocation of an extraordinary general meeting of shareholders was filed by the in house audit commission of the company, an auditor of the company or shareholders (shareholder) owning at least ten per cent of the voting shares of the company, the board of directors (supervisory board) of the company

shall adopt a decision to convene the extraordinary general meeting of shareholders or to refuse to convene it.

The decision to refuse to convene an extraordinary general meeting of shareholders at the request of the in–house audit commission of a company, an auditor for the company or shareholders (shareholder) owning at least ten per cent of the voting shares of the company may be adopted if:

the procedure established by the present article for filing a request for convocation of an extraordinary general meeting of shareholders has not been observed;

the shareholders (shareholder) requesting the convocation of an extraordinary general meeting of shareholders do not own the quantity of the company's voting shares required by Item 1

none of the issues proposed for the agenda of the extraordinary general meeting of shareholders is within the scope of responsibility thereof andor complies with the provisions of the present Federal Law and other legal acts of the Russian Federation.

7. The decision of the board of directors (supervisory board) of a company to convene an extraordinary general meeting of shareholders or the substantiated decision to refuse to convene such a meeting shall be forwarded to the persons who requested the convocation thereof, within three days after the date of the decision.

The decision of the board of directors (supervisory board) of a company to refuse to convene an extraordinary general meeting of shareholders shall be subject to court appeal.

8. If the board of directors fails to adopt a decision to convene an extraordinary general meeting of shareholders or adopts a decision to refuse to convene it, within the term established by the present Federal Law, the extraordinary general meeting of shareholders may be convened by the bodies and persons demanding the convocation thereof. In such a case the bodies and persons convening the extraordinary general meeting of shareholders have the powers stipulated by the present Federal Law which are required for convening and holding a general meeting of shareholders. In such a case the expenses incurred for the preparation and holding of the general meeting of shareholders may be reimbursed at the decision of a general meeting of shareholders by the company.

BEGIN COMMENTARY:

Federal Law Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Article in the previous wording

END COMMENTARY

Article 56. Counting Commission

1. A counting commission, the quantitative and personal composition of which shall be approved by the general meeting of shareholders, shall be created in any company with more than one hundred holders of voting stock.

In a company having its register of shareholders held by a
registrar functions of a vote counting commission. In a company with more than 500 shareholders owning voting shares the functions of a vote counting commission shall be performed by the registrar.

2. Not less than three persons may be on the counting commission. Members of the board of directors (or supervisory board), members of the audit commission (or internal auditor), members of a collegial executive body, a one–person executive body of the company, and likewise the management organization or manager, and also persons nominated as candidates for such offices are excluded from the counting commission composition.

3. If the effective term of powers of the vote counting commission has expired or the number of its members has become less than three and also when less than three members of the vote counting commission report for performing their duties the registrar may be asked to carry out the functions of the counts commission.

4. The counting commission shall verify powers and register persons attending the general meeting of shareholders, determine the quorum of the general meeting of shareholders, explain matters arising in connection with the realization by shareholders (or their representatives) of the right to vote at a general meeting, explain the procedure of voting with regard to matters submitted for voting, ensure the established procedure of voting and the right of shareholders to participate in the voting, count the votes, and total up the results of the voting, draw up minutes on the results of the voting, and transfer the ballots for voting to the archives. !CLASS CIVIL LEGISLATION, PRIVATIZATIONREPRESENTATION, POWER

GARANT 3992666, *55032

OF ATTORNEY

Article 57. Procedure for Participation of Shareholders in a General Meeting of Shareholders

1. The right to participate in a general meeting of shareholders shall be carried out by the shareholder, either personally or through his representative.

A shareholder shall have the right at any time to replace his representative at a general meeting of shareholders, or personally to take part in the general meeting of shareholders.

The representative of a shareholder at a general meeting of shareholders shall operate in accordance with his powers, based on the instructions of federal laws or acts of duly empowered State agencies of agencies of local self–government, or of a power of attorney drawn up in writing. A power of attorney for voting must contain information concerning the person representing as representative (name, place of residence or location, passport data). A power of attorney for voting must be formalized in accordance with the requirements of Clauses 4 of Article 185 by a notary.

BEGIN COMMENTARY:

Federal Law Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Item in the previous wording

END COMMENTARY

2. In the event of the transfer of stock after the date of drawing up the list persons having a right to attend the general meeting of shareholders and before the date of conducting the general meeting of shareholders, the person included in this list having the right to participate in the general meeting of shareholders shall be obliged to issue to the acquirer a power of attorney for voting or to vote at the general meeting in accordance with the instructions of the acquirer of the stock. Said rule also shall apply to each subsequent instance of the transfer of a stock.

3. If a share of stock is held in common ownership by several persons, then the powers relating to voting at the general meeting of shareholders shall be carried out at their discretion by one of the common owners, or by their common representative. The powers of each of said persons must be duly formalized.

BEGIN COMMENTARY:

Federal Law Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Article in the previous wording

END COMMENTARY

Article 58. The Quorum of a General Meeting of Shareholders

1. The general meeting or shareholders shall be deemed competent (deemed to have a quorum) if it is attended by shareholders owning in their aggregate more than half of the votes of floated voting shares of the company.

The "shareholders attending a general meeting of shareholders" shall be deemed the shareholders who have registered for the purpose of attending the meeting and the shareholders whose ballot papers were received at least two days prior to the date of the general meeting of shareholders. In the case of a general meeting of shareholders held in the form of postal voting the "shareholders attending a general meeting of shareholders" shall be deemed the shareholders whose ballot papers were received prior to the deadline for receipt of ballot papers.

2. If the agenda of a general meeting of shareholders includes issues to be voted on by various classes of voters the quorum for adoption of a decision on these issues shall be determined separately. In such a case the lack of a quorum for adopting a decision on issues voted on by one class of voters shall not be an obstacle for adopting a decision on issues voted by a different class of voters for which a quorum is available.!SUB 5803

3. If there is no quorum for holding an annual general meeting of shareholders a repeated general meeting of shareholders with the same agenda shall be convened. If there is no quorum for holding an extraordinary general meeting of shareholders a repeated general meeting of shareholders with the same agenda may be convened.

A repeated general meeting of shareholders shall be competent (shall be deemed to have a quorum) if attended by shareholders owing in their aggregate at least 30 per cent of the votes of floated voting shares of the company. The charter of a company with more than 500 thousand shareholders may envisage a smaller quorum for holding a repeated general

meeting of shareholders.

An announcement of convocation of a repeated general meeting of shareholders shall be issued under Article 52 In such a case the provisions of Paragraph 2 Item 1 Article 52 present Federal Law shall not apply. The delivery, forwarding and publication of ballot papers in the case of a repeated general meeting of shareholders shall be effected in compliance with the provisions of
Article 60

4. When a repeated general meeting of shareholders is held within 40 days after a failed general meeting of shareholders the persons entitled to attend the general meeting of shareholders shall be designated according to the list of the persons entitled to attend the failed general meeting of shareholders.

BEGIN COMMENTARY:

Federal Law Federal Law. The amendments shall come into force January 1, 2002 See the text of the Article in the previous wording

END COMMENTARY

Article 59. Voting at a General Meeting of Shareholders

Voting at a general meeting of shareholders shall be carried out according to the principle of "one share – one vote", except for conducting of a cumulative vote in the case stipulated by for by this Federal Law.

BEGIN COMMENTARY:

Federal Law Federal Law. The amendments shall come into force January 1, 2002 See the text of the Article in the previous wording

END COMMENTARY

Article 60. The Ballot Paper

1. Voting on the agenda of a general meeting of shareholders may be done using ballot papers.

Voting on the agenda of a general meeting of shareholders of a company with more than 100 shareholders owning voting shares and also voting on the agenda of a general meeting of shareholders held in the form of postal voting shall be effected only using ballot papers.

2. A ballot paper shall be handed out against a signature to every person mentioned in the list of persons entitled to attend the general meeting of shareholders (a representative thereof) registered for the purpose of attending a general meeting of shareholders, except for the cases specified in Paragraph 2 of the present item.

Where a general meeting of shareholders is held in the form of postal voting and a general meeting of shareholders of a company with 1,000 and more shareholders owning voting shares and also of another company of which the charter envisages a compulsory forwarding (delivery) of ballot papers before a general meeting of shareholders, a ballot paper shall be forwarded or delivered against a signature to each person mentioned in the list of persons entitled to attend the general meeting of shareholders, not later than 20 days prior to the date of the general meeting of shareholders.

