UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------x
                                          )
RICHARD ALLEN, *et al.*                   )
                                          )
            Plaintiffs,                   )   Case No: 1:05-cv-02077 (CKK)
                                          )   Hon. Colleen Kollar-Kotelly
      v.                                  )
                                          )
RUSSIAN FEDERATION, *et al.*              )
                                          )
            Defendants.                   )
                                          )
---------------------------------------------------------x

**CONSOLIDATED MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**

# EXHIBIT 27

IN NAME OF THE QUEEN

P/MB
Judgement 21 September 2006

# DISTRICT COURT OF AMSTERDAM
# JUDGE IN INTERLOCUTORY PROCEEDINGS
# JUDGEMENT

in the matter with numbers 350421/KG06-1503 P   concerning:

1. Eduard Konstantinovic REBGUN, in his capacity as Bankruptcy Trustee in the bankruptcy of OAO YUKOS OIL COMPANY, established in Moscow, Russian Federation,
2. YUKOS FINANCE B.V., a limited liability company with its registered office and principal place of business in Amsterdam,

Plaintiffs by draft writ of summons,
local counsel (*procurator litis*) L.P. Broekveldt,
counsel (*advocaat*) G.H. Gispen and B.S.J.M. van Gangelen of Rotterdam,

versus:

1. the public limited company NAUTADUTILH N.V., with its registered seat of Business in Rotterdam and offices in Rotterdam and Amsterdam,
2. Robert Jan VAN GALEN, resident in Amsterdam,
3. Daniella Anna Maria Hubertina Wilhelmina STRIK, resident in Rotterdam,
4. Joost ITALIANER, resident in Abcoude,

Defendants, appearing voluntarily,
local counsel (*procurator litis*) H.M. de Mol van Otterloo, counsel (*advocaat*) H.M. de Mol van Otterloo and R.J. van Galen of Amsterdam and for Defendant sub 3 also local counsel J.W. van Rijswijk and J.D. Loorbach lawyer in Rotterdam,

and

1. the private company YUKOS FINANCE B.V., with registered seat in Amsterdam,
2. the private company YUKOS INTERNATIONAL UK B.V., with registered seat in Amsterdam,
3. David Andrew GODFREY, resident in UNITED KINGDOM,
4. Bruce Kelvern MISAMORE, resident in Houston, UNITED STATES OF AMERICA,

Parties joining the action on the side of Defendants,
local counsel (*procurator litis*) H.M. de Mol van Otterloo, counsel (*advocaat*) H.M. de Mol van Otterloo of Amsterdam and R. J. van Galen of Amsterdam.

53077059 AMS C 468184 / 2

**COURSE OF THE PROCEEDINGS**

At the hearing of 8 September 2006 Plaintiffs, hereinafter also separately to be called Rebgun and Yukos Finance B.V., claimed and moved in accordance with the Writ of Summons as photocopied and attached to this judgement. Defendants, hereinafter jointly to be called Nauta and separately NautaDutilh, Van Galen, Strik and Italianer, put forward a defence requesting that the relief sought be refused and filed a Motion for the Joinder of Parties on the side of the Defendants on behalf of Yukos Finance B.V., Yukos International UK B.V., Godfrey and Misamore, also attached in photocopy to this judgement. It was announced at the hearing that the decision on the admissibility on the joinder would be taken at the same time as the final decision, after which the joining parties put their arguments to the court conditionally. After further debate, parties, having filed their exhibits and the written notes of their arguments put before the Court, requested that the Court pass judgement. At the hearing, J.B. Gardner, lawyer in London, was heard as an informant.

