UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

RICHARD ALLEN, *et al.*

      Plaintiffs,

v.

RUSSIAN FEDERATION, *et al.*

      Defendants.

---

Case No: 1:05-cv-02077 (CKK)
Hon. Colleen Kollar-Kotelly

**CONSOLIDATED MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**

# EXHIBIT 47





## Арбитражный суд города Москвы
107996, г. Москва, ул. Н.Басманная, д. 10

Именем Российской Федерации
Р Е Ш Е Н И Е

г. Москва                                             Дело № А40-11836/06-88-35«Б»

Резолютивная часть решения объявлена 01 августа 2006 г.
Решение изготовлено в полном объеме 04 августа 2006 г.

Арбитражный суд города Москвы в составе:
председательствующего - судьи Маркова П.А.,
судей Бугаевой Г.М., Михайловой Г.Н.,
при секретаре судебного заседания Есениной М.Н.,
рассмотрев в судебном заседании дело о банкротстве ОАО «Нефтяная компания «ЮКОС»,
с участием: представитель ФНС России Устинов А.А. паспорт: 45 07 839606 от 16.04.05г., дов. № САЭ –19-14/231 от 13.07.06г.; представители временного управляющего должника ОАО "Нефтяная компания "ЮКОС": Догонина С.А. - дов. № 35 от 5.07.2006г., паспорт 4500 554375 от 23.05.2001г.; Павлов Д.В. - дов. № 33 от 05.07.2006г., удост. адвоката № 2308 от 26.12.2002г.; Рудая В.В. - дов. № 35 от 5.07.2006г., удост. адвоката № 4546 от 29.06.2004г.; Крылов И.Ю. - дов. № 31от 5.07.2006г., удост. адвоката № 4538 от 28.06.2004г.; Голузина Ю.В. - дов. № 34 от 5.07.2006г., удост. адвоката № 4529 от 29.06.2004г.; Ребгун Е.З. - дов. № 42 от 21.07.2006г., паспорт 4505 914746 от 06.06.2003г.; Миронова А.П. паспорт: 45 07 515373 выдан 02.09.04г., дов. № 38 от 28.07.06г.; Собиневский А.В. паспорт: 45 07 404834 выдан 14.05.04г., дов. № 40 от 21.07.06г.; временный управляющий должника ОАО "Нефтяная компания "ЮКОС" - Ребгун Э.К. определение от 29.03.06г., паспорт: 45 03 578403 выдан 17.08.02г.; представители должника ОАО "Нефтяная компания "ЮКОС": Морозов А.Г. - доверенность в порядке передоверия от 27.03.2006г., удост. адвоката № 7304 от 06.07.2004г.; Холинер Дру Патрик - доверенность в порядке передоверия от 21.09.2006г., удост. адвоката № 3550 от 10.06.2003г.; Дас Гупта Ян Кумарович - доверенность в порядке передоверия от 27.03.2006г., удост. адвоката № 7579 от 23.12.2004г.; Косарев Д.В. - доверенность в порядке передоверия от 27.03.2006г., паспорт 4506 123333 от 22.07.2003г.; Чернышева Н.А. уд. адвоката № 7726 выдано 22.04.05г., дов. б/н от 27.03.06г., представитель акционеров должника, фирмы Джон Ньютон и Сыновья – Камышева Н.Л. паспорт: 45 04 420637 выдан 28.11.02г., дов. б/н от 30.05.06г., представители конкурсного кредитора ОАО "НК "Роснефть": Александрова Е.А. – дов. № СБ-77/Д от 24.03.2006г., паспорт 4501 897558 от 07.02.2002г.; Дацкевич М.В. - дов. № СБ-75/Д от 24.03.2006г., паспорт 4501 185214 от 30.08.2001г.; представители конкурсного кредитора ОАО "Юганскнефтегаз": Рогалев Р.О. - дов. № ЮНГ-167/06 от 10.03.2006г., паспорт 4506 306526 от 19.06.2003г., представитель ОАО "Томскнефть" Восточной Нефтяной Компании Муравьев В.С. паспорт: 07 02 922051 выдан 30.04.02г., дов. № ЮРМ – 414/06 от 26.06.06г., Завалеева Е.В. паспорт: 29 05 054360 выдан 06.07.05г., дов. № ЮРМ – 415/06 от 26.06.06г.; ЗАО "ЮКОС Рефайнинг энд Маркетинг" - Муравьев В.С. паспорт 07 02 922051 выдан 30.04.02г., дов. № ЮРМ – 404/06 от 26.06.06г., Завалеева Е.В. паспорт: 29 05  054360 выдан

06.07.05г., дов. № ЮРМ – 405/06 от 26.06.06г.; ЗАО "ЮКОС Эксплорейшн энд продакшн" - Муравьев В.С. паспорт: 07 02 922051 выдан 30.04.02г., дов. № ЮЭП – 187/06 от 26.06.06г., Завалеева Е.В. паспорт 29 05 054360 выдан 06.07.05г., дов. № ЮЭП – 188/06 от 26.06.06г.; ОАО "Самаранефтегаз" - Муравьев В.С. паспорт: 07 02 922051 выдан 30.04.02г., дов. № ЮРМ – 409/06 от 26.06.06г., Завалеева Е.В. паспорт: 29 05 054360 выдан 06.07.05г., дов. № ЮРМ – 410/06 от 26.06.06г.;

Установил: Определением Арбитражного суда города Москвы от 09.03.06 принято к производству заявление конкурсных кредиторов о признании банкротом ОАО «Нефтяная компания «ЮКОС», возбуждено производство по делу № А40-11836/06-88-35 «Б».

Определением от 28.03.06 произведена замена конкурсных кредиторов в производстве о признании должника ОАО «НК «ЮКОС» банкротом на ОАО «НК «Роснефть».

Определением Арбитражного суда города Москвы от 28.03.2006г. в отношении должника введена процедура наблюдения, временным управляющим назначен Ребгун Э.К.

