UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
----------------------------------------------------x
                                                     )
RICHARD V. ALLEN, et al.                             )
                                                     )
                    Plaintiffs,                      )      Case No: 1:05-cv-02077 (CKK)
                                                     )      Hon. Colleen Kollar-Kotelly
         v.                                          )
                                                     )
RUSSIAN FEDERATION, et al.                           )
                                                     )
                    Defendants.                      )
                                                     )
----------------------------------------------------x
```

**PLAINTIFFS' MOTION TO SERVE DEFENDANT GAZPROMNEFT BY
PUBLICATION**

Plaintiffs, by and through undersigned counsel, respectfully ask this Court to

authorize Plaintiffs to serve Defendant Gazpromneft by publication of a notice in the *Daily*

*Washington Law Reporter* and two Russian daily newspapers, *Rossiiskaya Gazeta* and

*Vedomosti*. As is explained in the accompanying Memorandum of Points and Authorities, this

motion should be granted because Defendant Gazpromneft cannot be located, despite Plaintiffs'

diligent efforts. Service by publication on Defendant Gazpromneft satisfies the requirements of

due process because it is reasonably calculated to apprise Gazpromneft of the case against it.

In accordance with Local Civil Rule 7(m), Plaintiffs have conferred with

opposing counsel in this case. Plaintiffs have been advised that Defendants Russian Federation,

Khristenko, Kudrin, Medvedev, Sechin, Yusufov, Gazprom, and Miller do not consent to this

motion, while Defendants Rosneft, Rosneftegaz, Bogdanchikov, and Borisenko oppose this

motion.

- 2 -

WHEREFORE, for the reasons presented herein and such other reasons as may appear just to the Court, Plaintiffs respectfully request that this Motion to Serve Defendant Gazpromneft by Publication be granted.

November 20, 2007                                      Respectfully Submitted,

  /s/ O. Thomas Johnson, Jr.
O. Thomas Johnson, Jr. (DC Bar No. 218527)
Marney L. Cheek
Covington & Burling LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
*Counsel to Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


```
-------------------------------------------------x
                                                 )
RICHARD V. ALLEN, et al.                         )
                                                 )
                         Plaintiffs,             )      Case No: 1:05-cv-02077 (CKK)
                                                 )      Hon. Colleen Kollar-Kotelly
      v.                                         )
                                                 )
RUSSIAN FEDERATION, et al.                       )
                                                 )
                         Defendants.             )
                                                 )
-------------------------------------------------x
```


**STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'
MOTION TO SERVE DEFENDANT GAZPROMNEFT BY PUBLICATION**


Plaintiffs, by and through undersigned counsel, respectfully ask this Court to

authorize Plaintiffs to serve Defendant Gazpromneft by publication of a notice in the *Daily

Washington Law Reporter* and two Russian daily newspapers, *Rossiiskaya Gazeta* and

*Vedomosti*.


**I.      Despite Diligent Efforts, Plaintiffs Have Not Been Able To Locate Defendant
         Gazpromneft or To Effect Service.**

Plaintiffs have made diligent efforts to serve Defendant Gazpromneft, a defendant

in this case, but have been unsuccessful.  Gazpromneft was established as a wholly-owned

subsidiary of Defendant Gazprom in October 2004.  *See* Am. Compl., Docket No. 47, ¶¶ 66-67.

Gazpromneft was one of two participants in the sham auction of Yukos's main production unit,

Yugankneftegaz ("YNG"), held on December 19, 2004.  *Id.*  Shortly before the auction,

Gazprom announced the sale of Gazpromneft to an unknown, "unaffiliated" company.  *Id.*

Also, in December 2004, Yukos filed for bankruptcy protection in the United

States District Court for the Southern District of Texas.  Am. Compl. ¶ 276.  *See In Re Yukos Oil*

*Company*, Case No. 04-47742 (Bankr. S.D. Tex. filed Dec. 14, 2004).  Gazpromneft was a

named defendant in the Yukos bankruptcy proceedings.  *Id.*  Gazpromneft was represented by

Baker Botts and Winston & Strawn ("U.S. Counsel") in those proceedings.  In response to the

Court's order of November 6, 2007, Plaintiffs have conferred with Gazpromneft's U.S. Counsel

from the Yukos bankruptcy proceedings in Texas.[1]  Both Baker Botts and Winston & Strawn

have represented to Plaintiffs' counsel that their representation of Gazpromneft ended in 2005

and that they are not in a position to accept service on behalf of Defendant Gazpromneft.

