IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
-------------------------------------------------------------------- x
                                                                     )
                                                                     )
RICHARD ALLEN, et al.,                                               )
                                                                     )
                                        Plaintiffs,                  )
                                                                     )       Case No: 1:05-cv-02077-CKK
      v.                                                             )       Hon. Colleen Kollar-Kotelly
                                                                     )
                                                                     )
RUSSIAN FEDERATION, et al.                                           )
                                                                     )
                                        Defendants                   )
                                                                     )
                                                                     )
-------------------------------------------------------------------- x
```

**OAO ROSNEFTEGAZ'S OPPOSITION TO PLAINTIFFS' MOTION TO SERVE DEFENDANT GAZPROMNEFT BY PUBLICATION**

OAO Rosneftegaz files this opposition to plaintiffs' motion to serve defendant Gazpromneft by publication because the motion is improper and futile.[1]  As explained below, based on public corporate registries that are equally available to plaintiffs, Gazpromneft was liquidated during 2005, and ceased to exist in September 2005—before this lawsuit was filed.  Publishing notice of this lawsuit to serve a nonexistent defendant is not only pointless, but would needlessly delay the entry of a final judgment and the final resolution of this case to the detriment of the foreign sovereigns and individuals that this Court has already properly found should not have been sued in an American court.

---

[1] Rosneftegaz maintains its defenses of sovereign immunity under the Foreign Sovereign Immunities Act and personal jurisdiction.  *See* Joint Mot. to Dismiss of Defendants OAO Rosneftegaz, *et al*.

According to the publicly available website of the Russian tax authority, (i) Gazpromneft's name was changed to Invest Union on December 31, 2004, and (ii) Invest Union was deleted from the corporate registry on September 5, 2005, because it had been liquidated. *See* Ex. A (English translation of Russian language entry for Gazpromneft produced by a search for "Газпромнефть" on the Russian tax authority website, http://www.valaam-info.ru/fns/).[2]

When plaintiffs conferred with opposing counsel prior to filing their motion to serve Gazpromneft by publication, plaintiffs' counsel represented that their process server in Russia had experienced difficulty locating Gazpromneft, but declined to explain why the process server had such difficulty and also declined defendants' suggestion that a conference call be arranged with the process server to discuss the matter. During this call, counsel asked if plaintiffs had checked whether Gazpromneft even continued to exist, and plaintiffs stated that they did not know whether Gazpromneft had been liquidated. After plaintiffs filed their motion, defendants went to the publicly available website of the Russian tax authority—which maintains corporate registries—to investigate Gazpromneft's status. That registry shows that Gazpromneft has been liquidated, as described above. This information, we note, was equally available to plaintiffs and their assertedly "experienced" process server.[3] *See* Mot. at 2 (describing plaintiffs' process server as "specializing in international litigation" to "serv[e] process

---

[2] To obtain the Gazpromneft entry on this search page, one can enter Gazpromneft's Primary State Registration Number, 1047855126670, in the last entry blank.

[3] We have shared this public information with plaintiffs, but plaintiffs have indicated they are proceeding with their motion to serve Gazpromneft by publication.

abroad, including in Russia" and as having undertaken "additional, extensive, yet unsuccessful, efforts to locate a current address for, or additional information about, Gazpromneft").[4]

Rule 17(b) of the Federal Rules of Civil Procedure provides that a corporation's capacity to be sued depends upon the law of the state of incorporation. FED. R. CIV. P. 17(b); *Sedgwick v. Beasley*, 173 F.2d 918, 919-20 (D.C. Cir. 1949) (holding that because law of state of incorporation did not preserve right to bring suit against corporation after dissolution, there was no authority for suit); WRIGHT, MILLER & KANE, FED. PRAC. & PROC. CIV.2D § 1563 (1990). Thus, whether a company can be sued after dissolution is governed by the law of the state of incorporation. *Sedgwick*, 173 F.2d at 919-20; *In re Morris*, 171 B.R. 999, 1005 (S.D. Ill. 1993); *see also Melrose Distillers, Inc., CVA v. United States*, 359 U.S. 271, 272-73 (1959) (applying the law of the states of incorporation to determine whether suit could be maintained after corporations were dissolved). Because Gazpromneft was incorporated under the laws of the Russian Federation, plaintiffs' ability to maintain suit against Gazpromneft after its dissolution is governed by Russian law.

Attached as Exhibit B are the relevant excerpts (translated by the published works of Professor W. Butler) from the Russian Civil Code. Article 49.3 provides that "[t]he legal capacity of a juridical person [defined in art. 49.1 to include commercial

---

[4] We note that plaintiffs' process server submitted a return of service against BaikalFinansGroup based on a "care of" delivery pursuant to the procedures of the Foreign Sovereign Immunities Act, even though those procedures are inapplicable to entities that are not majority-owned direct subsidiaries of the Russian Federation. *Cf.* Op. at 21 (holding Rosneft is not an agency or instrumentality because it is not a majority-owned direct subsidiary of the Russian Federation).

organizations] shall arise at the moment of its creation . . . and shall terminate at the moment of the completion of its liquidation." Ex. B (Russian Civil Code art. 49.3). The Code further elaborates that "[t]he liquidation of a juridical person shall entail the termination thereof without the transfer of rights and duties by way of legal succession to other persons." *Id.* at art. 61.1. While the Civil Code provides a process for liquidation and a priority system for satisfying the demands of creditors, *see id.* arts. 60-64, that process clearly demonstrates that any alleged claim plaintiffs may have had against Gazpromneft should have been presented in Russia prior to its liquidation—not in a U.S. court unfamiliar with Russian corporate liquidation procedures after the company's liquidation. As the Court properly recognized in dismissing this suit as to the other defendants, this case is not based upon any activities with a direct effect in the United States, but on "the sovereign acts of the Russian Federation within the territory of the Russian Federation." Op. at 33.

Perhaps equally as important, publication notice makes no sense where, as here, there is no director, officer, or liquidator of the company to see it. Thus, the entire act of publication notice as a matter of common sense is futile when dealing with a company that has been defunct for more than two years.

At the very least, the proponents of serving an entity by publication should establish that the service is proper and not futile. Given the corporate dissolution of Gazpromneft, and plaintiffs' failure to establish that the service in these circumstances would be both proper and not futile, defendant Rosneftegaz respectfully submits that plaintiffs' motion to serve Gazpromneft by publication should be denied. Under these circumstances, the Court has the power to dismiss plaintiffs' claims against this dissolved

entity for Gazpromneft's lack of capacity.  *See, e.g., Showers v. Cassiar Asbestos Corp., Ltd.*, 574 F.Supp. 322, 323-24 (E.D. Pa. 1983) (dismissing claims against corporate defendant that lacked capacity under law of state of incorporation); *see also Sedgwick*, 173 F.2d at 919-20 (holding there was no authority for suit given corporation's lack of capacity after dissolution).

## CONCLUSION

The Court should deny plaintiffs' motion to serve Gazpromneft by publication.

Dated:  December 3, 2007                                          Respectfully submitted,

/s/
Adam P. Strochak, Esq.
D.C. Bar No. 439308
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

Richard W. Slack
(*pro hac vice*)
Meredith B. Parenti
Deborah A. Maher
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

**ATTORNEYS FOR OAO ROSNEFTEGAZ**

## CERTIFICATE OF SERVICE

    I certify that on December 3, 2007, this opposition was filed electronically with the clerk of the court, and that, in the same manner, an electronic copy was served on all counsel of record.

/s/_____
Adam P. Strochak