The ballot paper shall be forwarded by registered mail, unless another forwarding method is stipulated by the charter of the company.

The charter of a company having more than 500 thousand shareholders may envisage publication of ballot paper forms in a printed publication designated by the company to which all the shareholders of the company have access.

3. When a general meeting of shareholders is being held, except for a general meeting of shareholders held in the form of postal voting, by companies forwarding (delivering) ballot papers or publication of ballot paper forms in keeping with Item 2 of the present article, the persons included in the list of persons entitled to attend the general meeting of shareholders (representatives thereof) shall be entitled to attend such a meeting or send completed ballot papers to the company. In such a case, when the quorum is being determined and voting results are being calculated, account shall be taken of the votes represented by the ballot papers received by the company at least two days prior to the date of the general meeting of shareholders.

4. The ballot paper shall comprise the following:

the full company name of the company and its location;

the form of the general meeting of shareholders (a meeting or mail voting);

the date, place and time of the general meeting of shareholders and in cases when, under item 3 of the present article, completed ballot papers may be mailed to the company, a postal address to which ballot papers may be mailed, or in cases when the general meeting of shareholders is held in the form of postal voting, the deadline for receipt of ballot papers and a postal address to which completed ballot papers are to be sent;

the wording of decisions on each issue (the name of each nominee) on which voting is done using a given ballot paper;

voting options for each agenda item expressed with the words "for", "against" or "abstain";

an indication that the ballot paper must be signed by the shareholder.

In the event of cumulative voting the ballot paper shall contain an indication to this effect and an explanation of the meaning of cumulative voting.

Article 61. Counting Votes in Ballot Voting

In the event of voting carried out by ballots, the votes shall only be counted with regard to those matters for which the voter has given one of the possible votes. Ballots for voting which are filled out in a violation of the aforesaid requirement shall be deemed invalid and the votes shall not be counted with regard to the matters contained therein.

If a ballot for voting contains several matters issued on the ballot, then the failure to comply with the aforesaid requirement with respect to one or several matters shall not invalidate any correctly formulated votes on other matters.

BEGIN COMMENTARY:

Federal Law Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Article in the previous wording

END COMMENTARY

Article 62. Minutes and Report on the Results of Voting

1. The counting commission shall draw up minutes with regard to the results of voting, signed by the members of the counting commission or by the person fulfilling the functions thereof. The minutes of voting results shall be compiled within 15 days after the closing of the general meeting of shareholders or the deadline for receipt of ballot papers where the general meeting of shareholders is held by postal voting.

2. After drawing up the minutes concerning the results of the voting and signing the minutes of the general meeting of shareholders, the ballots for voting shall be sealed by the counting commission and handed over to the company archives for storage.

BEGIN COMMENTARY:

See Regulations Joint–Stock Companies, endorsed by  Decision Market Commission No. 03–33ps of July 16, 2003

END COMMENTARY

3. The minutes concerning the results of the voting shall be subject to being attached to the minutes of the general meeting of shareholders.

4. The decisions adopted by a general meeting of shareholders and also the results of voting shall be announced at the general meeting of shareholders during which the voting was held or made available within ten days after the execution of minutes on the results of voting in the form of a report on the results of voting for the purpose of informing the persons included in the list of persons entitled to attend the general meeting of shareholders, in the manner envisaged for a notice of a forthcoming general meeting of shareholders.

Article 63. Minutes of a General Meeting of Shareholders

1. The minutes of a general meeting of shareholders shall be drawn up not later than 15 days after the closing of the

general meeting of shareholders, in two copies. Both copies shall be signed by the person presiding at the general meeting of shareholders and by the secretary of the general meeting of shareholders.

2. There shall be specified in the minutes of a general meeting of shareholders:

the place and time of holding the general meeting of shareholders;

the total quantity of votes which the holders of voting stock of the company possess;

the quantity of votes which the shareholders taking part in the meeting possessed;

the chairman (or presidium) and secretary of the meeting and the agenda of the meeting.

The basic points of the speeches, the matters put up for voting, the results of the voting with regard to them, and the decisions adopted by the meeting must be contained in the minutes of the general meeting of shareholders of the company. Chapter VIII. Board of Directors (or Supervisory Board) of a Company and Executive Body of a Company

BEGIN COMMENTARY:

On supervision council and the Director General of workers'joint–stock companies (the people's enterprises) see Federal Law of the Russian Federation No. 115–FZ of July 19, 1998

END COMMENTARY

Article 64. Board of Directors (or Supervisory Board) of a Company

BEGIN COMMENTARY:

Federal Law paragraph 1 of Item 1 of Article 64 of this Federal Law. The amendments  shall come into force January 1, 2002  See the text of the paragraph in the previous wording

END COMMENTARY

1. The board of directors (or supervisory board) shall exercise general direction over the activity of the company, except for the deciding of matters relegated by this Federal Law to the authority of the general meeting of shareholders.

[*6412]

In a company with less than fifty holders of voting stock, the charter of the company may provide that the functions of the board of directors of the company (or supervisory board) shall be carried out by the general meeting of shareholders. In such event, the charter of the company must contain an instruction concerning the specified person or body of the company to whose authority the decision of the issue of conducting a general meeting of shareholders and the approval of its agenda is relegated.

2. By decision of the general meeting of shareholders, the members of the board of directors (or supervisory board) of the company may in the period during which they perform their duties be paid remuneration andor their expenses connected with their performance of the functions of members of the board of directors (or supervisory board) may be compensated. The amounts of such remuneration and contributory compensation shall be established by decision of the general meeting of shareholders.

BEGIN COMMENTARY:

Federal Law Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Article in the previous wording

END COMMENTARY

Article 65. The Scope of Responsibility of the Board of Directors (Supervisory Board) of a Company

1. The scope of responsibility of the board of directors (supervisory board) of a company shall include the resolution of issues of the general running of the company, except for issues deemed under the present Federal Law to be within the scope of responsibility of the general meeting of shareholders.

The following matters shall be within the scope of responsibility of the board of directors (supervisory board) of a

GARANT 3992666, *6412

company:

1) setting out priority guidelines of the company's development;

[*6502]

2) convening annual and extraordinary general meetings of shareholders, except for the cases specified in Item 8 Article 55 present Federal Law;

[*6503]

3) endorsing the agenda of a general meeting of shareholders;

[*6504]

4) setting a date for the compilation of the list of persons entitled to attend a general meeting of shareholders and other matters deemed to be the responsibility of the board of directors (supervisory board) of a company under the provisions of Chapter VII of the present Federal Law and connected with the preparation and holding of a general meeting of shareholders;

[*6505]

5) increasing the authorised capital of the company by means of the company floating additional shares within the maximum limits of the quantity and categories (types) of announced shares if this is within its scope of responsibility under the present Federal Law;

[*6506]

[*6596]

6) the floating of bonds and other issue securities by the company in the cases specified by the present Federal Law;

[*6507]

7) assessing the price (valuation in terms of money) of assets, the floatation price and the buy-out price of issue securities in the cases specified in the present Federal Law;

[*6508]

8) acquiring shares, bonds and other securities floated by the company, in the cases specified by the present Federal Law;

[*6509]

9) forming an additional body of the company and terminating before the due date its powers if this is deemed within the scope of its powers under the charter of the company;

[*6510]

10) issuing recommendations as to the amount of remuneration and compensation payable to members of the in-house audit commission of the company and setting the rate of fee payable for the services of an auditor;

[*6511]

11) issuing recommendations as to the rate of dividend on shares and the procedure for the disbursement thereof;

[*6512]

12) using the company's reserve fund and other funds;

[*6513]

13) endorsing in-house documents of the company, except for in-house documents which under the present Federal Law must be endorsed by the general meeting of shareholders and also other in-house documents of the company which under the charter of the company must be endorsed by the executive bodies of the company;

[*6514]

14) forming branches and opening representative offices of the company;

[*6515]

15) approving large–scale deals in the cases specified in Chapter X of the present Federal Law;

[*6516]

16) approving the deals stipulated by Chapter XI Federal Law;

[*6517]

17) endorsing the registrar of the company and the terms of agreement with the registrar and also rescinding this agreement;

[*6518]

18) other matters envisaged by the present Federal Law and the charter of the company.