**GROUNDS OF THE DECISION**

1.   This judgement is based on the following facts.
a.   OAO Yukos Oil Company (hereinafter Yukos Oil) is a company with registered seat in Moscow active in the production, transport and sale of – in particular – oil and gas, founded and subject to the law of the Russian Federation (RF). The original director of Yukos Oil, Mikhail Khodorkovsky is currently being detained in the RF on charges of tax evasion and fraud.
b.   All shares in Yukos Finance B.V. are held by Yukos Oil. Yukos Oil has the voting rights on all shares in Yukos Finance B.V. Godfrey and Misamore are, or at least were until recently, directors of Yukos Finance B.V. The Yukos Finance B.V. company directed by Godfrey and Misamore will be referred to hereinafter as Yukos Finance (old).
c.   On 23 April 2004 Gardner filed a complaint against RF before the European Court of Human Rights in Strasburg (ECHR) on behalf of Yukos Oil, in response to a tax assessment for the year 2000 imposed in April 2004 and the freezing of all of Yukos Oil's assets on 15 April 2004. Thereafter retrospective tax assessments and fines were imposed on Yukos Oil for the period 2001 to 2004. These assessments are also subject of the proceedings before the ECHR.
d.   By letter of 10 July 2006, the ECHR put a number of questions to the RF with respect to the complaint referred to under c. These included the question whether similar tax measures were applied to companies other than Yukos Oil in the period between 2000 and 2004.
e.   On 1 August 2006 the Arbitral Court in Moscow pronounced Yukos Oil to be subject to an insolvency procedure comparable to bankruptcy (hereinafter: the bankruptcy). Rebgun was appointed as Bankruptcy Trustee. The bankruptcy was preceded by meetings of creditors on 20 and 25 July 2006.
f.   On 4 August 2006 Rebgun('s counsel) sent letters to Godfrey and Misamore, inviting them to an extraordinary meeting of shareholders of Yukos Finance B.V. The item to be discussed at that meeting was to be the intended dismissal of Godfrey and Misamore. The meeting was to be held on 11 August 2006.
g.   By Writ of Summons of 8 August 2006, Yukos Finance (old), Godfrey and Misamore claimed in interlocutory proceedings before the Interlocutory Proceedings Judge of this Court that Rebgun be forbidden from holding any shareholder meeting concerning Yukos Finance B.V. or to exercise (or attempt to exercise) any shareholder right

|     | |
| --- | --- |
|     | pertaining to Yukos Finance B.V. or to instruct a third party to perform these acts (or attempt to do so). Lawyers from NautaDutilh represented Yukos Finance (old), Godfrey and Misamore. NautaDutilh (Van Galen and Italianer among others) also represented Yukos Finance and Yukos Oil in other proceedings, including proceedings pursuant to article 474g of the Netherlands Code of Civil Procedure (Rv). |
| h.  | The Interlocutory Proceedings Judge of this Court rejected the claim by Yukos Finance (old) in a judgement issued on 11 August 2006 (with further explanation on 24 August 2006), among other reasons, on the legal ground that it can be assumed that Rebgun, according to Russian bankruptcy law, is authorised to exercise the voting rights on the shares in the 100% subsidiary Yukos Finance B.V. and that a foreign Bankruptcy Trustee is competent to act in this capacity in this country [i.e. the Netherlands]. With respect to Yukos Finance B.V.'s assertion that to recognise Rebgun's position would be contrary to public order because the bankruptcy in question is not real, or there is at least sufficient doubt in this respect to award the requested relief, the Interlocutory Proceedings Judge considered that it was not possible to assess to what degree the bankruptcy of Yukos Oil Company was correctly petitioned and pronounced, as this would require further investigation and thus falls outside of the scope of interlocutory proceedings. |
| i.  | On 11 August 2006, Rebgun dismissed Godfrey and Misamore as directors of Yukos Finance B.V. and appointed Shmelkov as director on 14 August 2006. Shmelkov has in the meantime been registered as such in the trade register of the Chamber of Commerce. |
| j.  | By letter of 15 August 2006 Rebgun requested to Nauta that all files pertaining to Yukos Oil be transferred to the Simmons & Simmons law firm and requested that all work for Yukos Oil and related companies be discontinued. |
| k.  | In an otherwise undated letter of August 2006 Shmelkov informed Nauta on behalf of Yukos Finance B.V. that he had become statutory director instead of Godfrey and Misamore and also requested the transfer of the files to Simmons & Simmons and to discontinue the work. |
| l.  | By letter of 20 August 2006 Nauta responded to the letters referred to under j and k and informed Rebgun, Shmelkov and their counsel that they would transfer all the documents in the 474g Rv proceedings as well as a few other documents, but would not send other documents relating to the Dutch Yukos companies because of Rebgun's controversial position. |