Сообщение о введении в отношении должника наблюдения опубликовано временным управляющим в Российской газете № 67 (4033) от 01.04.2006г.

В судебном заседании дело подлежит рассмотрению по существу.

Временный управляющий отчитываясь о проделанной работе, пояснил, что согласно данным финансового анализа представленного в материалы дела, усматривается, что деятельность ОАО «НК «ЮКОС» стала убыточной в 2003 году, что отражено в балансе компании. В 2004 году прекратилась оптовая торговля нефтью, приносившая ОАО «НК «ЮКОС» треть доходов.

Требования кредиторов ОАО «НК «ЮКОС», уже включенные в реестр, составляют 491,6 млрд руб., временный управляющий пояснил, что эта сумма может возрасти почти до 790 млрд руб., т.к. на сегодняшний день выявлено 221 кредитор, их которых рассмотрено судом требования 44 кредиторов.

Временный управляющий считает, что платежеспособность ОАО «НК «ЮКОС» восстановить невозможно. Документы по ОАО «Нефтяная компания «ЮКОС» были изъяты налоговой полицией из налоговой инспекции.

Составлен реестр кредиторов, состоящий из кредиторов третьей очереди, общая сумма требований составляет 491.575.471.533,66 руб.

Как пояснил временный управляющий, в ходе наблюдения признаков фиктивного, либо преднамеренного банкротства должника им не установлено.

Представитель комитета кредиторов должника в судебном заседании пояснил, что погасить имеющуюся задолженность должник не в состоянии, считает возможным признать должника банкротом.

20.07.2006г. временным управляющим должника проведено собрание кредиторов, на котором решено ходатайствовать перед судом о признании должника банкротом и введении в отношении него процедуры конкурсного производства.

Представитель должника в судебном заседании возражал, банкротом себя не признает, пояснил, что погасить имеющуюся задолженность должник в состоянии, считает, что временным управляющим были неправильно оценены активы должника.

Заслушав лиц, участвующих в деле, изучив материалы дела, представленные документы, суд установил, что у должника имеются признаки банкротства, установленные ст. 3 ФЗ «О несостоятельности (банкротстве)», а именно, должником не удовлетворены требования кредиторов по денежным обязательствам в течение трех месяцев с даты, когда они должны были быть исполнены.

Из представленного в суд протокола первого собрания кредиторов ОАО «НК «ЮКОС» от 20-25.07.06 г. усматривается, что в нем принимали участие 24

участника собрания, что составляет 99,61 % от общего числа голосов конкурсных кредиторов и уполномоченных органов, а также представители должника и работников должника.

Указанным собранием большинством голосов конкурсных кредиторов были приняты решения не обращаться в арбитражный суд с ходатайством о введении в отношении должника процедуры финансового оздоровления; не обращаться в арбитражный суд с ходатайством о введении в отношении должника процедуры внешнего управления; ходатайствовать перед судом о признании должника банкротом и введении в отношении него процедуры конкурсного производства.

Исследовав материалы первого собрания кредиторов, суд пришел к выводам, что лица, имеющие право на участие в собрании кредиторов были уведомлены о предстоящем собрании в соответствии с требованиями п. 1 ст. 13, ст. ст. 14, 72 ФЗ «О несостоятельности (банкротстве)».

Протокол данного собрания соответствует требованиям п. 7 ст. 12 ФЗ «О несостоятельности (банкротстве)».

Собрание было правомочно принимать решения по вопросам, отнесенным к его компетенции в силу п. 4 ст. 12 ФЗ «О несостоятельности (банкротстве)».

В повестку дня данного собрания были включены вопросы, отнесенные к компетенции первого собрания кредиторов п. 1 ст. 73 ФЗ «О несостоятельности (банкротстве)».

Решения, принятые первым собранием кредиторов суд полагает правомочными, поскольку они приняты в порядке п. 2 ст. 15 ФЗ «О несостоятельности (банкротстве)» единогласно, соответствуют требованиям ст. 74 названного Закона.

Указанные решения не противоречат требованиям п. 4 ст. 17, ст. ст. 18, 73 ФЗ «О несостоятельности (банкротстве)». Они приняты в соответствии с положениями п. 2 ст. 15 названного Закона.

Первое собрание кредиторов также решило отнести к компетенции комитета кредиторов принятие решений, которые в соответствии с ФЗ «О несостоятельности (банкротстве)» принимаются собранием кредиторов или комитета кредиторов, за исключением тех решений собрания кредиторов, которые в соответствии со ст. 12 ФЗ «О несостоятельности (банкротстве)» отнесены к исключительной компетенции собрания кредиторов.

В соответствии с п. 1 ст. 75 ФЗ «О несостоятельности (банкротстве)» конкурсное производство открывается арбитражным судом на основании решения первого собрания кредиторов при отсутствии оснований для введения финансового оздоровления и внешнего управления.

Собрание кредиторов решило утвердить временного управляющего ОАО «Нефтяная компания «ЮКОС» Ребгуна Э.К. на должность конкурсного управляющего должника ОАО «Нефтяная компания «ЮКОС».

На собрании кредиторов было решено ходатайствовать перед судом об утверждении вознаграждения конкурсному управляющему в размере 8.664.567 руб. Согласно пояснений представителя ФНС России, который на собрании голосовал за указанный размер вознаграждения, данная сумма рассчитана по методике в соответствии с рекомендациями Минэкономразвития РФ.

При таких обстоятельствах, суд утверждает конкурсным управляющим должника Ребгуна Эдуарда Константиновича, поскольку его кандидатура получила большинство голосов на собрании кредиторов должника.

Учитывая предстоящий объем работы конкурсного управляющего, а также мнение лиц, участвующих в деле, разумный размер вознаграждения арбитражных управляющих, суд считает возможным утвердить конкурсному управляющему вознаграждение в размере 1.800.000 рублей ежемесячно за счет имущества должника.