Plaintiffs have diligently tried to obtain an address for Gazpromneft through

research on the Internet and review of corporate directories.  These efforts have been

unsuccessful, however.  In addition to their own efforts to locate Defendant Gazpromneft,

Plaintiffs hired a process server specializing in international litigation to locate and serve several

Defendants in this case, including Gazpromneft.  This process server has 13 years of experience

assisting litigants with service of process abroad, including in Russia.  She has undertaken

additional extensive, yet unsuccessful, efforts to locate a current address for, or additional

information about, Gazpromneft.

Plaintiffs considered service on Gazpromneft through Russian government

authorities but discovered that such attempted service would be futile.  Russia does not consider

the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents to apply

---

[1] Both Baker Botts and Winston & Strawn represented Gazpromneft in proceedings in the Bankruptcy Court for the Southern District of Texas that commenced in December 2004.  Am. Compl. ¶ 67.  Both counsel currently represent parties in this case: Winston & Strawn represents Defendants Gazprom and Miller; and Baker Botts represents Defendants Russian Federation, Khristenko, Kudrin, Medvedev, Sechin, and Yusufov.

to the United States[2] and suspended all judicial cooperation with the United States in civil and

commercial cases four years ago.[3]  The Russian Government has returned unexecuted U.S.-

based requests, either from the U.S. Department of State or private litigants, to effect service of

process and to execute letters rogatory for service or evidence.[4]

## II.    Because No Other Method Is Available, Service by Publication in This Case Is Necessary.

In light of these diligent yet unsuccessful efforts, and because no other method is

available, Plaintiffs now request this Court to authorize service upon Defendant Gazpromneft by

publication.  Plaintiffs propose to serve Gazpromneft via publication of a notice in the *Daily

Washington Law Reporter* and two Russian newspapers, *Rossiiskaya Gazeta* and *Vedomosti*.  A

proposed notice, which will be translated into Russian for publication in *Rossiiskaya Gazeta* and

*Vedomosti* if approved by the Court, is contained in Exhibit 1.  The notice would be published

once a week for six consecutive weeks in each of the three publications.

---

[2] *See* Convention on the Service Abroad of Judicial and Extrajudicial Documents, Nov. 15, 1965, 658 U.N.T.S. 163, Russian Federation Reservation VIII; *see also* U.S. Department of State, *Foreign Affairs Manual*, 7 FAM 953.7(d) (table), available at http://www.state.gov/documents/organization/86743.pdf ("Russia does not consider the Hague Service Convention to apply to the United States.").

[3] *See* U.S. Department of State, "Russia Judicial Assistance," no date, available at http://travel.state.gov/law/info/judicial/judicial_3831.html ("In July 2003, Russia unilaterally suspended all judicial cooperation with the United States in civil and commercial matters.")

[4] *Id.* ("The Russian Federation refuses to serve letters of request from the United States for service of process presented under the terms of the 1965 Hague Service Convention or to execute letters rogatory requesting service of process transmitted via the diplomatic channel.  The Russian Federation also declines to give consideration to U.S. requests to obtain evidence.  While the Department of State is prepared to transmit letters rogatory for service or evidence to Russian authorities via the diplomatic channel, in the Department's experience, all such requests are returned unexecuted.  Likewise requests sent directly by litigants to the Russian Central Authority under the Hague Service Convention are returned unexecuted.")

*Rossiiskaya Gazeta* is a daily newspaper published by the Russian government. It contains not only news stories and official documents of state bodies, such as laws and decrees, but also notices published by companies, such as notices about shareholder meetings and bankruptcy proceedings. *Rossiiskaya Gazeta* is published in Russian and frequently read by businesses leaders.[5] It reports regularly on Russian companies in the oil and gas sector. For example, a search on the *Rossiiskaya Gazeta* website revealed over 3,000 stories mentioning Gazprom and 971 stories mentioning Rosneft.