2. Matters within the scope of responsibility of the board of directors (supervisory board) of a company shall not be assigned to the executive body of the company to be resolved by it.

BEGIN COMMENTARY:

Federal Law Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Article in the previous wording

END COMMENTARY

Article 66. Election of the Board of Directors (or Supervisory Board)

1. The members of the board of directors (supervisory board) of a company shall be elected by a general meeting of shareholders in the manner envisaged by the present Federal Law and the charter of the company, for a term ending at the time of the next annual general meeting of shareholders. If the general meeting of shareholders was not held when due according to Item 1 Article 47 powers of the board of directors (supervisory board) shall be terminated, except the power to prepare, convene and hold the annual general meeting of shareholders.

Persons elected to the board of directors (or supervisory board) of a company may be re–elected an unlimited number of times.

[*6613]

By decision of the general meeting of shareholders, the powers of any member (or all members) of the board of directors (or supervisory board) of the company may be terminated before their natural expiration.

[*6614]

In the event of the election of members of the board of directors (or supervisory board) by cumulative voting in accordance with Clause 4 shareholders concerning the termination of powers at an earlier date may be adopted only with respect to all members of the board of directors (or supervisory board) of the company.

2. Only a natural person may be a member of the board of directors (supervisory board) of a company. A member of the board of directors (supervisory board) of a company shall not be a shareholder of the company.

[*6622]

The members of a collective executive body of the company shall not make up more than one quarter of the members of the board of directors (supervisory board) of the company. A person exercising the functions of a sole executive body shall not be at the same time chairman of the board of directors (supervisory board) of the company.

3. The number of directors (or supervisory board) shall be determined by the charter of the company or by decision of the general meeting of shareholders in accordance with the requirements of this Federal Law.

[*6632]

For a company with more than one thousand holders of voting stock, the quantitative composition of the board of

directors (or supervisory board) of the company may not be less than seven members, and for a company with more than ten thousand holders of common and other voting stock, not less than nine members.

4. Elections of members of the board of directors (or supervisory board) of a company with more than one thousand holders of voting stock shall be carried out by cumulative voting. In a company with 1,orand below holders of common stock cumulative voting in the election of members of the board of directors (or supervisory board) may be provided for by the charter.

[*6642]

In cumulative voting the number of votes belonging to each shareholder shall be divided by the number of persons who must be elected to the board of directors (supervisory board) of the company and the shareholder shall be entitled to cast the votes thus received for one candidate or to distribute them among two or more candidates.

[*6643]

The candidates who receive the largest number of votes shall be elected to the board of directors (or supervisory board) of the company.

Article 67. Chairman of the Board of Directors (or Supervisory Board)

1. The chairman of the board of directors (or supervisory board) shall be elected by the members of the board of directors (or supervisory board) from among their number by a majority vote of the total number of members of the board of directors (or supervisory board) of the company, unless otherwise provided by the charter of the company.

The board of directors (or supervisory board) of a company shall have the right at any time to re–elect its chairman by a majority of vote of the total number of members of the board of directors (or supervisory board), unless otherwise provided by the charter of the company.

2. The chairman of the board of directors (or supervisory board) shall organize its work, convene meetings of the board and preside at them, organize the keeping of the minutes at meetings, and preside at the general meeting of shareholders, unless provided otherwise by the charter of the company.

3. In the event of the absence of the chairman of the board of directors (or supervisory board), his functions shall be carried out by one of the other members of the board by decision of the board.

BEGIN COMMENTARY:

Federal Law Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Article in the previous wording

END COMMENTARY

Article 68. Meeting of the Board of Directors (or Supervisory Board)

1. A meeting of the board of directors (or supervisory board) shall be convened by the chairman of the board (or supervisory board) at his own initiative, or at the demand of a member of the board, or of the audit commission (or internal auditor) or the auditor executive body, or other persons, as determined by the charter of the company. The procedure for the convocation and conducting of meetings of the board shall be determined by the charter of the company or an internal document of the company.  The charter or an in-house document of a company may have a clause whereby a written opinion on agenda items of a member of the board of directors (supervisory board) of the company is taken into account when quorum and results of voting are calculated if such a member is absent at a meeting of the board of directors (supervisory board) of the company, and also whereby decisions may be adopted by the board of directors (supervisory board) of the company by postal voting.

2. A quorum for conducting a meeting of the board shall be determined by the charter of the company, but must not be less than half of the number of elected members of the board of directors (or supervisory board). When the number of members of the board is less than the quantity making up said quorum the board of directors (supervisory board) of the company shall adopt a decision to convene an extraordinary general meeting of shareholders in order to elect the new members to the board. The remaining members of the board shall have the right to adopt a decision only concerning the convocation of such an extraordinary general meeting of shareholders.

3. Decisions shall be adopted at a meeting of the board of directors (or supervisory board) of the company by a majority vote of the members of the board of directors (supervisory board) of the company attending the meeting, unless provided otherwise by this Federal Law, the charter of the company, or an internal document thereof determining the procedure for the convocation and conducting of meetings of the board of directors (or supervisory board). When deciding matters at a meeting of the board, each member of the board of shall have one vote.

A member of the board of directors (supervisory board) of a company is prohibited to transfer hisher vote to another person, in particular, another member of the board of directors (supervisory board) of the company.

The right of a casting vote of the chairman of the board of directors (or supervisory board) of the company in the event of the adoption by the board of directors (or supervisory board) of the company of decisions by a tie vote of members of the board of directors (or supervisory board) of the company may be provided for by the charter of the company.

4. Minutes shall be kept at all meetings of the board of directors (or supervisory board).

The minutes of a meeting of the board shall be drawn up not later than three days after the conducting thereof.

There shall be specified in the minutes:

the place and time of holding it;

the persons present at the meeting;

the agenda of the meeting;

the matters put up for voting and the results of the voting with regard to them;

the decisions adopted.

The minutes of a meeting of the board of directors (or supervisory board) shall be signed by the person presiding at the meeting, who shall bear responsibility for the correctness of the drawing up of the minutes.

BEGIN COMMENTARY:

Federal Law Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Article in the previous wording

END COMMENTARY

Article 69. Executive Body of a Company. One–person Executive Body of a Company (Director, General Director)!STYLE J 0 73 5

1. The everyday running of the company shall be the responsibility of a sole executive body (director, director general) or a sole executive body of the company (director, director general) and a collective executive body (management board, directorate) of the company. The executive bodies shall report to the board of directors (supervisory board) of the company and the general meeting of shareholders.

[*69012]

The authority of a collective body must be determined by the charter of a company, providing for the existence simultaneously of a one–person and a collegial executive body. In such event, the person effectuating the functions of the one–person executive body of the company (director, general director) shall also exercise the functions of chairman of the collegial executive body of the company (management board, directorate).

[*69013]

By the decision of a general meeting of shareholders the powers of the sole executive body of the company may be transferred under a contract to a commercial organisation (management organisation) or an individual entrepreneur (manager). A decision whereby the powers of a sole executive body of a company are transferred to a management organisation or a manager shall be adopted by the general meeting of shareholders only at the proposal of the board of directors (supervisory board) of the company.

2. To the authority of the executive body of the company shall be relegated all matters of the direction of the current activity of the company, except for matters relegated to the authority of the general meeting of shareholders or board of

directors (or supervisory board).

The executive body of the company shall organize the fulfillment of the decisions of the general meeting of shareholders and board of directors (or supervisory board).

A one-person executive body of a company (director, general director) shall operate in the name of the company without a power of attorney, and this includes his power to represent its interests, conclude transactions in the name of the company, confirm personnel hiring, and issue orders and give instructions binding on all workers of the company.

3. The formation of executive bodies of a company and termination of their powers before the due date shall be the responsibility of the general meeting of shareholders, unless the resolution of these matters is within the scope of responsibility of the board of directors (supervisory board) of the company.

[*6932]

The rights and duties of the one-person executive body of the company (director, general director), members of the collegial executive body of the company (management board, directorate), management organization, or manager with regard to the exercise of the direction of the day-to-day activity of the company shall be determined by this Federal Law, by other laws of the Russian Federation, and by the contract concluded by each of them with the company. The contract shall be signed in the name of the company by the chairman of the board of directors (or supervisory board) or by the person empowered by the board of directors (or supervisory board).