2. Rebgun and Yukos Finance B.V. are now claiming:
   (A) That the Defendants be forbidden to continue – both in and out of Court – to act on behalf and in the name of Yukos Oil and Yukos Finance B.V.;
   (B) That the Defendants be ordered to refrain from actions that obstruct Shmelkov ("**Shmelkov**") in the execution of his capacity as director authorised to represent Yukos Finance B.V.;
   (C) That the Defendants be ordered to refrain from any statement to anyone which would or could be interpreted as The Defendants being authorised to represent Yukos Oil or Yukos Finance B.V. in any way;
   (D) That the Defendants be ordered, within 48 hours after the judgement herewith requested has been passed, to provide G.H. Gispen of Simmons and Simmons with a list of all the files that they are dealing with for Yukos Oil and Yukos Finance B.V. prior to 15 and 16 August 2006 and to declare the state of affairs for each file and to transfer all documents (either paper or digital), correspondence, files and instructions et cetera, concerning Yukos Oil, Yukos Finance, Yukos International

    UK B.V., Stichting Adminstratiekantoor Yukos International, Stichting Administratiekantoor Small World Telecom Holding, Wincanton Holding B.V. and Small World Telecommunication Holding B.V., as specified under (D) in the writ of summons with the relief sought.

This all subject to a penalty, to be paid by NautaDutilh of EURO 5,000,000 for each violation of the orders requested and for each day or part of each day that the Defendants exceed the terms to be decided for compliance with the orders requested herein and ordering NautaDutilh to pay the costs of the proceedings.

3.  In summary, Plaintiffs argued their claim before the court as follows. The bankruptcy came into being following a careful procedure in which the creditors of Yukos Oil rejected a financial rehabilitation plan presented to them and voted in favour of the bankruptcy. Accordingly, the bankruptcy is a given and the bankruptcy ruling has formal legal effect. According to the applicable law of the RF, the board of directors' authority to represent the company is terminated upon the pronouncement of bankruptcy. The fact that it is the law of the Russian Federation under which the authority to represent must be judged, follows from the Corporations (Conflict of Laws) Act. This act contains mandatory law. Accordingly, Rebgun is the sole authorised representative of Yukos Oil since 1 August 2006. On behalf of Yukos Oil as the sole shareholder of Yukos Finance B. V., Rebgun dismissed Godfrey and Misamore as directors and appointed Shmelkov as new director. Yukos Finance (old) and its directors contested this to no avail. On 30 August 2006 L J. Hogerbrugge was appointed as second statutory director of Yukos Finance B.V.. Accordingly Rebgun is currently the only authorised representative of Yukos Oil, as Shmelkov and Hogerbrugge are of Yukos Finance B.V. Rebgun and Shmelkov clearly informed Nauta that they no longer wished to avail themselves of their services and requested that all documents be transferred to their new lawyer. As the commissioned party, Nauta should adhere to these instructions. They may not ignore the instructions of the legal representatives of Yukos Oil and Yukos Finance B.V. This follows from the principles of legal certainty and directly from the law, in particular articles 3:78 in conjunction with 3:71 of the Netherlands Civil Code, 2:6 of the Netherlands Civil Code and article 18 paragraph 3of the Commercial Registers Act (*Handelsregisterwet*). As a result of Nauta's refusal, Rebgun is unable to perform his task as Bankruptcy Trustee properly and Yukos Finance B.V. is seriously obstructed in the administration of its business. With a view to rapidly winding up the bankruptcy and in connection to a number of proceedings, Plaintiffs have claimed an urgent interest in the relief sought. Yukos Oil and Yukos Finance (old) attempted to keep the Bankruptcy Trustee "outside the door" until 1 August 2006 by cooperating in a so-called "restructuring" in which all the assets in Yukos Finance B.V. were moved to Yukos International and the shares therein were transferred to Stichting Administratiekantoor Yukos International [the AK Foundation] upon the issue of depository receipts. The Bankruptcy Trustee has in the meantime learnt of a second "restructuring" in which Small World Telecom Holding B.V. and Stichting Administratiekantoor Small World are involved. These transactions are only intended to withdraw assets of Yukos Oil from the creditors' recourse. The Plaintiffs also need to possess the documents that concern this matter. Together with Yukos Oil's "little sister" Moravel, the former directors of Yukos Oil and Yukos Finance are in the meantime going to court about everything. Defendants have acted as their counsel in all of this and are coordinating their actions with Moravel. This too was a reason for Plaintiffs to discontinue their engagement of Nauta. Yukos Oil and Yukos Finance