На основании изложенного, руководствуясь ст.ст. 3, 4, 6, 20, 32, 45, 53, 59, 124, 126 ФЗ «О несостоятельности (банкротстве)», ст.ст. 167-170, 176, 223 АПК РФ,

Р Е Ш И Л:

Признать банкротом ОАО «Нефтяная компания «ЮКОС».

Открыть в отношении должника ОАО «Нефтяная компания «ЮКОС» конкурсное производство сроком на год.

Взыскать с ОАО «НК «ЮКОС» в пользу ОАО «НК «Роснефть» расходы по госпошлине в размере 2.000 рублей.

Утвердить конкурсным управляющим ОАО «Нефтяная компания «ЮКОС» Ребгуна Эдуарда Константиновича, 15.03.1947 года рождения, установив ему вознаграждение в размере 1.800.000 рублей ежемесячно за счет имущества должника.

Обязать конкурсного управляющего Ребгуна Э.К. в десятидневный срок направить для опубликования в «Российской газете» сообщение о признании должника ОАО «Нефтяная компания «ЮКОС» банкротом и об открытии конкурсного производства. Доказательства проведения публикации представить в суд.

Прекратить полномочия руководителя должника, иных органов управления должника, за исключением полномочий органов управления должника, уполномоченных в соответствии с учредительными документами принимать решения о заключении крупных сделок, принимать решения о заключении соглашений об условиях предоставления денежных средств третьим лицом или третьими лицами для исполнения обязательств должника.

Обязать руководителя должника в течение трех дней передать бухгалтерскую и иную документацию должника, печати, штампы, материальные и иные ценности конкурсному управляющему. Акт приема-передачи представить в суд.

Снять ранее наложенные аресты на имущество должника и иные ограничения распоряжения имуществом должника.

Решение может быть обжаловано в арбитражный суд апелляционной инстанции (Девятый арбитражный апелляционный суд) в течение месяца с даты изготовления в полном объеме, в арбитражный суд кассационной инстанции (Федеральный арбитражный суд Московского округа) в срок, не превышающий двух месяцев со дня вступления в законную силу обжалуемого судебного акта.

Председательствующий - судья                                П.А.Марков

Судьи                                                                              Г.М.Бугаева

                                                                                        Г.Н.Михайлова

**COPY**

Arbitration Court for the City of Moscow
107996, Moscow, N. Basmannaya St. #10

RULING
in the name of the Russian Federation

Moscow                                                                                              Case Nr. A40-11836/06-88-35-B

Substantive provisions of decision handed down on 01 August 2006.
Full decision prepared on August 4, 2006.

The Arbitration Court for the City of Moscow comprised of:
His Honor P.A. Markov, Chief Justice
Judges G.M. Bugayeva and G.N. Mikhaylova,
with M.N. Yesenina acting as court secretary,
has reviewed the bankruptcy case of the YUKOS Oil Company, Open Joint Stock Company, during a court hearing
with the following persons participating: Representative of the Russian Federal Tax Service, A.A. Ustinov, holder of passport number 45 07 839606 dated 04/16/05 and commission nr. SAEh-19-14/231 dated 07/13/06; representatives of the interim receiver of the debtor YUKOS Oil Company, OJSC: S.A. Dogonina, holder of commission Nr. 35 dated 07/05/2006 and passport nr. 4500 554375 dated 05/23/2001; D.V. Pavlov, holder of commission Nr. 33 dated 07/05/2006, attorney ID card nr. 2308 dated 12/26/2002; V.V. Rudnaya, holder of commission nr. 35 dated 07/05/2006, attorney ID card nr. 4546 dated 06/29/2004; I.Yu. Krylov, holder of commission nr. 31 dated 07/05/2006 and attorney ID card nr. 4538 dated 06/28/2004; Yu.V. Goluzina, holder of commission nr. 34 dated 07/05/2006 and attorney ID card nr. 4529 dated 06/29/2004; E.Z. Rebgun, holder of commission nr. 42 dated 07/21/2006 and passport nr. 4505 914746 dated 06/06/2003; A.P. Mironova, holder of passport nr. 45 07 515373 issued on 09/02/2004 and commission nr. 38 dated 07/28/2006; A.V. Sobinyevsky, holder of passport 45 07 404834 issued on 05/14/04 and commission nr. 40 dated 07/21/06; interim receiver of the debtor YUKOS Oil Company, OJSC – Eh.K. Rebgun, appointed on 03/29/06, holder of passport number 45 03 578403 issued on 08/17/02; representatives of the debtor YUKOS Oil Company, OJSC: A.G. Morozov, power of attorney dated 03/27/2006, attorney ID card number 7304 dated 07/06/2004; Drew Patrick Holiner, power of attorney dated 09/21/2006, attorney ID card Nr. 3550 dated 06/10/2003; Yan Kumarovich Das Gupta, power of attorney dated 03/27/2006, attorney ID card nr. 7579 dated 12/23/2004; D.V. Kosarev, power of attorney dated 02/27/2006, holder of passport nr. 4506 123333 dated 07/22/2003; N.A. Chernysheva, attorney ID card number 7726 issued on 04/22/05, commission w/o serial nr. dated 03/27/06; representative of the debtor's shareholders, the firm John Newton and Sons, N.L. Kamysheva, holder of passport nr. 45 04 420637 issued on 11/28/02, commission w/o serial nr. dated 05/30/06; representatives of the bankruptcy creditor, the Rosneft Oil Company, OJSC, E.A. Aleksandrova, commission nr. SB-77/D dated 03/24/2006, holder of passport number 4501 897558 dated 02/07/2002; M.V. Datskevich, commission nr. SB-75/D dated 03/24/2006, holder of passport nr. 4501 185214 dated 08/30/2001; representatives of the bankruptcy creditor Yuganskneftegaz, OJSC: R.O. Rogalev, commission nr. YuNG-167/06 dated 03/10/2006, holder of passport nr. 4506 306526 dated 06/19/2003, representative of the Tomskneft, OJSC Eastern Oil Company, V.S. Muravyov, holder of passport 07 02 922051 issued on 04/30/02, commission nr. YuRM – 414/06 dated 06/26/06; E.V. Zavaleyeva, holder of passport nr. 29 06 054360 issued on 07/06/05, commission nr. YuRM-415/06 dated 06/26/06; YUKOS Refining and Marketing, Closed Stock Company – V.S. Muravyov, holder of passport nr. 07 02 922051 issued on 04/30/02, commission nr. YuRM-404/06 dated 06/26/06; E.V. Zavaleyeva, holder of passport nr. 29 05 054360 issued on 07/06/05, commission nr. YuRM-405/06 dated 06/26/06; YUKOS Exploration and Production, CSC – V.S. Muravyov, holder of passport nr. 07 02 922051 issued on 04/20/02, commission