*Vedomosti* is the leading independent business daily in Russia. It is a Russian-language journal started in 1999 by a partnership of the *Financial Times*, the *Wall Street Journal*, and the Russian publishing house Independent Media Sanoma Magazines. *Vedomosti* is widely read by business leaders.[6] It also regularly reports on Russian companies in the oil and gas industry. For example, a search on the *Vedomosti* website revealed over 3,000 stories mentioning Gazprom and over 9,000 stories mentioning Rosneft.

Russian business leaders in the oil and gas sector, including the control persons of Defendant Gazpromneft, are likely to read both of these publications.

### III.    The Federal Rules and the D.C. Superior Court Rules of Civil Procedure Permit Service by Publication.

Both the Federal Rules of Civil Procedure and the D.C. Superior Court Rules of Civil Procedure authorize service by publication. FRCP 4(f) provides for several means of

---

[5] *See* Rossiiskaya Gazeta, "About the Newspaper," no date, available at http://www.rg.ru/about.html (listing circulation at 400,000).

[6] *See* "Vedomosti: The Russian Business Daily," at http://www.vedomosti.ru/eng/Vedomosti_-_The_Russian_business_daily.pdf (listing circulation at 71,000).

serving foreign defendants; FRCP 4(f)(3) provides that service may be effected "by other means

not prohibited by international agreement as may be directed by the court." The Hague

Convention does not prohibit service by publication. *See* Convention on the Service Abroad of

Judicial and Extrajudicial Documents, Nov. 15, 1965, 658 U.N.T.S. 163. The FRCP Advisory

Committee's 1993 notes indicate that "an earnest effort should be made to devise a method of

communications that is consistent with due process and minimizes offense to foreign law." Fed.

R. Civ. P. 4 advisory committee's note (1993) (citing *Levin v. Ruby Trading Corp.*, 248 F. Supp.

537 (S.D.N.Y. 1965)). Plaintiffs have consulted Russian counsel and are unaware of any

Russian law prohibiting service by publication. The federal rules do not give specific guidance

on how to effect service by publication. The D.C. Superior Court Rules of Civil Procedure may

be consulted by analogy.

The D.C. Superior Court Rules of Civil Procedure specifically authorize service

by publication. Rule 4-I provides that service by publication can be affected by publishing "for

the prescribed time in at least one legal newspaper or periodical of daily circulation and any

other newspaper or periodical specifically designated by the Court."[7] Plaintiffs have included

publication in the *Daily Washington Law Reporter* in this motion requesting service by

publication in case this Court deems it appropriate to publish in a legal newspaper of daily

circulation in addition to the two Russian publications identified by Plaintiffs.

---

[7] The Rule defines "a legal newspaper or periodical of daily circulation" as "a publication designated by the Court that is (1) devoted primarily to publication of opinions, notices and other information from the courts of the District of Columbia, (2) circulated generally to the legal community, and (3) published at least on each weekday that the Superior Court is in session."

**IV.     Service by Publication on Gazpromneft Satisfies Due Process.**

In addition to being authorized by federal and local rules of civil procedure,

service by publication on Gazpromneft in two widely-read Russian newspapers satisfies the

demands of due process because such service is reasonably calculated to apprise Gazpromneft of

the case and afford it an opportunity to present its objections. *Mullane v. Central Hanover Bank*

*and Trust Co.*, 339 U.S. 306, 314 (1950) (Due process requires that notice be "reasonably

calculated, under the circumstances, to apprise interested parties of the pendency of the action

and afford them an opportunity to present their objections.")  The Supreme Court has held that

giving constructive notice by publication is appropriate "where it is not reasonably possible or

practicable to give more adequate warning." *Id.* at 317.  The Supreme Court concluded that "in

the case of persons missing or unknown, employment of an indirect and even a probably futile

means of notification is all that the situation permits and creates no constitutional bar to a final

decree foreclosing their rights." *Id.* at 317; *see also Mwani v. bin Laden*, 417 F.3d 1, 8 (D.C. Cir.

2005) (citing *Mullane*, 339 U.S. at 317).