[*6933]

The operation of legislation labor shall extend to relations between the company and the one-person executive body of the company (director, general director) andor members of the collegial executive body of the company (management board, directorate), in that part which is not contrary to the provisions of this Federal Law.

[*6934]

The combining in one person of the functions of a one-person executive body of the company (director, general director) a member of the collegial executive body (management board, directorate), or of an office in the management bodies of other organizations shall be permitted only with the consent of the board of directors (or supervisory board).

[*694]

4. If the formation of executive bodies is not within the scope of responsibility of the board of directors (supervisory board) of the company under the charter of the company the general meeting of shareholders shall be entitled at any time to adopt a decision to terminate before due time the powers of the sole executive body of the company (director, director general), the members of the collective executive body (management board, directorate) of the company. The general meeting of shareholders shall be entitled at any time to adopt a decision to terminate before the due date the powers of the management organisation or manager.

If, under the charter of the company, the formation of executive bodies is within the scope of responsibility of the board of directors (supervisory board) of the company it shall be at any time entitled to adopt a decision to terminate before due date the powers of the sole executive body of the company (director, director general), members of the collective executive body (management board, directorate) and to form new executive bodies.

In case when the formation of executive bodies is the responsibility of the general meeting of shareholders the charter of the company may envisage a right of the board of directors (supervisory board) of the company to adopt a decision to suspend the powers of the sole executive body of the company (director, director general). The charter of the company may envisage a right of the board of directors (supervisory board) of the company to adopt a decision to suspend the powers of the management organisation or manager. Simultaneously with these decisions, the board of directors (supervisory board) of the company shall adopt a decision to set up an interim sole executive body of the company (director, director general) and convene an extraordinary general meeting of shareholders for the purpose of taking a decision on the termination before the due date of the powers of the sole executive body of the company (director, director general) or of the management organisation (manager) and the formation of a new sole executive body (director, director general) or on the transfer of the powers of the sole executive body of the company (director, director general) to a management organisation or a manager.

Where the formation of executive bodies is the responsibility of the general meeting of shareholders and the sole

executive body of the company (director, director general) cannot execute their duties the board of directors (supervisory board) of the company shall be entitled to adopt a decision to set up an interim sole executive body of the company (director, director general) and convene an extraordinary general meeting of shareholders for the purpose of making a decision as to the termination before the due date of the powers of the sole executive body of the company (director, director general) or the management organisation (manager) and the formation of a new executive body of the company or the transfer of the powers of the sole executive body of the company to a management organisation or a manager.

All the decisions mentioned in Paragraphs 3 and 4 of the present item shall be adopted by a majority of three quarters of the votes of members of the board of directors (supervisory board) of a company, with the votes of former members of the board of directors (supervisory board) of the company not being taken into account.

The interim executive bodies of a company shall be responsible for everyday running of the company within the scope of responsibility of the company's executive bodies, unless the scope of responsibility of interim executive bodies of the company is restricted by the charter of the company.

BEGIN COMMENTARY:

Federal Law Federal Law. The amendments shall come into force January 1, 2002  See the text of the Article in the previous wording

END COMMENTARY

Article 70. Collegial Executive Body of a Company (Management Board, Directorate)

1. The collegial executive body of a company (management board, directorate) shall operate on the basis of the charter of the company, and also based on internal documents of the company (statute, rules of procedure, or other documents), approved by the general meeting of shareholders in which the periods and procedure for the convocation and conducting of its meetings, as well as the procedure for the adoption of decisions, are established.

2. The quorum of a meeting of the collective executive body of a company (board, directorate) shall be determined by the charter of the company or an in-house document of the company and this quorum shall to at least half of the elected members of the collective executive body (management board, directorate) of the company. If the number of members of the collective executive body (management board, directorate) of the company becomes less than the said quorum the board of directors (supervisory board) of the company shall adopt a decision to form an interim collective executive body (management board, directorate) of the company and convene an extraordinary general meeting of shareholders for the purpose of electing a collective executive body (management board, directorate) of the company, or if under the charter of the company it is within the scope of its responsibility, to form a collective executive body (management board, directorate) of the company.

Minutes shall be produced at a meeting of the collective executive body (management board, directory) of a company. The minutes of a meeting of the collective executive body (management board, directorate) of a company shall be presented to the members of the board of directors (supervisory board) of the company, the in-house audit commission of the company and an auditor of the company at their request.

Meetings of the collective executive body (management board, directorate) of a company shall be convened by the person performing the functions of a sole executive body of the company (director, director general) who signs all documents in the name of the company and the minutes of meetings of the collective executive body (management board, directorate) of the company, acts without a power of attorney in the name of the company under the decisions of the collective executive body (management board, directorate) of the company made within the scope of its responsibility.

A member of the collective executive body (management board, directorate) of a company is prohibited to transfer hisher voting right to another person, in particular, another member of this body.

BEGIN COMMENTARY:

On the particularities in regulating the work of the members of an organisation's collective executive body, see the Labour Code Russian Federation

END COMMENTARY

BEGIN COMMENTARY:

GARANT 3992666, *694

Federal Law Federal Law. The amendments shall come into force January 1, 2002 See the text of the Article in the previous wording

END COMMENTARY

Article 71. Responsibility of Members of a Board of Directors (or Supervisory Board), One-person Executive Body (Director, General Director) andor Members of a Collegial Executive Body Management Board, Directorate), Management Organization, or Manager

1. The members of the board of directors (or supervisory board), one-person executive body (director, general director), an interim sole executive body, members of the collegial executive body (management board, directorate), and likewise the management organization or manager must, when exercising their rights and performing duties, operate in the interests of the company and exercise their rights and perform duties with respect to the company reasonably and in good faith.

2. Members of the board of directors (or supervisory board), one-person executive body (director, general director), an interim sole executive body, members of the collegial executive body (management board, directorate), and likewise the management organization or manager shall bear responsibility to the company for losses caused to the company due to their actions (or failure to act), unless other grounds and extent of responsibility have been established by federal laws.

[*7122]

In the board of directors (or supervisory board) and the collegial executive body (management board, directorate) the members who have voted against decisions which entailed the causing of losses to the company or who did not take part in the voting shall not bear responsibility.

3. When determining the grounds and extent of responsibility of members of the board of directors (or supervisory board), of the one-person executive body (director, general director) andor members of the collegial executive body (management board, directorate), and likewise of the management organization or manager, the ordinary course of business and other circumstances bearing on the matter must be taken into account.

4. If, in accordance with the provisions of this Article, several persons be liable, their liability to the company shall be joint and several.

5. A company or shareholder(s) possessing in aggregate not less than 1 per cent of the issued common stock of the company shall have the right to apply to a court with a suit against a member of the board of directors (or supervisory board), one-person executive body (director, general director), member of collegial executive body (management board, directorate), and likewise the management organization or manager concerning compensation of losses caused to the company in the event noted in Clause 2 this Article.

6. Representatives of the state or a municipal entity in the board of directors (supervisory board) of an open company shall be answerable under the present article along with the other members of the board of directors (supervisory board) of an open company. Chapter IX. Acquisition and Purchase by a Company of Issued Stock

BEGIN COMMENTARY:

Federal Law Federal Law. The amendments shall come into force January 1, 2002 See the text of the Article in the previous wording

END COMMENTARY

Article 72. Acquisition by a Company of Issued Stock

1. A company shall have the right to acquire stock issued by it by a decision of the general meeting of shareholders concerning the decrease of charter capital of the company by means of the acquisition of part of the issued stock, for the purpose of reducing the total quantity thereof, if this has been provided for by the charter of the company.

The company shall have no right to adopt a decision concerning the decrease of charter capital of the company by means of the acquisition of part of the issued stock for the purpose of reducing the total quantity thereof if the par value of the stock remaining in circulation becomes lower than the minimum charter capital provided for by this Federal Law.

GARANT 3992666, *7122

2. The company, if there is a provision to this effect in its charter, shall be entitled to acquire shares it has floated, by the decision of a general meeting of shareholders or decision of the board of directors (supervisory board) of the company if under the charter of the company the board of directors (supervisory board) of the company has a right to make such a decision.

The company shall not have the right to adopt a decision concerning the acquisition by the company of stock if the par value of the stock of the company in circulation comprises less than 90 percent of the charter capital of the company.