B.V. are entitled to all files and further information at Nauta's disposal. Nauta cannot appeal to its duty of secrecy, as it concerns the same clients. Nauta itself has no legal interest in its refusal to comply with Plaintiffs' requests. The instructions have been terminated and the "Yukos Files" are of no value to them. Defendants not only refuse to hand over the files, but are also obstructing the winding up of the bankruptcy by continuing to present themselves as the properly instructed lawyers of Yukos Oil and Yukos Finance BV after 16 August 2006, for instance with respect to the TMF Management trust office. These kind of statements also seriously obstruct Plaintiffs' activities. Plaintiffs object to the request for joinder. Yukos Finance B.V. cannot be admitted, as it is acting as plaintiff in the same proceedings. After all, article 217 of the Netherlands Code of Civil Procedure only offers the possibility of joinder by a third party, who has an interest in a matter "between other parties". Joinder of Godfrey and Misamore is further not possible pursuant to article 219 of the Netherlands Code of Civil Procedure, as Godfrey's address and Misamore's first name are not stated correctly in the motion for joinder. The applicants are furthermore inadmissible with respect to Rebgun, as he is only appearing in his capacity as Bankruptcy Trustee and is not a party *pro se*. Lastly, applicants have insufficient or no interest to join the action. Thus argued the Plaintiffs.

4. Nauta put forward a reasoned defence against the claims, which defence will, insofar as necessary, be discussed in the following assessment of the dispute.

Assessment of the dispute.

5. The joinder will be admitted based on the grounds given hereinafter. The dispute in the principal matter will be dealt with first.

6. Yukos Oil is a Russian company, pronounced bankrupt in the RF. A Russian Bankruptcy Trustee has been appointed under the bankruptcy, who should represent the interests of the creditors.

7. On behalf of Yukos Finance (old), Godfrey and Misamore and as representative of the bankrupt company, Nauta put forward that these parties have good reasons to assume that the matter concerns a pseudo-bankruptcy, i.e. a scheme by the Russian authorities to regain possession of Yukos Oil (to "renationalise it") and to eliminate political opponents. According to Nauta's clients, the RF used improper means in this, such as harassing Yukos Oil with tax assessments not based on (Russian) legislation, freezing the assets of Yukos Oil so that it could not pay the tax assessments, holding a "show auction" as a result of which Yuganskneftegaz (a former subsidiary and important asset of Yukos Oil) was obtained by the Russian Rosneft state enterprise at far too low a price, as well as excluding from the decision making those Yukos Oil creditors that are not directly controlled by the RF. This is why, in the view of Nauta's clients, the bankruptcy and the Bankruptcy Trustee should not be recognised in the Netherlands and Nauta must be able to take this plausible position on behalf of its clients, both at law and otherwise. In arguing this, Nauta brought forward that the tax assessment of 2004 and the assessments imposed thereafter conflicted with earlier assessments, which were arrived at following careful investigation, without there having been any new investigation on which these new assessments could have been based. Furthermore, according to Nauta's clients the tax assessments are discriminatory, as

53077059 AMS C 468184 / 2

such measures were not imposed upon other companies comparable to Yukos Oil. Nauta further put forward that one of the creditors, i.e. Moravel, was not involved in the decision making regarding the bankruptcy. Nauta supported its assertions with a large number of documents regarding the tax assessments, the bankruptcy and various proceedings held between parties, including the proceedings before the ECHR.

8. Plaintiffs failed to dispute the examples above put forward by Nauta, or at least failed to dispute them with sufficient reasons. After all, they only disputed Nauta's documented assertions in general terms, claiming to have "no knowledge thereof".

9. According to Plaintiffs, the documentation submitted by Nauta is no more than a representation of parties' views and contains no factual information. Nevertheless it has been established that Yukos Oil filed a complaint to the ECHR in 2004 on (the course of affairs surrounding) the tax assessments, that the RF responded to this, to which Yukos Oil reacted in turn, and that because of this the ECHR requested further information from the RF (on 10 July 2006). It is further undisputed that the ECHR has decided to give priority, in accordance with Rule 41 of the Rules of Court, to judging whether Yukos Oil's complaint can be admitted. On the basis of this and on grounds of that put forward in the exhibits and at the hearing, it can be assumed that Yukos Oil's assertions (should) give cause for serious investigation and for the time being cannot be set aside as ungrounded assertions.

10. As the Interlocutory Proceedings Judge already considered in his judgement of 11 August 2006, the question as to whether in connection with the above the bankruptcy of Yukos Oil was brought about in an unlawful manner and/or in conflict with public order, cannot be assessed in these interlocutory proceedings. After all, this would require extensive further investigation of the facts, for which interlocutory proceedings are not suited.