nr. YuEhP-187/06 dated 06/26/06; E.V. Zavaleyeva, holder of passport nr. 29 05 054360 issued on 07/06/05, commission nr. YuEhP-188/06 dated 06/26/06; Samaraneftegaz, CJSC – V.S. Muravyov, holder of passport nr. 07 02 922051 issued on 04/30/02, commission nr. YuRM-409/06 dated 06/26/06; E.V. Zavaleyeva, holder of passport nr. 29 05 054360 issued on 07/06/05, commission nr. YuRM-410/06 dated 06/26/06;

and has established the following: By decision of the Arbitration Court for the City of Moscow dated 03/09/2006, the petition of the creditors to declare the YUKOS Oil Company, OJSC bankrupt was accepted for proceedings, with proceedings initiated under case number A40-11836/06-88-35-B.

By a decision dated 03/28/06, the bankruptcy creditors in the YUKOS Oil Company, OJSC bankruptcy case were substituted for the Rosneft Oil Company, OJSC.

By decision of the Arbitration Court for the City of Moscow dated 03/28/2006, a monitoring procedure was introduced for the debtor and E.K. Rebgun was appointed interim receiver.

The interim receiver published an announcement that a monitoring procedure had been implemented for the debtor in Rossiyskaya Gazeta, issue nr. 67 (4033) on 04/01/2006.

The essence of the case was examined at a court hearing.

Reporting on the work that had been conducted, the interim receiver explained that, according to data from the financial analysis entered into the case materials, it was discovered that YUKOS Oil Company, OJSC became unprofitable in 2003. This is reflected in the company's balance sheet. In 2004, wholesale trade in oil, which had provided YUKOS Oil Company, OJSC with a third of its revenues, came to a stop.

The claims of the YUKOS Oil Company, OJSC's creditors, which are already in the record, amount to 491.6 billion rubles, the interim receiver explained. This figure could rise to almost 790 billion rubles since, at the present time, 221 creditors have been identified. Of these, the demands of 44 creditors have been examined by the court.

The interim receiver believes that it is impossible to establish the YUKOS Oil Company's ability to pay. Documents on YUKOS Oil Company, OJSC were removed from the taxation inspectorate by the tax police.

A register of creditors has been compiled consisting of tertiary creditors, with the demands totaling 491,575,474,533.66 rubles.

As the interim receiver explained, the monitoring produced no signs of fraudulent or premeditated bankruptcy by the debtor.

A representative of the committee of creditors for the debtor explained in court that the debtor is in no position to pay off its indebtedness, and that he feels the debtor can be declared bankrupt.

On 07/20/2006, the debtor's interim receiver held a meeting of the creditors. During this meeting, it was decided to petition the court to declare the debtor bankrupt and to place it into receivership.

A representative for the debtor objected in court, stating that the debtor will not declare bankruptcy. The representative explained that the debtor is in a position to pay off its indebtedness and believes that the interim receiver had incorrectly assessed the debtor's assets.

Having heard the testimony of the persons participating in the case, and examining the case materials and the documents submitted, the court established that the debtor shows the signs of bankruptcy defined in Article 3 of the Federal Law titled "Insolvency (Bankruptcy)". Specifically, the debtor has not satisfied its monetary obligations to its creditors for three months from the time when should have been executed.

The minutes of the meeting of YUKOS Oil Company creditors held from July 20th through 25th of 2006, which were submitted to the court, show that 24 persons were in attendance. This

constitutes 99.61% of the total bankruptcy creditors and authorized bodies. Representatives and employees of the debtor also attended.

By a majority of votes of the bankruptcy creditors the aforementioned meeting made a decision not to appeal to the arbitration court with a petition concerning introduction as regards the debtor a procedure for financial recovery; not to appeal to the arbitration court with a petition concerning introduction as regards the debtor a procedure for external management; to petition before the court concerning declaring the bankruptcy of the debtor and introduction regarding it a procedure of bankruptcy proceedings.

Having studied the materials of the first creditors' meeting, the court has concluded that the persons who have a right to participate in the creditors' meeting were informed about the upcoming meeting in accordance with the requirements of paragraph 1, article 13, articles 14 and 72 of Federal Law "On insolvency (bankruptcy)."

The minutes of this meeting conform to the requirements of paragraph 7, article 12 of Federal Law "On insolvency (bankruptcy)."

The meeting was authorized to make a decision on issues relating to its jurisdiction in virtue of paragraph 4, article 12 of Federal Law "On insolvency (bankruptcy)."

This meeting's agenda included questions related to the jurisdiction of the first meeting of creditors paragraph 1, article 73 of Federal Law "On insolvency (bankruptcy)."

The court deemed legal decisions made by the first meeting of creditors, since they were made according to the procedure of paragraph 2, article 14 of Federal Law "On insolvency (bankruptcy)" unanimously, and they conform to the requirements of article 74 of the named law.

These decisions are not at variance with the requirements of paragraph 4, article 17, articles 18 and 73 of the Federal Law "On insolvency (bankruptcy)." They were made in accordance with the provisions of paragraph 2, article 15 of the named law.

The first meeting of creditors also decided to refer to the jurisdiction of the committee of creditors acceptance of the decisions, which, in accordance with the Federal Law "On insolvency (bankruptcy)" are made by the meeting of creditors or the committee of creditors, with the exception of those decisions of the meeting of creditors which, in accordance with article 12 of the Federal Law "On insolvency (bankruptcy)" were referred to the exclusive jurisdiction of the meeting of creditors.