This Court and other federal courts have found that service by publication in a

widely-read newspaper where the defendant is believed to be residing satisfies the demands of

due process when a defendant cannot be located despite diligent efforts.  The D.C. Circuit upheld

this Court's authorization of service by publication when plaintiffs could not locate defendants

through diligent efforts.  In *Mwani v. United States*, the plaintiffs could not locate Osama bin

Laden and al Qaeda, and plaintiffs requested authorization to serve these defendants by

publishing a notice in newspapers of general circulation in the Middle East.  This Court, noting

that their "address is not known, nor is it easily ascertainable," and that the defendants were

"likely to be aware of investigations into their activities," authorized the plaintiffs to serve

Osama bin Laden by publication because it was "reasonably calculated" to apprise bin Laden and

al Qaeda of the suit against them. *Mwani v. United States*, No. 99-125, Order at 3, 4 (D.D.C.

Aug. 2, 1999) (CKK) (citing *Mullane*, 339 U.S. at 314). The Court ordered publication of a

notice once a week for six weeks in the *Daily Washington Law Reporter*, the *International

Herald Tribune*, and *Al-Quds Al-Arabi* (in Arabic). The D.C. Circuit upheld this order, quoting

the Supreme Court's holding that service by publication was sanctioned "'where it is not

reasonably possible or practicable to give more adequate warning.'" *Mwani*, 417 F.3d at 8

(quoting *Mullane*, 339 U.S. at 317).

Like the plaintiffs in *Mwani*, Plaintiffs in this case have made diligent yet

unsuccessful efforts to serve Defendant Gazpromneft, whose address is not known, nor is it

easily ascertainable. Furthermore, Defendant Gazpromneft is likely to be aware of these

proceedings, inasmuch as (i) considerable controversy surrounded the sham auction of YNG, (ii)

that controversy, including this court case and other legal actions, has been widely reported in

both the Russian- and English-language press, including *Rossiiskaya Gazeta* and *Vedomosti,* and

(iii) Defendant Gazpromneft was one of only two participants in the YNG auction. Plaintiffs

propose to serve Defendant Gazpromneft through publication in two widely-read newspapers in

Russia, where Defendant Gazpromneft is believed to reside, plus an English-language legal

periodical. Such service is reasonably calculated to apprise Gazpromneft of the pending suit

against it.

The Second Circuit also has upheld a district court's authorization to effect

service by publication on defendants living abroad because they could not be located despite

diligent efforts. In *SEC v. Tome*, 833 F.2d 1086 (2d Cir. 1987), *cert. denied*, 486 U.S. 1014

(1988), the SEC had undertaken "diligent efforts" to identify insider trading suspects but were

unsuccessful. *Id.* at 1091. Because the identities (and thus addresses) of some of the suspects

were unknown, and because the defendants were likely aware of the suit against them, the SEC

asked the district court to authorize service by publication in the *International Herald Tribune*

and a Swiss newspaper, which were publications "likely to be read by international investors."[8]

*Id.* at 1093.  The district court authorized the service.  The Second Circuit upheld the district

court's order, finding that the publication of the complaint and summons in the *International*

*Herald Tribune* for four successive weeks was "reasonably calculated" to notify the suspects of

the lawsuit against them.  *Id.* at 1093.

   The Second Circuit noted that "as business dealings have become increasingly

interstate and international, the means of giving notice have been extended to meet these

situations, so that parties may be held accountable in our courts of justice."  *Id.* at 1092.  Like the

SEC in *Tome*, Plaintiffs in this case have made diligent yet unsuccessful efforts to locate

Gazpromneft.  And like the SEC in *Tome*, Plaintiffs now propose to publish notice of the suit

against a defendant via publication in widely-read newspapers likely to be read by

businesspeople in the country where Defendant is believed to be located.  Such service would be

reasonably calculated to apprise Gazpromneft, which is likely to be aware of this action, of the

pendency of the case against it.

   Other district courts have authorized service by publication in widely-read

newspapers in cases where the defendant could not be located despite diligent efforts by

plaintiffs to locate the defendant.  For example, the district court in *BP Products North America,*

*Inc. v. Dagra*, 236 F.R.D. 270 (E.D. Va. 2006), authorized service by publication on a defendant

---

[8] The Second Circuit noted that the district court later discovered that publishing the complaint and summons in the Swiss newspaper would violate Swiss law and therefore limited its order to publishing in the *International Herald Tribune*.  *Tome*, 833 F.2d at 1091.  As mentioned above, Plaintiffs have consulted with Russian counsel and are unaware of any Russian law prohibiting service by publication.