3. Stock shares acquired by the company on the basis of a decision adopted by the general meeting of shareholders concerning a decrease in the charter capital of the company by means of acquisition of stock for the purpose of reducing the total quantity thereof shall be canceled when they are acquired.

[*7233]

Shares acquired by the company under Item 2 of the present article shall not confer a voting right, they shall not be taken into account in counting votes and no dividend shall be accrued thereon. Such shares shall be sold at their market value within one year after the date of their acquisition. Otherwise the general meeting of shareholders shall adopt a decision to reduce the authorised capital of the company by redeeming these shares.

4. The categories (or types) of stock to be acquired, the quantity of stock to be acquired by the company of each category (or type), the price of acquisition, the form and period for paying up, and also the period during which the acquisition of stock shall be carried out must be determined by the decision on the acquisition of stock.

[*7242]

Unless otherwise provided for by the charter of the company, the paying up of stock in the event of its acquisition shall be carried out in cash. The period during which the acquisition of stock is carried out may not be less than 30 days. The price of acquisition by the company of stock shall be determined in accordance with Article 77 Federal Law.

[*7243]

Each holder of stock of specified categories (or types), the decision concerning the acquisition of which is adopted, shall have the right to sell such stock, and the company shall be obliged to purchase it. If the total quantity of stock with respect to which applications have been received concerning their acquisition exceeds the quantity of stock which may be acquired by the company, taking into account the limitations established by this Article, then the stock shall be acquired from the shareholders in proportion to their stated demands.

5. Not later than 30 days before the commencement of the period during which the acquisition of stock is carried out, the company shall be obliged to inform the holders of stock of the specified categories (or types). The notice must contain the information specified in paragraph one of 4

Article 73. Limitations on Acquisition of Issued Stock by a Company

1. A company shall not have the right to acquire common stock issued by it:

until payment up in full of the entire charter capital of the company;

if at the time of their acquisition the company indicia of insolvency (or bankruptcy) in accordance with the laws of the Russian Federation on the insolvency (or bankruptcy) of enterprises, or if said indicia appear as a result of the acquisition of such stock;

if as of its acquisition the value of the net assets of the company is less than its charter capital, reserve fund, and excess of the liquidation value of the issued preferred stock over the par value determined by the charter, or becomes less than the amount thereof as a result of the acquisition of the stock.

2. A company shall not have the right to exercise the acquisition of preferred stock of a specified type issued by it:

until payment up in full of the entire charter capital of the company;

if at the time of their acquisition the company bears indicia of insolvency (or bankruptcy) in accordance with the laws of the Russian Federation on the insolvency (or bankruptcy) of enterprises, or if said indicia appear as a result of the acquisition of such stock;

if at the time of their acquisition the value of the net assets of the company is less than its charter capital, reserve fund, and excess of the liquidation value of the issued preferred stock over the par value determined by the charter, the holders of which possess a preference in priority of payment of the liquidation value over the holders of types of preferred stock subject to acquisition, or if it becomes less than this amount as a result of the acquisition of the stock.

3. A company shall not have the right to acquire issued stock before the purchase of all stock, the demands concerning the purchase of which have been submitted in accordance with Article 76 this Federal Law.

BEGIN COMMENTARY:

Federal Law Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Article in the previous wording

END COMMENTARY

Article 74. Consolidation and Splitting of Stock

1. By decision of the general meeting of shareholders, a company shall have the right to consolidate issued stock, as a result of which two or more stock shares of the company shall be converted into one new stock share of the same category (or type). In such a case, respective changes relative to the par value and quantity of the the company's floated and announced shares of a relevant category (type) shall be made in the charter of the company.

2. By decision of the general meeting of shareholders, a company shall have the right to carry out the splitting of issued stock of the company, as a result of which one stock share of the company is converted into two or more stock shares of the same category (or type). In such a case, respective changes regarding to the par value and quantity of the the company's floated and announced shares of a relevant category (type) shall be made in the charter of the company.

BEGIN COMMENTARY:

Federal Law Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Article in the previous wording

END COMMENTARY

Article 75. Purchase of Stock by a Company at the Demand of Shareholders

1. Holders of voting stock shall have the right to demand the purchase by the company of all or part of the stock owned by them in instances of:

reorganization of the company or the conclusion of a large–scale transaction, the decision concerning the endorsement of which is adopted by the general meeting of shareholders in accordance with Article 79 decision concerning its reorganization or the endorsement of the said transaction, or if they did not take part in the voting on such matters;

amendments and addenda to the charter of the company or approval of a restated version of the charter of the company which limit their rights, if they voted against the adoption of the respective decision or did not take part in the voting.

BEGIN COMMENTARY:

According to Federal Law closed subscription of stocks and securities convertible into stocks is adopted, at the demand of shareholders voting against the decision or failing to take part in the vote, the joint–stock company shall be obliged to redeem from them the stocks

END COMMENTARY

2. The list of shareholders who have the right to demand the purchase by the company of stock owned by them shall be drawn up on the basis of data from the shareholders register on the day of drawing up the list of persons who have the right to participate in the general meeting of shareholders, the agenda for which includes the matters, the voting with regard to which in accordance with this Federal Law may give rise to right to demand the purchase of the stock.

3. The buy-out of shares shall be effected by the company at a price determined by the board of directors (supervisory board) of the company but not below the market price which is to be assessed by an independent appraiser with no account taken of its variation resulting from the actions of the company which caused the occurrence of a right to claim share valuation and buy-out.

GARANT 3992666, *7243

BEGIN COMMENTARY:

On the procedure for the alienation of shares belonging to the Russian Federation in the case of the origin with the Russian Federation of the right to demand their purchase by a joint–stock company, see Decision the Government of the Russian Federation No. 126 of February 27, 2003

END COMMENTARY

BEGIN COMMENTARY:

Federal Law Federal Law. The amendments shall come into force January 1, 2002 See the text of the Article in the previous wording

END COMMENTARY

Article 76. Procedure for Exercise by Shareholders of the Right to Demand Purchase by a Company of Stock Owned by Them

1. A company shall be obliged to give notice to shareholders about the existence of their right to demand the purchase by the company of stock owned by them, the price, and the procedure for the exercise of the purchase.

2. The notice to the shareholders concerning the holding of a general meeting of shareholders, the agenda of which includes the matters, voting with regard to which may in accordance with this Federal Law give rise to the right to demand the purchase by the company of stock, must contain the information specified in Clause 1 of this Article.

3. The written demand of a shareholder concerning the purchase of stock owned by him shall be sent to the company, specifying the place of residence (or location) of the shareholder and the quantity of stock whose purchase he demands.

The demands of shareholders concerning the purchase by the company of stock owned by them must be submitted to the company not later than 45 days from the date of the adoption of the respective decision by the general meeting of shareholders.

4. Upon the expiry of the period specified in paragraph two of Clause 3 of this Article, the company shall be obliged to purchase the stock from the shareholders which have submitted demands concerning the purchase, within 30 days.

5. The purchase of stock by the company shall be carried out at the price specified in the communication concerning the conducting of the general meeting, the agenda of which shall include the matters, voting with regard to which may in accordance with this Federal Law give rise to the right to demand the purchase of stock by the company. The total amount of assets directed by the company towards the purchase of the stock may not exceed 10 percent of the value of the net assets of the company on the date of the adoption of the decision which gives rise to the right of the shareholders to demand the purchase by the company of the stock owned by them. If the total quantity of stock with respect to which demands have been stated concerning purchase exceed the quantity of stock which may be purchased by the company taking into account the above–established limitations, then the stock shall be purchased from the shareholders in proportion to the stated demands.

6. Stock purchased by the company in the event of its reorganization shall be canceled after being purchased.

Stock purchased by the company in the other instances provided for by Clause 1 of Article 75 of the company. The said stock shall not grant voting rights, shall not be taken into account when counting votes, and dividends shall not be credited with regard to it. Such shares shall be sold at their market value within one year after the buy–out thereof; otherwise the general meeting of shareholders shall adopt a decision to reduce the authorised capital of the company by redeeming the said shares.

BEGIN COMMENTARY:

Federal Law Federal Law. The amendments shall come into force January 1, 2002 See the text of the Article in the previous wording

END COMMENTARY

Article 77. Determination of the Market Value of Property

1. Where under the present Federal Law the price (valuation in terms of money) of assets and also the floatation price

or buy–out price of issue securities of a company are determined by a decision of the board of directors (supervisory board) of the company they shall be set on the basis of their market value.