11. However, on grounds of the above, it is not possible in advance to rule out that the ECHR will declare the complaint admissible and that in the final outcome the tax assessments and the bankruptcy fail to stand the test of criticism. If that is the case, the legal validity of the bankruptcy and the decisions of the Bankruptcy Trustee based thereupon can no longer be assumed, so nor can the legal validity of the Bankruptcy Trustee's decision to dismiss Godfrey and Misamore.

12. In light of the above, there are no grounds to forbid the former directors of Yukos Finance B.V. to take the position (at law and otherwise) that they are still the lawful directors of Yukos Finance B.V. and to be represented by the lawyers of their choice, i.e. Nauta. For this reason alone, the claims stated hereinbefore under 2 (A) to (C) will have to be rejected. After all, granting this claim would imply such a prohibition. The provisions of the Netherlands Civil Code and the Commercial Registers Act to which Plaintiffs appealed do not alter this.

13. In the state of affairs outlined above, both Plaintiffs and Defendants are now taking the position that they are the rightful representatives of Yukos Finance B.V. Plaintiffs have claimed that they need to possess all the information mentioned under (D) in order to assess the financial position of Yukos Oil and Yukos Finance B.V., also in the interest of the creditors of Yukos Oil. However, Plaintiffs did not dispute that Nauta has in the meantime provided them with (copies of) all official documents, documents

      in court proceedings and all agreements held by Nauta (as stated in exhibit 25 of Nauta) regarding Yukos Oil and Yukos Finance B.V. Nauta has further promised that it will continue to issue (copies) of all relevant documents to Plaintiffs, as long as the judge in the proceedings on the merits of the case has not decided that Rebgun's shareholder decisions are invalid. Accordingly, it currently only concerns correspondence and suchlike between Nauta and Yukos Finance (old), Godfrey and Misamore, who are of the opinion that they are still the rightful directors of Yukos Finance B.V. As long as it has not been established that the bankruptcy is legally valid, which is in any case not so during the period that the proceedings before the ECHR are (still) ongoing, Plaintiffs, as Nauta correctly argued, cannot claim this correspondence and other documents, as Plaintiffs on the one hand and Yukos Finance (old), Godfrey and Misamore on the other, have conflicting interests. The provisions of the Corporations (Conflict of Laws) Act do not detract from this. The question as to whether Plaintiffs would be entitled to the submission of the requested documents, if the ECHR were to dismiss Yukos Oil's complaint and the bankruptcy remained standing, does not need to be answered at this junction.

14. The grounds mentioned hereinbefore in part also form the basis for admitting Yukos Finance (old) and Yukos International UK B.V., as parties joining the action. The fact that the motion for joinder states Misamore's first name as Kelvin and not Kelvern is considered an apparent transcription error. It has further not been demonstrated that Godfrey is currently not resident in London, as the motion for joinder states, so this also provides no ground to disallow the joinder. There is further no misunderstanding that by Rebgun, only Rebgun in his capacity as Bankruptcy Trustee is meant. Yukos Finance (old) and Yukos International have an interest preventing confidential documents that they exchanged with Nauta of falling into the hands of third parties and accordingly have a sufficient interest to join the proceedings.

15. As Nauta's defence, as given above, succeeds, the other defences require no further consideration.

16. As the party ruled against, Plaintiffs will be ordered to pay the costs of these proceedings.

**DECISION IN INTERLOCUTORY PROCEEDINGS**

The Interlocutory Proceedings Judge:
1. Refuses the relief sought.
2. Orders Plaintiffs in the costs of these proceeding so-far on the side of Nauta, set at:
- €248 court registry fees
- €816 salary for local counsel

And on the side of Yukos Finance B.V., Yukos International UK B.V., Godfrey and Misamore at:
- €248 court registry fees
- €816 salary for local counsel

3. Declares the order on costs to be provisionally enforceable.

Given by Vice-President M.Y.C. Poelmann, Judge in Interlocutory Proceedings at the Court of Amsterdam, and pronounced at the public hearing of Thursday 21 September 2006, in the presence of the Clerk of the Court.

53077059 AMS C 468184 / 2

[For copy:]

[ISSUED AS A TRUE BAILIFF'S COPY
The Clerk of the Court of Amsterdam]

[Signatures]

53077059 AMS C 468184 / 2