In accordance with paragraph 1, article 75 of the Federal Law "On insolvency (bankruptcy)" bankruptcy proceedings are opened by the arbitration court on the basis of the decision of the first meeting of creditors, given the absence of foundations for introducing financial recovery and external management.

The meeting of creditors decided to confirm the appointment of E. K. Rebgun, the temporary manager of Yukos open joint stock oil company to the post of receiver of the debtor Yukos open joint stock oil company.

The meeting of creditors decided to petition the court concerning approval of remuneration to the receiver in the amount of 8,664,567 rubles. According to explanations of the representative of the Russian Federal Tax Service, who voted at the meeting for the aforementioned amount of remuneration, this amount was calculated according to the method corresponding with recommendations of Russian Federation Ministry of Economic Development.

Under these circumstances, the court shall confirm as receiver of the debtor, Eduard Konstantinovich Rebgun, since his candidacy received the majority of votes at the meeting of creditors of the debtor.

Considering the upcoming volume of work for the receiver, as well as the opinion of persons participating in the case, a reasonable amount of remuneration of arbitration administrators, the court considers it possible to approve remuneration to the receiver in the amount of 1,800,000 rubles monthly at the expense of the debtor's property.

On the basis of what has been stated, governed by articles 3, 4, 6, 20, 32, 45, 53, 59, 124, and 126 of the Federal Law "On insolvency (bankruptcy)," and articles 167-170, 176, 233 of Russian Federation Arbitration Procedural Law,

## IT HAS BEEN RESOLVED:

To declare bankrupt the Yukos open joint stock oil company.
To open bankruptcy proceedings as regards the debtor Yukos open joint stock oil company for a term of one year.
To levy Yukos open joint stock oil company in favor of Rosneft open joint stock oil company the expenses of state duty in the amount of 2,000 rubles.
To confirm as receiver of Yukos open joint stock oil company, Eduard Konstantinovich Rebgun, date of birth 3/15/1947, having establish his remuneration in the amount of 1,800,000 rubles monthly at the expense of the debtor's property.
To oblige the receiver E. K. Rebgun to send, within ten days, a statement of the declaration of the bankruptcy of the debtor Yukos open joint stock oil company for publication in the Russkaya Gazeta and about opening bankruptcy proceedings. To present proof of implementing publication to the court.
To end the authority of the debtor's director and of the other managing bodies of the debtor, with the exception of the powers of the debtor's managing bodies that are authorized in accordance with the founding documents to make decisions about concluding large-scale business transactions, to make decisions about concluding agreements about the conditions of granting monetary funds by a third party or by third parties for executing the debtor's obligations.
To oblige the debtor's director to transmit within three days the debtor's accounting and other documentation, seals, stamps, material and other valuables to the receiver. To present a statement of transfer and acceptance to the court.
To release earlier seizures of debtor's property and other limitations on disposing of the debtor's property.
The decision may be appealed to the arbitration court of appeal (ninth arbitration appeals court) within a month from the date of manufacture in full volume, to the arbitration court of cassation (Federal Arbitration Court of the Moscow district) within a period not exceeding two months from the day of the appealed judicial act's entrance into legal force.

| | |
|---|---|
| Presiding judge | P. A. Markov |
| judges | G. M. Bugaeva |
| | G. N. Mikhailova |

[notarization]
Moscow City Arbitration Court
Copy is valid
Specialist of Department No. 88
Full Name: [illegible]
Signature: [signature]
August 08, 2006

Department 88
Phone: 624-4670
Extension: 90-62



**TRANSPERFECT**
TRANSLATIONS

# AFFIDAVIT OF ACCURACY

I, Tyler Mickelson, hereby certify that the following is, to the best of my knowledge and belief, a true and accurate translation of the accompanying ruling from Russian into English.

*[signature]*

Tyler Mickelson
TransPerfect Translations, Inc.
601 Thirteenth Street, NW
Suite 320 North
Washington, DC 20005

Sworn to before me this
13th day of October 2006

ATLANTA
BOSTON
BRUSSELS
CHICAGO
DALLAS
DENVER
FRANKFURT
GENEVA
HONG KONG
HOUSTON
LONDON
LOS ANGELES
MIAMI
MINNEAPOLIS
MONTREAL
MUNICH
NEW YORK
PARIS
PHILADELPHIA
RESEARCH TRIANGLE PARK
SAN DIEGO
SAN FRANCISCO
SEATTLE
STOCKHOLM
TOKYO
WASHINGTON, DC

*[signature]*
Signature, Notary Public

Lisa Sherfinski
Notary Public, District of Columbia
My Commission Expires 01-01-2008

_____
Stamp, Notary Public
District of Columbia

601 THIRTEENTH STREET NW, SUITE 320 NORTH, WASHINGTON, DC 20005    T 202.347.2300    F 202.347.6861    WWW.TRANSPERFECT.COM

КОПИЯ



# Арбитражный суд города Москвы
107996, г. Москва, ул. Н.Басманная, 10

## ОПРЕДЕЛЕНИЕ

г. Москва                                                                 Дело № А40-11836/06-88-35 «Б»

Резолютивная часть определения объявлена 01 августа 2006 г.
Определение изготовлено в полном объеме 04 августа 2006 г.