in a foreign country when his exact whereabouts in Pakistan could not be known despite

plaintiff's diligent efforts to locate him, including by hiring a process server and by attempting to

serve the defendant through local counsel. The court authorized service by publication in two

Pakistani newspapers according to Virginia state law, which calls for publication once a week for

four weeks. The court found that such service was "reasonably calculated to provide Defendant

with sufficient notice of this action." *Id.* at 273.

Like the plaintiff in *BP Products*, the Plaintiffs in this case have undertaken

diligent yet unsuccessful efforts to track down Defendant Gazpromneft. Plaintiffs hired an

international process server who was unable to locate Gazpromneft. Plaintiffs also sought

service on Gazpromneft's U.S. counsel, only to learn that those lawyers no longer have an

attorney-client relationship with Gazpromneft. Plaintiffs propose to publish notice for six

consecutive weeks in two widely-read Russian newspapers and, if the Court deems it

appropriate, in an English-language legal periodical. Such notice would be reasonably calculated

to give Defendant Gazpromneft notice of the suit against it and an opportunity to respond.


**V.     Conclusion**

For the reasons stated herein, Plaintiffs respectfully request that the Court grant

Plaintiffs' Motion to Serve Defendant Gazpromneft by Publication.

November 20, 2007                                    Respectfully Submitted,

                                                      /s/ O. Thomas Johnson, Jr.
                                                     O. Thomas Johnson, Jr. (DC Bar No. 218527)
                                                     Marney L. Cheek
                                                     Covington & Burling LLP
                                                     1201 Pennsylvania Avenue, N.W.
                                                     Washington, D.C. 20004
                                                     Telephone: (202) 662-6000
                                                     Facsimile: (202) 662-6291
                                                     *Counsel to Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------x
                                                    )
RICHARD V. ALLEN, *et al.*                          )
                                                    )
                        Plaintiffs,                 )      Case No: 1:05-cv-02077 (CKK)
                                                    )      Hon. Colleen Kollar-Kotelly
        v.                                          )
                                                    )
RUSSIAN FEDERATION, *et al.*                        )
                                                    )
                        Defendants.                 )
                                                    )
---------------------------------------------------------x

**PLAINTIFFS' MOTION TO SERVE DEFENDANT GAZPROMNEFT BY
PUBLICATION**

# EXHIBIT 1

# NOTICE

GAZPROMNEFT

O. Thomas Johnson, Jr., *Attorney*
Covington & Burling LLP
1201 Pennsylvania Ave., NW
Washington, DC  20004

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA CIVIL DIVISION.  RICHARD ALLEN ET AL. V. RUSSIAN FEDERATION, GAZPROMNEFT, ET AL., CIVIL ACTION NO. 05-02077 (CKK). NOTICE OF FILING OF COMPLAINT.**  An order for Service by publication was issued by Judge Colleen Kollar-Kotelly on _____.  It was ordered that notice of the above-captioned action should be published once a week for six consecutive weeks in *Rossiiskaya Gazeta, Vedomosti*, and the *Daily Washington Law Reporter*.  Notice is hereby served on Defendant Gazpromneft that on October 24, 2005, Richard Allen, et al. initiated Civil Action No. 05-02077 in the United States District Court for the District of Columbia against, *inter alia*, Gazpromneft. The complaint was amended on July 13, 2006.  Defendant Gazpromneft is hereby summoned and required to serve upon O. Thomas Johnson, Jr., Covington & Burling LLP, 1201 Pennsylvania Ave., NW, Washington, DC 20004 an Answer to the Amended Complaint within twenty days after service of the summons, exclusive of the date of service.  If Defendant Gazpromneft fails to do so, judgment by default may be taken against Defendant Gazpromneft for the relief demanded in the Amended Complaint.  The Amended Complaint was filed against Defendant Gazpromneft for conversion, conspiracy to commit conversion, fraud, conspiracy to commit fraud, aiding and abetting fraud, securities fraud, and violations of international and Russian law.