If the person interested in accomplishing one or several deals in which the price (valuation in terms of money) of an asset is determined by the board of directors (supervisory board) of a company is a member of the board of directors (supervisory board) of the company the price (valuation in terms of money) of the asset shall be determined by a decision of the members of the board of directors (supervisory board) of the company who are not interested in the accomplishment of the deal. In a company with 1,000 and more shareholders the price (valuation in terms of money) of an asset shall be determined by independent directors who are not interested in the accomplishment of the deal.

2. An independent appraiser may be invited to assess the market value of an asset.

The invitation of an independent appraiser shall be compulsory for determining the price for which shares are bought out by the company, from shareholders who own them, under Article 76 Law and also in the other cases stipulated by the present Federal Law.

Where the floatation price of securities is being determined, for which the purchasing or demand price and supply price are published in the press on a regular basis, there is no compulsory requirement for an independent appraiser to be invited, and for the purpose of assessing the market value of such securities this purchasing price or demand price and supply price thereof shall be taken into account.

3. If the holder more than two per cent of voting stock of the company is the State andor a municipal formation, then the involvement of a State financial control body shall be obligatory. !CLASS CIVIL LEGISLATION, PRIVATIZATIONDEALS Chapter X. Large–Scale Transactions

BEGIN COMMENTARY:

Federal Law Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Article in the previous wording

END COMMENTARY

Article 78. Major Deals

1. A "major deal" means a deal (in particular, a loan, credit, charge, surety) or several interconnected deals, relating to the acquisition, alienation or possibility of alienation of assets by a company directly or indirectly, with the value of the assets being 25 per cent or more of the balance sheet value of the company's assets appraised according to its financial statements as of the last accounting date, except for deals accomplished in the course of the ordinary economic activity of the company, deals relating to the floatation by subscription (sale) of the company's ordinary shares and deals relating to the floatation of issue securities converted into ordinary shares of the company. The charter of the company may also establish other cases when the major deal approval procedure as envisaged by the present Federal Law extends to deals accomplished by the company.

In the event of alienation or the possibility of alienation of assets comparison shall be made between the balance sheet value of the company's assets and the value of such former assets determined according to accounting data and in the event of acquisition of assets, the purchase price thereof.

2. For the purpose of the board of directors (supervisory board) of a company and the general meeting of shareholders adopting a decision to approve a major deal the price of the assets (services) being alienated or acquired shall be determined by the board of directors (supervisory board) of the company in keeping with Article 77 present Federal Law.

BEGIN COMMENTARY:

Federal Law Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Article in the previous wording

END COMMENTARY

Article 79. Procedure for the Approval of a Major Deal

1. A major deal shall be approved by the board of directors (supervisory board) of a company or the general meeting

of shareholders in keeping with the present article.

2. A decision to approve a major deal of which the subject matter is assets worth 25 to 50 per cent of the balance sheet value of the company's assets shall be adopted by all the members of the board of directors (supervisory board) of the company unanimously, with the votes of former members of the board of directors (supervisory board) of the company not being taken into account.

If a unanimous decision of the board of directors (supervisory board) of the company has not been reached in respect of the approval of a major deal the matter of approving the deal may be referred by the board of directors (supervisory board) of the company to the general meeting of shareholders for consideration and decision. In such a case the decision to approve the major deal shall be adopted by the general meeting of shareholders by a majority vote of the shareholders owning voting shares and attending the general meeting of shareholders.

3. The decision to approve a major deal of which the subject matter is assets worth over 50 per cent of the balance sheet value of the company's assets shall be adopted by a general meeting of shareholders by a majority of three quarters of the votes of shareholders owning voting shares and attending the general meeting of shareholders.

4. The decision whereby a major deal is approved shall comprise an indication of the person (s) being a party (parties)to the deal, the beneficiary (beneficiaries), the price, subject matter of the deal and its other significant terms and conditions.

5. If a major deal is at the same time a deal in which somebody is interested the procedure for the accomplishment of the deal shall be subject only to the provisions of Chapter IX Federal Law.

6. A major deal accomplished in breach of the provisions of the present article may be recognised as null and void on the company's or a shareholder's complaint.

7. The provisions of the present article shall not apply to companies composed of one shareholder who at the same time performs the functions of a sole executive body.

BEGIN COMMENTARY:

Federal Law Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Article in the previous wording

END COMMENTARY

Article 80. The Acquisition of 30 and More Per Cent of the Ordinary Shares of a Company

1. A person intending to acquire, either on his own or jointly with affiliated person(s), 30 and more per cent of the floated ordinary shares of a company having over 1,000 shareholders owning ordinary shares shall, not earlier than 90 days in advance and not later than 30 days prior to the date of acquisition, forward written notice to the company of his intent to acquire said shares.

2. A person who either on his own or jointly with its affiliated person(s), has acquired 30 and more per cent of the floated ordinary shares of a company having over 1,000 shareholders owning ordinary shares shall propose to the shareholders to sell thereto the ordinary shares of the company and issue securities convertable into ordinary shares they own, within 30 days after the acquisition date, at the market price but not below their mean weighted price over the six months preceding the acquisition date.

The charter of the company or a decision of the general meeting of shareholders may make a provision for relief from the duty specified in this item. The decision of a general meeting of shareholders to grant relief from such a duty may be adopted by the majority of the votes of the owners of voting shares attending the general meeting of shareholders, except for the votes conferred by the shares owned by the person specified in this item and his affiliated persons.

3. The written proposal of a person who has acquired ordinary shares under the present article to acquire ordinary shares of the company shall be forwarded to all the shareholders owning ordinary shares of the company.

4. A shareholder shall be entitled to accept the proposal for the acquisition of shares from him, within 30 days after the receipt of the proposal.

If a shareholder accepts the proposal for the acquisition of shares from him such shares shall be acquired and paid for

within 15 days after the date when the shareholder accepted the proposal.

5. A proposal to shareholders to sell their shares shall include information on the person who has acquired ordinary shares of the company (name, address or location) in keeping with the present article and also an indication of the number of ordinary shares the person has acquired, the share purchase price offered to shareholders and the term for acquisition of the shares and payment for them.

6. A person who has acquired shares in breach of the provisions of the present article shall be entitled to vote at a general meeting of shareholders only on shares he acquired in compliance with the provisions of the present article.

7. The rules of the present article shall extend to the acquisition of each five per cent of floated ordinary shares in excess of 30 per cent of the floated ordinary shares of the company. Chapter XI. Interest in Conclusion of a Transaction by a Company

BEGIN COMMENTARY:

Federal Law Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Article in the previous wording

END COMMENTARY

Article 81. Interested Party Deals

1. Deals (in particular, a loan, credit, charge, surety) in the accomplishment of which a member of the board of directors (supervisory board) of a company, a person performing the functions of a sole executive body of a company, in particular, of the management organisation or manager, a member of the collective executive body of a company or a shareholder of a company is interested and has jointly with its affiliated person 20 or more per cent of the voting shares of the company as well as a person entitled to issue directions binding thereon, shall be accomplished by the company in compliance with the provisions of the present chapter.

The said persons shall be deemed interested in the accomplishment of a deal by the company in cases when they themselves, the spouses, parents, children, siblings and half brothers and sisters, step-parents and step-children andor their affiliated persons:

are a party, beneficiary, mediator or representative in the deal;

own (each on hisher own or in their aggregate) 20 and more per cent of the shares (stake, interest) of a legal entity being a party, beneficiary, mediator or representative in the deal;

hold positions in the managerial bodies of a legal entity being a party, beneficiary, mediator or representative in the deal and also positions in the managerial bodies of the management organisation of such a legal entity;

in the other cases stipulated by the charter of the company.

2. The provisions of the present chapter shall not apply to:

companies composed of one shareholder who at the same time performs the functions of a sole executive body;

deals in the accomplishment of which all the shareholders of the company are interested;

in the case of exercise of a priority right of acquisition of shares floated by the company;

in the case of acquisition or buy-out of floated shares by the company;

in the case of a re-organisation of the company in the form of a merger (affiliation) of companies if another company taking part in the merger (affiliation) owns more than three quarters of all the voting shares of the company undergoing re-organisation.