Арбитражный суд города Москвы в составе:
председательствующего - судьи Маркова П.А.,
судей Бугаевой Г.М., Михайловой Г.Н.,
при секретаре судебного заседания Есениной М.Н.,
рассмотрев в судебном заседании дело о банкротстве ОАО «Нефтяная компания «ЮКОС»,
с участием: представитель ФНС России – Устинов А.А. паспорт: 45 07 839606 от 16.04.05г., дов. № САЭ –19-14/231 от 13.07.06г.; представители временного управляющего должника ОАО "Нефтяная компания "ЮКОС": Догонина С.А. - дов. № 35 от 5.07.2006г., паспорт 4500 554375 от 23.05.2001г.; Павлов Д.В. - дов. № 33 от 05.07.2006г., удост. адвоката № 2308 от 26.12.2002г.; Рудая В.В. - дов. № 35 от 5.07.2006г., удост. адвоката № 4546 от 29.06.2004г.; Крылов И.Ю. - дов. № 31 от 5.07.2006г., удост. адвоката № 4538 от 28.06.2004г.; Голузина Ю.В. - дов. № 34 от 5.07.2006г., удост. адвоката № 4529 от 29.06.2004г.; Ребгун Е.З. - дов. № 42 от 21.07.2006г., паспорт 4505 914746 от 06.06.2003г.; Миронова А.П. паспорт: 45 07 515373 выдан 02.09.04г., дов. № 38 от 28.07.06г.; Собиневский А.В. паспорт: 45 07 404834 выдан 14.05.04г., дов. № 40 от 21.07.06г.; временный управляющий должника ОАО "Нефтяная компания "ЮКОС" - Ребгун Э.К. определение от 29.03.06г., паспорт: 45 03 578403 выдан 17.08.02г.; представители должника ОАО "Нефтяная компания "ЮКОС": Морозов А.Г. - доверенность в порядке передоверия от 27.03.2006г., удост. адвоката № 7304 от 06.07.2004г.; Холинер Дру Патрик - доверенность в порядке передоверия от 21.09.2006г., удост. адвоката № 3550 от 10.06.2003г.; Дас Гупта Ян Кумарович - доверенность в порядке передоверия от 27.03.2006г., удост. адвоката № 7579 от 23.12.2004г.; Косарев Д.В. - доверенность в порядке передоверия от 27.03.2006г., паспорт 4506 123333 от 22.07.2003г.; Чернышева Н.А. уд. адвоката № 7726 выдано 22.04.05г., дов. б/н от 27.03.06г., представитель акционеров, фирмы Джон Ньютон и Сыновья – Камышева Н.Л. паспорт: 45 04 420637 выдан 28.11.02г., дов. б/н от 30.05.06г., представители конкурсного кредитора ОАО "НК "Роснефть": Александрова Е.А. – дов. № СБ-77/Д от 24.03.2006г., паспорт 4501 897558 от 07.02.2002г.; Дацкевич М.В. - дов. № СБ-75/Д от 24.03.2006г., паспорт 4501 185214 от 30.08.2001г.; представители конкурсного кредитора ОАО "Юганскнефтегаз": Рогалев Р.О. - дов. № ЮНГ-167/06 от 10.03.2006г., паспорт 4506 306526 от 19.06.2003г., ОАО "Томскнефть" Восточной Нефтяной Компании – Муравьев В.С. паспорт: 07 02 922051 выдан 30.04.02г., дов. № ЮРМ – 414/06 от 26.06.06г., Завалеева Е.В. паспорт: 29 05 054360 выдан 06.07.05г., дов. № ЮРМ – 415/06 от 26.06.06г.; ЗАО "ЮКОС Рефайнинг энд Маркетинг" - Муравьев В.С. паспорт: 07 02 922051 выдан 30.04.02г., дов. № ЮРМ –

404/06 от 26.06.06г., Завалеева Е.В. паспорт: 29 05 054360 выдан 06.07.05г., дов. № ЮРМ – 405/06 от 26.06.06г.; ЗАО "ЮКОС Эксплорейшн энд продакшн" - Муравьев В.С. паспорт: 07 02 922051 выдан 30.04.02г., дов. № ЮЭП – 187/06 от 26.06.06г., Завалеева Е.В. паспорт: 29 05 054360 выдан 06.07.05г., дов. № ЮЭП – 188/06 от 26.06.06г.; ОАО "Самаранефтегаз" - Муравьев В.С. паспорт: 07 02 922051 выдан 30.04.02г., дов. № ЮРМ – 409/06 от 26.06.06г., Завалеева Е.В. паспорт: 29 05 054360 выдан 06.07.05г., дов. № ЮРМ – 410/06 от 26.06.06г.;

Установил: Определением Арбитражного суда города Москвы от 09.03.06 принято к производству заявление конкурсных кредиторов о признании банкротом ОАО «Нефтяная компания «ЮКОС», возбуждено производство по делу № А40-11836/06-88-35 «Б».

Определением от 28.03.06 произведена замена конкурсных кредиторов в производстве о признании должника ОАО «НК «ЮКОС» банкротом на ОАО «НК «Роснефть».

Определением Арбитражного суда города Москвы от 28.03.2006г. в отношении должника введена процедура наблюдения, временным управляющим назначен Ребгун Э.К. Сообщение о введении в отношении должника наблюдения опубликовано временным управляющим в Российской газете № 67 (4033) от 01.04.2006г.

В настоящем судебном заседании дело подлежит рассмотрению по существу.

Должником заявлено ходатайство об объявлении перерыва в судебном заседании по причине того, что с момента первого собрания кредиторов до даты настоящего судебного заседания прошло (без учета выходных) четыре рабочих дня, а также в связи с тем, что на 04.08.06 назначено рассмотрение апелляционной жалобы должника на определение по рассмотрению требования ФНС России.

Должником заявлено ходатайство о приостановлении производства по делу, в связи с рассмотрением в Европейском Суде по правам человека жалобы должника о нарушении Российской Федерацией прав, охраняемых Конвенцией, о защите прав и человека и основных свобод. Должник полагает, что согласно п. 5 ст. 144 АПК РФ, арбитражный суд вправе приостановить производство по делу в случае рассмотрения международным судом другого дела, решение по которому может иметь значение для рассмотрения данного дела.

Должником заявлено ходатайство о приостановлении производства по делу, в связи с обжалованием первого собрания кредиторов. Должник считает, что в соответствии с п. 1 ст. 58 ФЗ «О несостоятельности (банкротстве)», производство по делу о банкротстве может быть приостановлено в случае обжалования решения собрания кредиторов.