Article 82. Information on an Interest in the Conclusion of a Transaction by a Company

The persons specified in Article 81 obliged to bring to the information of the board of directors (or supervisory board), audit commission (or internal auditor) and the auditor information concerning:

legal entities in which they possess autonomously or jointly with their affiliated person(s) 20 percent or more of the

voting stock (or participatory shares, shares);

legal entities in whose management bodies they hold office;

transactions known to them to be concluded or proposed in which they may be deemed to be interested persons.

BEGIN COMMENTARY:

Federal Law Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Article in the previous wording

END COMMENTARY

Article 83. Procedure for the Approval of an Interested Party Deal

1. An interested party deal shall be approved before its accomplishment, by the board of directors (supervisory board) of the company or the by general meeting of shareholders in keeping with the present article.

2. In a company having 1,000 and less shareholders owning voting shares the decision to approve an interested party deal shall be adopted by the board of directors (supervisory board) of the company by a majority of votes of the directors who are not interested in the accomplishment thereof. If the number of the directors who are not interested makes up less than the quorum required by the charter for holding a meeting of the board of directors (supervisory board) of the company a decision on this matter shall be adopted by the general meeting of shareholders in compliance with the procedure set out in Item 4

3. In a company having over 1,000 shareholders owning voting shares the decision to approve a interested party deal shall be adopted by the board of directors (supervisory board) of the company by the majority vote of independent directors not interested in the accomplishment thereof. If all the members of the board of directors (supervisory board) of the company are deemed interested persons andor are not independent directors the deal may be approved by the general meeting of shareholders adopted in the manner described in Item 4

An "independent director" means a member of the board of directors (supervisory board) of a company who in the year preceding the year of the decision is not and had not been:

a person performing the functions of sole executive body of the company, in particular, its executive, member of the collective executive body, a person occupying positions in the managerial bodies of the management organisation;

a person whose spouse, parents, children, sibling and half brothers and sisters, step–parents and step–children are persons who occupy positions in the said managerial bodies of the company, the management organisation or are managers of the company;

an affiliated person of the company, except for a member of the board of directors (supervisory board) of the company.

4. The decision to approve an interested party deal shall be adopted by the general meeting of shareholders by a majority of votes of all the shareholders not interested in the deal who are owners of voting shares, in the following cases:

if the subject matter of the deal or several interconnected deals is assets of which the value according to accounting data (the offer price of the asset) makes up two and more per cent of the balance sheet value of the company's assets according to its financial statements as of the last accounting date, except for the deals specified in Paragraphs 3 and 4 of the present item;

if the deal or several interconnected deals are a floataation by subscription or a sale of shares making up over two per cent of ordinary shares floated earlier by the company and ordinary shares into which can be converted issue securities floated earlier, such issue securities convertible into shares;

if the deal or several interconnected deals are a floataation by subscription of issue securities convertible into shares which can be converted into ordinary shares making up over two per cent of ordinary shares floated earlier by the company and ordinary shares that can be obtained from issue securities floated earlier, such issue securities convertible into shares.

5. An interested party deal shall not required the approval of general meeting of shareholders specified in Item 4 of the present article in cases when the terms of such a deal do not significantly differ from the terms of similar deals concluded by the company and an interested person in the course of ordinary business activity of the company that had been pursued until the time when the interested person was recognised as such. This exception shall only extend to interested party

deals which were accomplished within the period of time after the time when the interested person is recognised as such and until the time of the next annual general meeting of shareholders.

6. The decision to approve of an interested party deal shall include an indication of the person (s) being parties thereto, beneficiary (beneficiaries), the price, subject matter of the deal and other significant terms and conditions thereof.

The general meeting of shareholders may adopt a decision to approve a deal (deals) between a company and an interested person which can be concluded in the future in the course of the company's ordinary economic activity. In such a case the decision of the general meeting of shareholders shall also specify the maximum amount of the deal (s). Such a decision shall remain in force until the next annual general meeting of shareholders.

7. For the purpose of the board of directors (supervisory board) of a company and the general meeting of shareholders adopting a decision to approve an deal the price of alienated or acquired assets or services shall be determined by the board of directors (supervisory board) of the company under 77

8. Additional provisions governing the procedure for the making of an interested party deal may be established by the federal executive body in charge of the securities market.

Article 84. Consequences of Failure to Comply with Requirements for Transaction, in Conclusion of Which There Is an Interest

BEGIN COMMENTARY:

Federal Law Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Item in the previous wording

END COMMENTARY

1. A transaction in the conclusion of which there is an interest concluded with a violation of the requirements for a transaction provided for by the present Federal Law may be deemed to be invalid on a complaint filed by the company or a shareholder.

2. The interested person shall bear responsibility to the company in the amount of losses caused by him to the company. If several persons bear responsibility, their responsibility to the company shall be joint and several. Chapter XII. Control over Financial–Economic Activity of Company

Article 85. Audit Commission (or Internal Auditor) of Company

BEGIN COMMENTARY:

Federal Law Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Item in the previous wording

END COMMENTARY

1. In order to exercise control over the financial–economic activity of the company, an audit commission (or internal auditor) of the company shall be elected by the general meeting of shareholders in accordance with the charter of the company.

By the decision of a general meeting of shareholders remuneration may be paid to the members of the in-house audit commission of a company during the term of their office andor their expenses related to the exercise of their duties may be compensated. The amount of such remuneration and compensation shall be set by a decision of a general meeting of shareholders.

2. The authority of the audit commission (or internal auditor) of the company with regard to matters not provided for by this Federal Law shall be determined by the charter of the company.

The procedure for the activity of the audit commission (or internal auditor) shall be determined by an internal document of the company approved by the general meeting of shareholders.

3. The verification (or audit) of the financial–economic activity of a company shall be carried out with regard to the results of the activity of the company for the year, and also at any time at the initiative of the audit commission (or internal auditor) of the company, decision of the general meeting of shareholders, board of directors (or supervisory board), or at

the demand of a shareholder(s) of the company possessing in aggregate not less than 10 per cent of the voting stock of the company.

4. At the demand of the audit commission (or internal auditor) of a company the persons holding office in the management bodies of the company shall be obliged to submit documents concerning the financial–economic activity of the company.

5. The audit commission (or internal auditor) of a company shall have the right to demand the convocation of an extraordinary general meeting of shareholders in accordance with Article 55 Law.

6. The members of the audit commission (or internal auditor) of the company may not be simultaneously members of the board of directors (or supervisory board) of the company, nor hold other offices in the management bodies of the company.

[*8562]

Stock owned by members of the board of directors (or supervisory board) of the company or to persons holding office in the management bodies of the company may not participate in the voting when electing members of the audit commission (or internal auditor) of the company.

Article 86. Auditor of Company

1. The auditor (citizen or auditing organization) of a company shall exercise the verification of the financial–economic activity of a company in accordance with statutory acts of the Russian Federation on the basis of a contract concluded with him.

2. The general meeting of shareholders shall confirm the auditor of the company. The amount of payment for his services shall be determined by the board of directors (or supervisory board) of the company.

Article 87. Opinion of Audit Commission (or Internal Auditor) of Company or Auditor of Company

With regard to the results of the verification of the financial–economic activity of the company, the audit commission (or internal auditor) or the auditor of the company shall draw up an opinion, which must contain:

approval of the reliability of the data contained in the reports and other financial documents of the company;

information concerning facts of a violation of the procedure for keeping bookkeeping records and the submission of financial reports established by statutory acts of the Russian Federation, and also statutory acts of the Russian Federation when effectuating financial–economic activity. Chapter XIII. Records, Reports and Documents of a Company. Information Concerning the Company


BEGIN COMMENTARY:

Federal Law Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Article in the previous wording

END COMMENTARY

Article 88. Bookkeeping Records and Financial Reports of Company

1. A company shall be obliged to keep the bookkeeping report and to submit the financial report according to the procedure established by this Federal Law and other statutory acts of the Russian Federation.

2. Responsibility for the organization, state, and reliability of the bookkeeping records in the company and the timely submission of the annual report and other financial reports to the respective agencies, and also information concerning the activity of the company to be submitted to the shareholders, creditors, and mass media, shall be borne by the executive body of the company in accordance with this Federal Law, other statutory acts of the Russian Federation, and the charter of the company.