Заслушав мнения лиц, участвующих в деле, по заявленным ходатайствам, изучив материалы дела, представленные документы, суд приходит к выводу об отказе в удовлетворении заявленных ходатайств по следующим основаниям.

Ходатайство об объявлении перерыва в судебном заседании является необоснованным по причине того, что порядок исчисления процессуальных срок в рабочих днях, установленный ч. 3 ст. 113 АПК РФ, в соответствии с ФЗ «О несостоятельности (банкротстве)» не применяется в деле о банкротстве.

Следовательно, временным управляющим в установленный п. 2 ст. 67 закона о банкротстве срок представлены в арбитражный суд все необходимые документы.

Кроме того, судом не принимается во внимание довод должника об обжаловании в апелляционном порядке определений о включении в реестр кредиторов, поскольку в соответствии с п. 5 ст. 71 закона о банкротстве, определение о включении в реестр требований кредиторов вступает в силу немедленно.

В части ходатайств о приостановлении производства по делу, в связи с рассмотрением в Европейском Суде по правам человека жалобы должника о нарушении Российской Федерацией прав, охраняемых Конвенцией, о защите прав и человека и основных свобод, а также в связи с обжалованием решения первого собрания кредиторов, суд считает, что в соответствии с п. 5 ст. 144 АПК РФ, п. 1 ст. 58 ФЗ «О несостоятельности (банкротстве)», указанные заявителем основания приостановления производства по делу являются правом суда, а не обязанностью, и в данном случае суд не усматривает необходимости приостановления производства по делу.

Кроме того, заявление об обжаловании решения первого собрания кредиторов поступило в суд 01.08.06, на дату судебного заседания к производству не принято, судебное заседание не назначено.

На основании изложенного, руководствуясь ст. ст. 32, 58, 67, 71, 100, 142 ФЗ «О несостоятельности (банкротстве)», ст. ст. 71, 144, 156, 184, 223 АПК РФ,

О П Р Е Д Е Л И Л:

Отказать в удовлетворении ходатайств ОАО «Нефтяная компания «ЮКОС» об объявлении перерыва в судебном заседании, о приостановлении производства по делу.

Председательствующий - судья     П.А.Марков

Судьи     Г.М.Бугаева

    Г.Н.Михайлова

COPY

[official crest]
Moscow City Arbitration Court
10 N. Basmannaya St, Moscow, 107996
RULING

City of Moscow                                                        Case No. A40-11836/06-88-35 "B"
Resolution portion of the ruling pronounced August 1, 2006
Ruling drafted in full August 4, 2006

      Moscow City Arbitration Court, comprising:
presiding judge P.A. Markova,
judges G.M. Bugaeva, G.N. Mikhailova,
with court clerk M.N. Esenina,
having reviewed in court session the case on the bankruptcy of OAO Oil Company YUKOS,
with the participation of: representative of the Russian Federal Taxation Service A.A. Ustinov, passport: 45 07 839606 dated 04/16/05, power of attorney no. SAE -19-14/231 dated 07/13/06; representatives of the temporary administrator of debtor OAO Oil Company YUKOS: S.A. Dogonina -power of attorney no. 35 dated 7/5/06, passport 4500 554375 dated 05/23/2001; D.V. Pavlov - power of attorney no. 33 dated 7/5/06, attorney's license No. 2308 dated 12/26/02; V.V. Rudaya - power of attorney no. 35 dated 7/5/06, attorney's license no. 4546 dated 06/29/04; I.U. Krylov - power of attorney no. 31 dated 7/5/06, attorney's license no. 4538 dated 06/28/04; U.V. Goluzina - power of attorney no. 34 dated 7/5/06, attorney's license no. 4529 dated 06/29/03; E.Z. Rebgun - power of attorney no. 42 dated 7/21/06, passport 4505 914746 dated 06/06/03; A.P. Mironova passport: 45 07 515373 issued 09/02/04, power of attorney no. 38 dated 7/28/06; A.V. Sobinevskii passport: 45 07 404834 issued 05/14/04, power of attorney no. 40 dated 7/21/06; temporary administrator of debtor OAO Oil Company YUKOS, E.K. Rebgun, appointed 03/29/06, passport: 45 07 404834 issued 8/17/02; representatives of debtor OAO Oil Company YUKOS: A.G. Morozov - power of attorney delegated 3/27/06, attorney's license no. 7304 dated 07/06/03; Drew Patrick Holiner, power of attorney delegated 9/21/06, attorney's license no. 3550 dated 06/10/03; Jan Kumarovich Das Gupta, power of attorney delegated 3/27/06, attorney's license no. 7579 dated 12/23/04; D.V. Kosarev - power of attorney delegated 3/27/06, passport 4506 123333 dated.; N.A. Chernysheva attorney's license no. 7726 issued 04/22/05, unnumbered power of attorney dated 3/27/06, representatives of the shareholders of the firm John Newton and Sons, N.L. Kamysheva passport: 45 07 404834 issued 11/28/02, unnumbered power of attorney dated 5/30/06, representatives of competing creditor OAO NK Rosneft: E.A. Aleksandrova - power of attorney no. SB-77/D dated 3/24/06, passport 4501 897558 dated 2/7/02; M.V. Datskevich - power of attorney no. SB-75/D dated 3/24/06, passport 4501 185214 dated 08/30/01; representatives of competing creditor OAO Yuganskneftegaz: R.O. Rogalev - power of attorney no. YUNG-167/06 dated 3/10/06, passport 4506 306526 dated 6/19/03, OAO Tomskneft of the Eastern Oil Company - V.S. Muraviev passport: 07 02 922051 issued 04/30/02, power of attorney no. YURM-414/06 dated 06/26/06, E.V. Zavaleeva passport: 29 05 054360 issued 07/06/05, power of attorney no. YURM-415/06 dated 6/26/06; ZAO YUKOS Refiling and Marketing - V.S. Muraviev: passport: 07 02 922051 issued 04/30/02, power of attorney no. YURM- 404/06 dated 6/26/06, E.V. Zavaleeva passport: 29 05 054360 issued 07/06/05, power of attorney no. YURM- 405/06 dated 6/26/06; ZAO YUKOS Exploration and Production - V.S. Muraviev. passport: 07 02 922051 issued 04/30/02, power of attorney no. YUEP - 187/06 dated 06/26/06, E.V. Zavaleeva passport: 29 05 054360 issued 07/06/05, power of attorney no. YUEP - 188/06 dated 6/26/06; OAO Samaraneftegaz - V.C. Muraviev passport: 07 02 922051 issued 04/30/02, power of attorney no. YURM- 409/06 dated 6/26/06, E.V. Zavaleeva passport: 29 05 054360 issued 07/06/05, power of attorney no. YURM- 410/06 dated 6/26/06.;