3. The reliability of the information contained in the annual report of the company, annual financial statements shall be confirmed by the in–house audit comission of the company.

[*8832]

GARANT 3992666, *8832

Before publication by the company of the documents specified in such Clause in accordance with Article 92 shall be obliged to enlist for annual verification and approval of the annual financial reports an auditor not connected by property interests with the company or its shareholders.

BEGIN COMMENTARY:

See the Procedure Joint–Stock Companies approved by  Order Russian Federation No. 101 of November 28, 1996, the Peculiarities Publication of the Annual Accounting Reports by Insurance Organizations approved  Order 17 of February 21, 1997

END COMMENTARY

4. The annual report of the company shall be preliminarily endorsed by the board of directors (supervisory board) of the company and if the company has no board of directors (supervisory board), by the person performing the functions of a sole executive body of the company, at least 30 days prior to the date of the annual general meeting of shareholders.

BEGIN COMMENTARY:

Federal Law Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Article in the previous wording

END COMMENTARY

Article 89. The Holding of the Documents of a Company

 [*891]

1. A company shall keep the following documents:

the memorandum of association;

 [*89103]

BEGIN COMMENTARY:

Federal Law Item 1 of Article 89 of this Law. The amendments shall come into force as of July 1, 2002

END COMMENTARY

the charter of the company, amendments thereto registered in the established manner, the decision to form the company, the company's state registration certificate;

documents confirming the company's rights in respect of the assets recorded on its balance sheet;

in–house documents of the company;

the regulations on the branch or representative office of the company;

the annual reports;

accounting documents;

financial statements;

the minutes of general meetings of shareholders (the decisions of the shareholder being the owner of all the voting shares of the company), decisions of the board of directors (supervisory board) of the company, in–house audit commission of the company and the collective executive body (board, directorate) of the company;

ballot papers and also powers of attorney (copies thereof) for participation in a general meeting of shareholders;

reports of independent appraisers;

lists of affiliated persons of the company;

lists of person entitled to attend the general meeting of shareholders, entitled to receive dividends and other lists compiled by the company for the purposes of shareholders exercising their rights under the provisions of the present Federal Law;

reports of the in-house audit commission of the company, an auditor of the company, the state and municipal financial control bodies; issue prospectuses, quarterly issuer's reports and other documents containing information to be published or disclosed in another way under the present Federal Law and other federal laws;

other documents required under the present Federal Law, the charter of the company, in-house documents of the company, decisions of general meetings of shareholders, the board of directors (supervisory board) of the company, the managerial bodies of the company and also documents stipulated by legal acts of the Russian Federation.

2. The company shall store the documents specified in Item 1 present article at the location of its executive body in compliance with the procedure executive body in charge of the securities market.

Article 90. Granting of Information by a Company

Information concerning the company shall be granted by it in accordance with the requirements of this Federal Law and other statutory acts of the Russian Federation.

BEGIN COMMENTARY:

Federal Law Federal Law. The amendments shall come into force January 1, 2002 See the text of the Article in the previous wording

END COMMENTARY

Article 91. The Provision of Information by the Company to Shareholders

1. The company shall provide shareholders with access to the documents specified in Item 1 Article 89 Access to accounting documents and the minutes of meetings of the collective executive body shall be granted to the shareholders (shareholder) having in their aggregate at least 25 per cent of the voting shares of the company.

If the special right of participation of the Russian Federation, a Russian region or a municipal entity in the management of a company ("golden share") is being exercised in respect of the company such company shall provide representatives of the Russian Federation, the Russian region or municipal entity with access to all its documents.

2. The documents specified in Item 1 of the present article shall be provided by the company on the premises of its executive body for reading within seven days after the filing of the relevant request. If asked to do so by persons having a right of access to the documents specified in Item 1 of the present article the company shall provide them with copies of the said documents. The amount charged by the company for the provision of such copies shall not exceed the cost thereof.

BEGIN COMMENTARY:

Federal Law Federal Law. The amendments shall come into force January 1, 2002 See the text of the Article in the previous wording

END COMMENTARY

Article 92. Compulsory Information Disclosure by a Company

1. An open company shall disclose the following:

its annual report, annual financial statements;

the issue prospectus of the company's shares in the cases stipulated by legal acts of the Russian Federation;

an announcement of a forthcoming general meeting of shareholders, in compliance with the procedure set out in the present Federal Law;

other information determined by the federal executive body in charge of the securities market.

BEGIN COMMENTARY:

See Regulations Persons of Public Joint-Stock Companies, approved by Decision Federal Securities Market Commission No. 03-19ps of April 1, 2003

END COMMENTARY

2. The compulsory disclosure of information shall be done by a company, in particular, a closed company in the event it floats bonds or other securities, within the scope and in the manner established by the federal executive body in charge of the securities market.

BEGIN COMMENTARY:

See Regulations approved by  Decision 03–32ps of July 2, 2003

END COMMENTARY

Article 93. Information Concerning Affiliated Persons of Company

BEGIN COMMENTARY:

Federal Law Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Item in the previous wording

END COMMENTARY

1. A person shall be deemed to be affiliated in accordance with the requirements of the legislation of the Russian Federation.

BEGIN COMMENTARY:

On the definition of an affiliated person see: the Regulations  for Investment Funds approved by the Decree President of the Russian Federation No. 1186 of October 7, 1992 the Order of the State Management Committee of the Russian Federation No.723–r of April 5, 1994

END COMMENTARY

2. Affiliated persons of a company shall be obliged to inform the company in writing about stock of the company owned by them, specifying their quantity and categories (or types) not later than 10 days from the date of acquisition of the stock.

3. If as a result of the failure to submit the said information through the fault of the affiliated person or of the untimely submission property damage is caused to the company, the affiliated person shall bear responsibility to the company in the amount of the damage caused.

4. A company shall be obliged to keep a record of its affiliated persons and to submit reports concerning them in accordance with the requirements of legislation of the Russian Federation.

BEGIN COMMENTARY:

On the Procedure for the Record–Keeping and Submission of Information about Affiliated Persons of Credit Organizations, see Regulations Central Bank of Russia No. 227–P of May 14, 2003

END COMMENTARY

BEGIN COMMENTARY:

On the Procedure for keeping record of and providing information on the affiliated persons of credit organisations, see Regulations Central Bank of the Russian Federation No. 184–P of March 19, 2002

END COMMENTARY

Chapter XIV. Concluding Provisions

BEGIN COMMENTARY:

Federal Law Federal Law. The amendments  shall come into force January 1, 2002  See the text of the Article in the previous wording

END COMMENTARY

Article 94. Introduction into Effect of This Federal Law

GARANT 3992666, *89103

1. This Federal Law shall be take effect on January 1, 1996.

2. As of the introduction into effect of this Federal Law, the statutory acts in effect on the territory of the Russian Federation shall apply in a part not contrary to this Federal Law until the bringing thereof into conformity with this Federal Law.

3. Beginning from the time of entry of the present Federal Law into force a company's constituent documents that do not comply with the provisions of the present Federal Law shall be applicable in as much as they do not conflict with said provisions.

With regard to the contributions of the state or municipal formations the rights of shareholders shall be carried out by the respective Committees for the Management of Property, Property Funds, or other authorized state bodies or bodies of local self-government, except for instances of the transfer of the stock within state ownership to trust management or to the charter capital of unitary enterprises.

4. The provisions of Paragraphs 2 and 3 of Article 7 not apply to closed companies formed prior to the introduction of this Federal Law into effect.

5. Until the introduction into effect of the respective federal laws listed in Clause 4 Article 1 operate on the basis of statutory acts of the Russian Federation adopted before the introduction into effect of this Federal Law.

6. To propose to the President of the Russian Federation within the period before March 1, 1996 to bring statutory acts issued by him into conformity with this Federal Law.

7. To charge the Government of the Russian Federation within the period before March 1, 1996 to:

bring the statutory acts issued by it into conformity with this Federal Law;

adopt statutory acts ensuring the carrying out this Federal Law. President of the Russian Federation Boris Yeltsin Moscow, the Kremlin

THE FOLLOWING DOCUMENTS MAKE REFERENCE TO THIS DOCUMENT:

( FEDERAL LAW NO. 208–FZ OF DECEMBER 26, 1995 )

( FEDERAL LAW NO. 208–FZ OF DECEMBER 26, 1995 )