Established: By ruling of the Moscow City Arbitration Court dated 3/9/06, proceedings have been commenced per the claim of competing creditors on the pronouncement of bankruptcy of OAO Oil Company YUKOS, and proceedings have been commenced on case no. A40-11836/06-88-35 "B".

The 3/28/06 ruling, replaced the competing creditors in the proceedings on the pronouncement of YUKOS' bankruptcy with Rosneft.

The Moscow City Arbitration Court ruling dated 03/28/06 has introduced an oversight procedure for the debtor and E.K. Rebgun has been appointed temporary administrator. The introduction of the oversight of the debtor was published by the temporary administrator in Rossiiskaya Gazeta no. 67 (4033) dated 04/01/06.

This court session will examine the essence of the case.

The Debtor made a motion to announce a recess in the court session because from the first meeting of the creditors until the date of this court cession, four days had passed (not counting weekends), and also in connection with the fact that 8/4/06 was the date appointed to review the Debtor's appeals to the ruling per examination of the requirements of the Russian Federal Taxation Service.

The Debtor made a motion to suspend proceedings on the case, in connection with examination in European Court for Human Rights of the debtor's complaint on violation by the Russian Federation of rights protected by the European Convention on Human Rights. The debtor asserts that according to Article 144 Clause 5 of the Arbitration Code of the Russian Federation, the arbitration court is entitled to suspend case proceedings if another case is being reviewed in international court and the ruling on that case could be significant for the review of the case at hand.

The Debtor made a motion to suspend proceedings on the case, in connection with the appeal of the decision of the first meeting of the creditors. The debtor maintains that pursuant to Article 58 Clause 1 of Federal Law "On Insolvency (bankruptcy)" the case proceedings may be suspended in case of an appeal of the decision of the meeting of the creditors.

Having heard the opinions of the persons involved in the case under the motions made, having studying the case materials and documents submitted, the court has decided to reject the motions made on the following grounds.

The motion to announce a recess in the court session is unfounded since the procedure for calculating trial dates in business days as established by Article 113 Part 3 of the Arbitration Code of the Russian Federation does not apply to bankruptcy cases pursuant to Federal Law "On Insolvency (bankruptcy)".

Accordingly the temporary administrator submitted to the arbitration court all the necessary documents by the dates established by Article 67 Clause 2 of the law on bankruptcy.

In addition, the court does not take into account the debtor's argument about the appeal in appeals procedure of rulings on inclusion in the register of creditors, since pursuant to Article 71 Clause 5 of the law on bankruptcy, the ruling on inclusion in the register of creditor requirements enters into force immediately.

As for the motions to suspend proceedings on case in connection with examination in European Court for Human Rights of the debtor's complaint on violation by the Russian Federation of rights protected by the European Convention on Human Rights, and also in connection with the appeal of the decision of the first meeting of the creditors, the court has decided that pursuant to Article 144 Clause 5 of the Arbitration Code of the Russian Federation, and Article 58 Clause 1 of Federal Law "On Insolvency (bankruptcy)", the grounds given by the plaintiff for suspending proceedings on the case constitute a right of the court and not an obligation, and in this case the court does not see the necessity of suspending proceedings on the case.

In addition, the claim on the appeal of the decision of the first meeting of the creditors c. was received by the court on 8/1/06, was not accepted for proceedings on the date of the court session, and a court session was not appointed.

Pursuant to the foregoing, guided by Articles 32, 58, 67, 71, 100, and 142 of Federal Law "On insolvency (bankruptcy)", and Articles 71, 144, 156, 184, and 223 of the Arbitration Code of the Russian Federation, the court has

RULED:

To reject the motion of OAO Oil Company YUKOS to announce a recess in the court session and to suspend proceedings on case.

| | |
|---|---|
| Presiding judge | P.A. Markov |
| Judges | G.M. Bugaeva |
| | G.N. Mikhailova |

[notarization]
Moscow City Arbitration Court
Copy is valid
Specialist of Department No. 88
Full Name: [illegible]
Signature: [signature]
August 08, 2006

Department 88
Phone: 624-4670
Extension: 90-62



**TRANSPERFECT**
TRANSLATIONS

AFFIDAVIT OF ACCURACY

I, Tyler Mickelson, hereby certify that the following is, to the best of my knowledge and belief, a true and accurate translation of the accompanying ruling from Russian into English.

*[signature]*

Tyler Mickelson
TransPerfect Translations, Inc.
601 Thirteenth Street, NW
Suite 320 North
Washington, DC 20005

Sworn to before me this
13th day of October 2006

ATLANTA
BOSTON
BRUSSELS
CHICAGO
DALLAS
DENVER
FRANKFURT
GENEVA
HONG KONG
HOUSTON
LONDON
LOS ANGELES
MIAMI
MINNEAPOLIS
MONTREAL
MUNICH
NEW YORK
PARIS
PHILADELPHIA
RESEARCH TRIANGLE PARK
SAN DIEGO
SAN FRANCISCO
SEATTLE
STOCKHOLM
TOKYO
WASHINGTON, DC

*[signature]*
Signature, Notary Public

Lisa Sherfinski
Notary Public, District of Columbia
My Commission Expires 01-01-2008

_____
Stamp, Notary Public
District of Columbia